COPY

1   DOUGLAS A. WICKHAM, Bar No. 127268
    dwickham@littler.com
2   ANTHONY G. LY, Bar No. 228883
    aly@littler.com
3   MICHELLE M. HOLMES, Bar No. 251386
    mmholmes@littler.com
4   LITTLER MENDELSON, P.C.
    2049 Century Park East
5   5th Floor
    Los Angeles, CA  90067.3107
6   Telephone:  310.553.0308
    Facsimile:  310.553.5583
7
    NANCY E. PRITIKIN, Bar No. 102392
8   npritikin@littler.com
    Littler Mendelson, P.C.
9   650 California Street
    20th Floor
10  San Francisco, California  94108.2693
    Telephone:  415.433.1940
11  Facsimile:  415.399.8490

12

13  Attorneys for Defendants
    COMPASS GROUP USA, INC., BON APPETIT
14  MANAGEMENT CO., BON APPETIT
    MANAGEMENT COMPANY FOUNDATION

15

16              UNITED STATES DISTRICT COURT

17             CENTRAL DISTRICT OF CALIFORNIA

18  Gerardo Mojica, on behalf of himself    Case No. SACV13-1754-JLS (JPRx)
    and all others similarly situated
19                                          **DEFENDANTS' NOTICE TO**
                  Plaintiffs,               **FEDERAL COURT OF REMOVAL**
20                                          **OF CIVIL ACTION FROM STATE**
    v.                                      **COURT PURSUANT TO 28 U.S.C. §§**
21                                          **1331, 1332, 1441, AND 1446**
    Compass Group USA, Inc., a Delaware
22  Corporation; Bon Appetit Management     Complaint Filed:  October 19, 2010
    Co., a California Corporation; Bon
23  Appetit Management Company              First Amended Complaint Filed:
    Foundation, a California Corporation;   December 8, 2010
24  and DOES 1 through 100, inclusive,

25                Defendants.

26

27

28

.ER MENDELSON, P.C.
⁴49 Century Park East
5th Floor
∧ngeles, CA 90067.3107
310.553.0308

FILED
CLERK, U.S. DISTRICT COURT

NOV - 5 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

TO THE CLERK OF THE COURT OF THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Compass Group USA, Inc. ("Compass"), Bon Appetit Management Co. ("BAMCO"), and Bon Appetit Management Company Foundation (hereinafter collectively referred to as "Defendants") hereby remove the above-captioned action to the United States District Court for the Central District of California, based on the following facts:

# I.
# JURISDICTION

1.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. sections 1441(b) and 1446.  This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. §§ 1331 and 1132 based upon the existence of a federal question and diversity of citizenship.

2.     As set forth below, this case meets all of section 1331's requirements for removal.  In addition, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States District Courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d).

3.     This removal is timely and this case is properly removed by the filing of this Notice.

# II.
# VENUE

4.     The action was filed and is pending in Orange County Superior Court. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 84(a), 1391(a), and 1441(a). Plaintiff Gerardo Mojica ("Plaintiff") is a resident of California.  (Declaration of Anthony Ly

ER MENDELSON, P.C.
49 Century Park East
5th Floor
ngeles, CA 90067.3107
310.553.0308

1   In Support Of Notice To Federal Court Of Removal Of Civil Action From State Court

2   Pursuant To 28 U.S.C. §§ 1331, 1332, 1441, and 1446 filed herewith ("Ly Decl."), ¶¶

3   4-5, Exhibit ("Exh"), B.)  Also, Plaintiff alleges that the liability giving rise to his

4   claims against Defendants arose in the County of Orange and at least some, if not all,

5   of the transactions that are the subject matter of the Complaint occurred in this same

6   county. *See* First Amended Complaint at ¶4, 28 U.S.C. §1391(a).

7
## III.
## PROCEDURAL HISTORY
8
9          5.      On October 18, 2010, Plaintiff filed a Complaint in the Superior Court of

10  California, County of Orange.  The Complaint alleges six causes of action for: (1)

11  Failure to Pay Hourly Wages and Overtime Wages; (2) Failure to Provide Rest

12  Periods and Meal Periods or Compensation in Lieu Thereof; (3) Failure to Timely Pay

13  Wages; (4) Knowing and Intentional Failure to Comply With Itemized Employee

14  Wage Statement Provisions; (5) Illegal Uniform Polices and Failure to Reimburse for

15  Work Expenses; and (6) Violations of the Unfair Competition Law.  A true and

16  correct copy of the Complaint is attached to this Notice of Removal as Exhibit A.

17         6.      On December 8, 2010, Plaintiff filed a First Amended Complaint in the

18  Superior Court of California, County of Orange.  The Complaint alleges seven causes

19  of action for: (1) Failure to Pay Hourly Wages and Overtime Wages; (2) Failure to

20  Provide Rest Periods and Meal Periods or Compensation in Lieu Thereof; (3) Failure

21  to Timely Pay Wages; (4) Knowing and Intentional Failure to Comply With Itemized

22  Employee Wage Statement Provisions; (5) Illegal Uniform Polices and Failure to

23  Reimburse for Work Expenses; (6) Violations of the Unfair Competition Law; and (7)

24  Private Attorneys General Act of 2004 Labor Code § 2698, *et. seq*.  A true and correct

25  copy of the First Amended Complaint is attached to this Notice of Removal as Exhibit

26  B.

27         7.      Defendants were first served with copies of the Summons, Complaint and

28  First Amended Complaint on December 17, 2010.  Copies of the Summons served on

1    Defendants are attached as Exhibit C to this Notice of Removal.

2    8.    On December 7, 2010, the instant case was reassigned to the Honorable

3    Kim Dunning of Department CX104 of the Complex Civil Panel in Orange County

4    Superior Court. A true and correct copy of the Notice of Case Designation and

5    Reassignment is attached as Exhibit D.

6    9.    On December 29, 2010, the court entered a Minute Order setting the

7    initial Status Conference. A true and correct copy of the December 29, 2010 Minute

8    Order is attached as Exhibit E.

9    10.    On January 14, 2011, Defendants filed an Answer to Plaintiff's

10    Complaint, generally denying Plaintiff's allegations and asserting affirmative

11    defenses. True and correct copies of Defendants' Answers are attached collectively as

12    Exhibit F.

13    11.    On January 21, 2011, Defendants filed an Answer to Plaintiff's First

14    Amended Complaint, generally denying Plaintiff's allegations and asserting

15    affirmative defenses. True and correct copies of Defendants' Answers to Plaintiff's

16    First Amended Complaint are attached collectively as Exhibit G.

17    12.    On February 25, 2011, the parties filed a joint initial Case Management

18    Statement. A true and correct copy of the parties' joint Case Management Statement

19    is attached as Exhibit H.

20    13.    On August 17, 2011, the parties filed a Stipulated Protective Order. A

21    true and correct copy of the parties' August 17, 2011 Stipulated Protective Order is

22    attached as Exhibit I.

23    14.    On September 14, 2011, the parties attended at Status Conference and the

24    Court scheduled a further Status Conference for January 18, 2012. A true and correct

25    of the September 14, 2011 Notice of Further Status Conference is attached as Exhibit

26    J.

27    15.    On September 14, 2011, Defendants filed a Notice of Further Status

28    Conference. A true and correct copy of the September 14, 2011 Notice of Further

Status Conference is attached as Exhibit K.

16.     On January 13, 2012, the parties filed a joint stipulation and request to continue the January 18, 2012 Status Conference, which the Court granted.  A true and correct copy of the January 13, 2012 joint stipulation is attached as Exhibit L.

17.     On March 22, 2012, the parties filed a joint stipulation and request to continue the April 27, 2012 Status Conference, which the Court granted.  A true and correct copy of the March 22, 2012 joint stipulation is attached as Exhibit M.

18.     On May 29, 2012, the parties filed a joint stipulation and request to continue the June 6, 2012 Status Conference, which the Court granted.  A true and correct copy of the May 29, 2012 joint stipulation is attached as Exhibit N.

19.     On June 5, 2012, the parties filed a joint stipulation and request to continue the August 1, 2012 Status Conference, which the Court granted.  A true and correct copy of the June 5, 2012 joint stipulation is attached as Exhibit O.

## THE INITIAL REMOVAL OF ACTION AND REMAND

20.     On July 31, 2012, Defendants removed this action to this Court pursuant to CAFA.  Defendants contended that removal was proper because 28 U.S.C. § 1446(b)(3) permits removal within 30 days of service of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  In support of removal, Defendants submitted two email correspondences they received from mediator Mark Rudy.  The first email correspondence stated that Plaintiff's counsel had no interest in engaging in further settlement discussions unless Defendants were prepared to resolve the case for an amount in the "high seven figures."  A second email correspondence stated that Plaintiff "would be willing to consider a mediator's proposal somewhere in the very high seven figures," and that Plaintiff "is looking to settle Bamco at around the $6 million level."  The emails reflected Plaintiff's settlement demand of more than 5 million dollars throughout the mediation process.  A true and correct copy of Defendants' removal to federal court filed on July 31, 2012 is attached as Exhibit P.

.ER MENDELSON, P.C.
149 Century Park East
9th Floor
angeles, CA 90067 3107
310.553.0308

21. On September 27, 2012, this Court issued an order remanding the action back to state court. This Court held that in determining the amount in controversy, it may "rely on the face of initial pleading and on documents exchanged in the case by the parties," and that the above emails "are insufficient to establish the amount in controversy because they were not exchanged between the parties." (Ly Decl., ¶ 6, Exh. C. [Order Granting Plaintiff's Motion to Remand, p. 6-7.]) Additionally, this Court held that "Defendants have provided the Court with hearsay statements by a non-party relating what appear to be oral statements" and that there was "no evidence or context to demonstrate that the stated potential settlement amounts are a 'reasonable estimate' or are tethered at all to the actual value of the case." (*Id.* at p. 8.)

22. On January 11, 2013, the parties filed a joint stipulation and request to continue the January 16, 2012 Status Conference, which the Court granted. A true and correct copy of the June 11, 2013 joint stipulation is attached as Exhibit Q.

23. On March 4, 2013, the parties filed a joint stipulation to transfer the case from the Orange County Superior Court to the San Bernardino Superior Court pursuant to sections 398 and 399 of the California Code of Civil Procedure. A true and correct copy of the March 4, 2013 joint stipulation is attached as Exhibit R.

24. On March 7, 2013, the Orange County Superior Court issued a Minute Order requesting the parties to re-submit the joint stipulation to include a statutory basis for the transfer. A true and correct copy of the March 7, 2013 Minutes is attached as Exhibit S.

25. On March 22, 2013, the parties filed a joint stipulation to transfer the case from the Orange County Superior Court to the San Bernardino Superior Court pursuant to sections 398 and 399 of the California Code of Civil Procedure. A true and correct copy of the March 22, 2013 joint stipulation is attached as Exhibit T.

26. On April 2, 2013, the Orange County Superior Court issued a Minute Order requesting the parties to advise as to why San Bernardino is a proper venue. A

.ER MENDELSON, P.C.
349 Century Park East
5th Floor
Angeles, CA 90067.3107
310.553.0308

true and correct copy of the April 2, 2013 Minutes is attached as Exhibit U.

27.    On April 8, 2013, the parties filed a joint status conference statement.  A true and correct copy of the April 8, 2013 joint status conference statement is attached as Exhibit V.

28.    On June 11, 2013, the parties filed a joint stipulation to dismiss the action without prejudice.  A true and correct copy of the June 11, 2013 joint stipulation is attached as Exhibit W.

29.    On July 1, 2013, the parties filed a joint stipulation and request to continue the July 10, 2013 status conference.  A true and correct copy of the July 1, 2013 joint stipulation is attached as Exhibit X.

30.    On July 2, 2013, the Orange County Superior Court issued a Minute Order requesting the parties to attend the July 10, 2013 status conference in person.  A true and correct copy of the July 2, 2013 Minutes is attached as Exhibit Y.

31.    On July 10, 2013, the Orange County Superior Court issued a Minute Order denying the parties stipulation to dismiss the action with prejudice.  A true and correct copy of the July 10, 2013 Minutes is attached as Exhibit Z.

32.    Plaintiff has not amended his Complaint to name Doe defendants 1 through 100, nor has he filed or served any documents identifying the Doe defendants or giving notice that the Doe defendants have been served.

33.    Since the Doe defendants have not yet been served, they are not required to join or consent to Defendants' Notice of Removal.  *Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1426, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join the Notice of Removal).

34.    All named Defendants consent to this removal.

35.    To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in Orange County Superior Court.

36.    A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Orange, and served upon all parties, as

.ER MENDELSON, P.C.
.49 Century Park East
5th Floor
ngeles, CA  90067.3107
310.553.0308

1  required by 28 U.S.C. § 1446(d).

## IV.

## DIVERSITY JURISDICTION PURSUANT TO CAFA

37.    CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).

38.    This Court has jurisdiction over this case under CAFA, and this case may be removed pursuant to 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not states, state officials or other governmental entities; (3) there is diversity between at least one class member and the named Defendants; and (4) the total amount in controversy for all class members exceeds $5 million.[1]

## A.    The Putative Class Contains More Than 100 Members.

39.    CAFA does not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. section 1441(d)(5)(B).  This requirement is easily met in the case at bar.

40.    Plaintiff seeks to represent a class consisting that includes all current and former persons employed in California by Defendants as non-exempt food service employees employed by Defendants in California during the alleged class period.  Complaint at ¶¶ 27 – 30.

---

[1] This is not an action over which the Court should decline jurisdiction under 28 U.S.C. § 1332 (d)(4).  Among other things, at least two other class actions have been filed against Defendant Compass Group USA, Inc. and/or its related entities during the three-year period prior to filing the Complaint in this case which assert the same or similar claims and factual allegations. *See* Ly Decl., ¶ 9.  Moreover, one of the two principal defendants in this case (Defendant Compass Group USA) is not a citizen of California.  Therefore, this is not a case where the court is required to decline to exercise jurisdiction under CAFA. *See* 28 U.S.C. § 1332 (d)(4).

.ER MENDELSON, P.C.
49 Century Park East
5th Floor
ngeles, CA 90067.3107
310.553.0308

41.     Defendants Compass Group USA, Inc. and Bon Appetit Management Company employ more than 100 non-exempt food service employees in California, who potentially fall within one or more Plaintiff's putative classes or subclasses.  As of July 30, 2012, Defendant Compass Group USA Inc. already employed approximately 20,000 non-exempt food service employees, and Defendant Bon Appetit Management Company already employed approximately 10,000 non-exempt food service employees in California, who potentially fall within one or more Plaintiff's putative classes or subclasses.  Declaration of Christine Soberon, ¶¶ 5 – 6.

42.     Plaintiff also admits that there are at least 100 people total in the alleged class and sub-classes.  (Ly Decl., ¶ 5, Exh. B).

**B.     None Of The Defendants Are Governmental Entities.**

43.     CAFA also does not apply to class actions where the "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."  28 U.S.C. section 1332(d)(5)(B).

44.     Defendant Compass Group USA, Inc. is a licensed Delaware Corporation.  *See* Declaration of Lori Morrow ("Morrow Decl."), ¶ 6.  It is not a state, state official or other government entity exempt from the CAFA.  *Id.* at ¶ 5.

45.     Defendants Bon Appetit Management Co. and Bon Appetit Management Company Foundation are not state, state officials or other government entities exempt from the CAFA.  *Id.* at ¶ 5.

**C.     There Is Diversity of Citizenship Between Plaintiff and One of the Primary Defendants.**

46.     Under 28 U.S.C. section 1332(d)(5), diversity is shown for purposes of a removal where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

47.     At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a resident of the State of California.  *See* Ly Decl., ¶¶ 4-5, Exh. B; *see also* Complaint at ¶ 9. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations

.ER MENDELSON, P.C.
.49 Century Park East
5th Floor
ngeles, CA 90067.3107
310.553.0308

1   of residency in a state court Complaint can create a rebuttable presumption of

2   domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co.*

3   *v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court

4   Complaint of residency "created a presumption of continuing residence in [state] and

5   put the burden of coming forward with contrary evidence on the party seeking to

6   prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22

7   (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

8       48.    Conversely, primary Defendant, Compass Group USA, Inc. is <u>not</u> a

9   citizen of California.  For diversity purposes, a corporation "shall be deemed a citizen

10  of any State by which it has been incorporated and of the State where it has its

11  principal place of business." 28 U.S.C. § 1332(c)(1).

12      49.    Defendant Compass Group USA, Inc. is incorporated in the State of

13  Delaware.  Morrow Decl. at ¶ 6.

14      50.    Defendant Compass Group USA, Inc.'s principal place of business is

15  located in Charlotte, North Carolina.  Morrow Decl. at ¶ 7.

16      51.    Defendant Compass Group USA, Inc. maintains its corporate

17  headquarters in Charlotte, North Carolina.  Morrow Decl. at ¶ 8.  Key executives of

18  Defendant are domiciled near the Company's Charlotte, North Carolina headquarters.

19  *Id*.  The Company's strategies and operational goals and initiatives are developed and

20  adopted in the Company's Charlotte, North Carolina headquarters. *Id*.  Charlotte,

21  North Carolina is also where the Company's centralized administrative functions and

22  operations are based. *Id*.  Charlotte, North Carolina is the actual center of direction,

23  control and coordination for Defendant's operations. *Id*.  Under the applicable

24  standard, Defendant's principal place of business is indisputably located in the State

25  of North Carolina.

26      52.    Defendants Does 1 through 100 are fictitious.  The Complaint does not

27  set forth the identity or status of any said fictitious defendants, nor does it set forth any

28  charging allegation against any fictitious defendants.  Pursuant to Section 1441(a), the

ER MENDELSON, P.C.
49 Century Park East
5th Floor
ngeles, CA 90067.3107
310.553 0308

10.

1    citizenship of defendants sued under fictitious names must be disregarded for the

2    purposes of determining diversity jurisdiction and cannot destroy the diversity of

3    citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d

4    686, 690-91 (9th Cir. 1998).

5         53.    Accordingly, the named Plaintiff is a citizen of a State different from one

6    of the two primary defendants, which is sufficient for the court to exercise jurisdiction

7    under CAFA. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

8    **D.**    **The Total Amount In Controversy Exceeds $5,000,000.00 Applicable**

9         **Standard.**

10         54.    This Court has jurisdiction under the CAFA, which authorizes the removal

11    of class action in which, in addition to the other factors mentioned above, the amount

12    in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

13         55.    Defendants deny the validity and merits of Plaintiff's claims, the legal

14    theories upon which they are purportedly based, the claims for monetary and other

15    relief that flow from them, and the allegations regarding the appropriateness of class

16    action status. While an analysis of the merits and defenses to the claims asserted by a

17    plaintiff in his complaint is technically irrelevant to a determination of the amount in

18    controversy, the unfair charges that Defendants are now forced to defend themselves

19    against illustrate that the case before the Court represents precisely the sort of abuse of

20    the class action mechanism that CAFA was enacted to address.

21         56.    Congress enacted CAFA based on its findings that "[o]ver the past decade,

22    there have been abuses of the class action device that have ... harmed ... defendants

23    that have acted responsibly... [and] undermined public respect for our judicial

24    system." Class Action Fairness Act of 2005, S.5, 109d Cong., 1st Sess. (2005). Senate

25    Bill S.5 also finds that, "Abuses in class actions undermine the national judicial

26    system, the free flow of interstate commerce, and the concept of diversity jurisdiction

27    as intended by the framers of the United States Constitution, in that State and local

28    courts are – (A) keeping cases of national importance out of Federal court; (B)

.ER MENDELSON, P.C.
.49 Century Park East
5th Floor
.ngeles, CA 90067.3107
310.553.0308

11.

sometimes acting in ways that demonstrate bias against out-of-State defendants; and (C) making judgments and impose their view of the law on other States and bind the rights of the residents of those States." *Id.*

57.   The policy concerns that compelled Congress to enact CAFA resound in this case.  This case is a textbook abuse of the class action mechanism.  Utilizing a pleading strategy that has become distressingly common in California, Plaintiff's counsel has combined California's heavy-handed labor code penalty provisions with the class action mechanism to create a perfect storm of baseless litigation.

58.   This litigation threatens to deal Defendants a crushing economic blow. Defendants have implemented lawful employment practices which have been fairly administered. This case threatens a "responsible" defendant in a manner that impacts inter-state commerce and violates Defendants' due process rights.  The CAFA was enacted to give defendants a federal forum to combat these sorts of abuses.

59.   As stated previously, Defendants deny that they have implemented unlawful policies and practices.  However, for purposes of removal only, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties, it is readily apparent that the aggregated claims of the putative class establish an amount "in controversy" well in excess of the jurisdictional minimum of $5,000,000.

60.   Plaintiff's Complaint and First Amended Complaint do not make any factual allegations regarding the anticipated size of the putative class, nor does he commit to an estimated amount in controversy for each class member. *See* Exhibits A and B.   Nor does Plaintiff allege that he is seeking less than $5 million in damages/restitution, nor does he voluntarily limit his recovery to an amount less than $5 million. *Id.*

61.   Defendants can establish the amount in controversy by the allegations in the Complaint or by setting forth facts in the Notice of Removal that demonstrate that the amount in controversy exceeds the jurisdictional minimum.   *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Rippee v. Boston Mkt.*

.ER MENDELSON, P.C.
49 Century Park East
5th Floor
.ngeles, CA 90067.3107
310.553.0308

12.

1   *Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("[T]he requirement under CAFA

2   that the amount in controversy exceed $ 5,000,000 in the aggregate may be

3   established either from the viewpoint of the plaintiff or the viewpoint of the

4   defendant.").

5       62.  Where grounds for removal do not appear on the face of the initial

6   pleading, a defendant can look to "an amended pleading, motion, order or other paper

7   from which it may first be ascertained that the case is one which is or has become

8   removable." 28 U.S.C. § 1446(b)(3); *see also Lovern v. General Motors Corp.* 121 F.

9   3d 160, 161 (4th Cir. 1997) (courts may look to "documents exchanged in the case by

10  the parties to determine when the defendant had notice of the grounds for removal.").

11  **E.    The Amount In Controversy Exceeds The Jurisdictional Minimum Under
       CAFA.**

12

13      63.  In this case, Defendant Compass Group USA, Inc. served Requests for

14  Admissions, set one, to Plaintiff on September 26, 2013.  *See* Ly Decl., ¶ 2, Exh. A.

15  Plaintiff served responses to Defendant Compass group USA, Inc.'s Requests for

16  Admissions, set one, via email on October 25, 2013.  Ly Decl., ¶ 4, Exh. B.

17      64.  In response to Defendant Compass Group's Request for Admissions, set

18  one, Plaintiff admitted that the aggregate amount in controversy in this action is over

19  $5 million, and that the total damages Plaintiff seeks exceeds $5 million.  *See* Ly

20  Decl., ¶¶ 4-5, Exh. B (Responses 1, 3).  Thus, it is clear that the amount in controversy

21  in this case exceeds the $5 million jurisdictional threshold.

22                          **TIMELINESS OF REMOVAL**

23      65.    This Notice of Removal is timely.   Under 28 U.S.C. § 1446(b), the

24  notice of removal of a civil action must be filed within 30 days after service of the

25  summons and complaint.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526

26  U.S. 344, 354 (1999) (the 30 day removal period runs from the service of the

27  summons and complaint; receipt of summons and complaint is insufficient to trigger

28  removal period).

.ER MENDELSON, P.C.
49 Century Park East
5th Floor
ngeles, CA 90067-3107
310.553.0308

66. Plaintiff's Complaint and First Amended Complaint do not make any factual allegations regarding the anticipated size of the putative class, nor does he commit to an estimated amount in controversy for each class member. *See* Exhibits A and B.

67. Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

68. Generally, a case may not be removed on the basis of diversity jurisdiction more than one year after the commencement of the action. 28 U.S.C. §1446(c). However, CAFA eliminates the one-year time limit and allows removal under CAFA more than one year after the commencement of the action. 28 U.S.C. § 1453 (b); *see also Amoche v. Guar. Trust Life Ins. Co.*, 556 F. 3d 41, 53 (1st Dist. 2009) (class actions under CAFA are exempt from the removal statute's one-year time limit).

69. After the Court on September 27, 2012, deemed that Defendants had not received "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," Defendants did not receive an "other paper" illustrating the amount of controversy until Defense counsel received Plaintiff's responses to Defendant Compass Group USA, Inc.'s Requests for Admissions via email on October 25, 2013. *See* Ly Decl., ¶ 7. Plaintiff's responses stated his counsel's belief that the amount of damages in this case exceeds $5 million. *See* Ly Decl., ¶¶ 4-5, Exh. B.

70. As such, because this matter is being removed within 30 days of receipt of the October 25, 2013 email message received from Plaintiff's counsel attaching Plaintiff's responses to Requests for Admission, this Notice of Removal is timely as a matter of law. *See* 28 U.S.C. § 1446(b)(3).

.ER MENDELSON, P.C.
49 Century Park East
5th Floor
ngeles, CA 90067.3107
310.553.0308

## NOTICE TO PLAINTIFF AND STATE COURT

71.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record, James Hawkins and Alvin Lindsay of James Hawkins APLC and a copy of the Notice of Removal will be filed with the Clerk of the Orange County Superior Court.

Dated:   November 5, 2013

DOUGLAS A. WICKHAM
ANTHONY G. LY
LITTLER MENDELSON, P.C.
Attorneys for Defendants

Firmwide:123870697.3 024778.1351

LER MENDELSON, P.C.
49 Century Park East
5th Floor
Angeles, CA 90067.3107
310.553.0308

# EXHIBIT A

1   James R. Hawkins, Esq. SBN 192925
    james@jameshawkinsaplc.com
2   Gregory E. Mauro, Esq. SBN 222239
    greg@jameshawkinsaplc.com
3   Alvin B. Lindsay, Esq. SBN220236
    al@jameshawkinsaplc.com
4   JAMES HAWKINS, APLC
    9880 Research Drive, Suite 200
5   Irvine, CA 92618
    TEL:  (949) 387-7200
6   FAX:  (949) 387-6676

7   Attorneys for Gerardo Mojica, on behalf of
8   himself and all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/18/2010** at 08:48:46 AM

Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

9

10              SUPERIOR COURT OF CALIFORNIA

11                COUNTY OF ORANGE

12   GERARDO MOJICA, on behalf of
    himself and all others similarly situated
13

14        Plaintiffs,

15

16   vs.

17   COMPASS GROUP USA, INC., a Delaware
    Corporation; BON APPETIT MANAGEMENT
18   CO., a California Corporation; BON APPETIT
    MANAGEMENT COMPANY
19   FOUNDATION, a California Corporation and
20   DOES 1 through 100, inclusive,

21        Defendants.

22

23

Judge Thierry Patrick Colaw

Case No.   30-2010-00417438-CU-OE-CXC

**CLASS ACTION COMPLAINT**

1) Failure to pay Hourly Wages and Overtime Wages
2) Failure to Provide Rest Periods and Meal Periods or Compensation in Lieu Thereof
3) Failure to Timely Pay Wages
4) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions
5) Illegal Uniform Policies and Failure to Reimburse for Work Expenses
6) Violations of the Unfair Competition Law

**JURY TRIAL DEMANDED**

24

25      Plaintiff, GERARDO MOJICA, on behalf of himself and all others similarly situated,

26   complains of Defendants, and each of them, and for causes of action alleges:

27

28

-1-

**CLASS ACTION COMPLAINT**

# I.

## INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf of Plaintiff and all employees, including but not limited to all employees not classified as "Exempt" or primarily employed in executive, professional, or administrative capacities ("Non-Exempt Employees") employed by, or formerly employed by, COMPASS GROUP USA, INC., a Delaware Corporation; BON APPETIT MANAGEMENT, CO., a California Corporation; and BON APPETIT MANAGEMENT COMPANY FOUNDATION, a California Corporation (hereinafter collectively "Compass Group" or "Defendants") at Compass Group's food service locations in Orange County and throughout the State of California (hereinafter the "Compass Group Facilities").

2. During the liability period, as defined as the applicable statute of limitations for each and every cause of action contained herein, i.e. Plaintiff's claims under the Unfair Competition Law is four (4) years; Plaintiff's claims for either unpaid wages or actual damages is three (3) years; and Plaintiff's claims for statutory penalties is one (1) year from the filing of this action and through to the present (hereinafter "the liability period"), Defendants consistently maintained and enforced against Compass Group Non-Exempt Employees the following unlawful practices and policies, among others, in violation of California state wage and hour laws:  (a) failing to accurately pay all employees earned wages for hours worked, including  premium wages; (b) failing to provide meal and/or rest periods; and (c) requiring employees to incur the cost and expense of purchasing and maintaining uniforms which are of a distinct design or color and required by Defendants as a condition of employment and to purchase tools and equipment necessary for performing their jobs.

3. From at least October 18, 2006 and continuing to the present, Defendants have had a consistent policy of failing to provide Compass Group Non-Exempt Employees at the Compass Group Facilities in Orange County and throughout the State of California, including Plaintiff, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof and of failing to pay such employees one (1) hour of pay at the employees regular rate of

- 2 -

CLASS ACTION COMPLAINT

1  compensation for each workday that the rest period is not provided, as required by California

2  state wage and hour laws.

3     4.   From at least October 18, 2006 and continuing to the present (hereinafter referred

4  to as the "rest and meal period liability period"), Defendants have had a consistent policy of

5  requiring Compass Group Non-Exempt Employees at the Compass Group Facilities in Orange

6  County and throughout the State of California, including Plaintiff, to work at least five (5) hours

7  without a meal period or to work ten (10) hours without a second meal period and of failing to

8  pay such employees one (1) hour of pay at the employee's regular rate of compensation for each

9  workday that such meal periods were not provided, as required by California state wage and hour

10  laws. Defendants have also had a consistent policy of: (a) failing to pay wages, including

11  overtime wages to Compass Group Non-Exempt Employees at the Compass Group Facilities

12  within the State of California, including Plaintiff, in violation of California state wage and hour

13  laws; (b) requiring employees to work off the clock for hours earned in a workweek and

14  workday; and (c) failing to provide accurate itemized records reflecting those hours worked.

15     5.   Throughout the liability periods, Defendants had and continue to have a

16  consistent policy of requiring its Non-Exempt Employees, including Plaintiff and members of

17  the Plaintiff Class, to pay for all or part of their own uniforms and clothing required as a

18  condition of employment, to maintain their uniforms and clothing including maintenance beyond

19  normal washing, or to pay for the costs of these uniforms and clothing via deductions from

20  wages owed to employees. Non-Exempt Employees, including Plaintiff and members of the

21  Plaintiff Class, were required and continue to be required by Defendants to purchase and

22  maintain, at their own expense, uniforms or clothing and tools or equipment, including but not

23  limited to distinctive clothing and accessories which would not normally be worn by such

24  employees (for example special chef's jackets and pants) and tools which were necessary for the

25  performance of such employees' jobs (for example thermometers, spatulas and knives).

26     6.   Such actions and policies, as described above, were and continue to be in

27  violation of the California Labor Code (hereinafter "Labor Code"). Therefore, Plaintiff, on

28  behalf of himself and all Class Members, brings this action pursuant to the Labor Code,

- 3 -

CLASS ACTION COMPLAINT

1   including sections 201, 202, 203, 218.6, 226, 226.7, 510, 512, 1194, 1194.5, 2802, applicable

2   IWC California Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq.*,

3   seeking unpaid wages and rest and meal period compensation, reimbursements owed, injunctive

4   and other equitable relief, penalties and reasonable attorneys' fees and costs.

5          7.      Plaintiff, on behalf of himself and all Class Members, pursuant to Business and

6   Professions Code sections 17200-17208, also seeks injunctive relief, restitution, and

7   disgorgement of all benefits Defendants received from their failure to indemnify and pay to

8   Plaintiff and the Compass Group Non-Exempt Employees wages earned and rest and meal

9   period compensation.

10                                          II.

11                                      **PARTIES**

12         8.      Venue as to each Defendant is proper in this judicial district pursuant to Code of

13   Civil Procedure section 395. Defendants operate and maintain food service locations in Orange

14   County and throughout the State of California, and each is within the jurisdiction of this Court

15   for service of process purposes. Compass Group has done and is doing business in the City of

16   Costa Mesa, Orange County by maintaining and operating a food service location there, and also

17   conducts business throughout the remainder of Orange County and the State of California. The

18   unlawful acts alleged herein have a direct effect on Plaintiff, and those similarly situated non-

19   exempt employees within Orange County and throughout the State of California, Defendants

20   employ or have employed numerous Class Members in Orange County and throughout

21   California.

22      A.    **Plaintiff**

23         9.      Plaintiff GERARDO MOJICA is a resident of Orange County, California. During

24   the relevant times addressed herein, Plaintiff has been employed by Defendants as a non-exempt

25   baker and food service employee of Compass Group in a Compass Group Facility located at the

26   Costa Mesa, California, and was employed by Compass Group since at least approximately July

27   of 2008 through July of 2010 in a non-exempt capacity during the liability periods.

28         10.  As a Compass Group employee, Plaintiff, and the Class he seeks to represent, were

- 4 -

CLASS ACTION COMPLAINT

regularly required to:

    (a)  work "off the clock" for hours earned in a workweek and workday, including a requirement that the employees clock out for meal periods never provided or taken;

    (b)  work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensation for overtime for premiums at the appropriate rate of time and one-half (1 1/2) or twice his regular rate of compensation;

    (c)  work without being permitted or authorized a minimum ten minute rest period for every four hours or major fraction thereof worked and without being compensated one (1) hour of pay at his regular rate of compensation for each workday that a rest period was not provided, all in violation of California labor laws, regulations, and the applicable Industrial Welfare Commission ("IWC") Wage Orders;

    (d)  work in excess of five (5) hours per day without being provided a meal period, work in excess of ten (10) hours per day without being provided a second meal period, take interrupted meal periods, and remain on the premises during their meal period while not being compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was interrupted and/or not provided, all in violation of California labor laws, regulations, and the applicable IWC Wage Orders; and

    (e)  maintain required uniforms, which are of a distinct design or color and required by Defendants as a condition of employment, or purchase tools and equipment necessary for the performance of their jobs, without receiving reimbursements or allowances.

11.    On information and belief, Defendants willfully failed to pay all earned wages in a timely manner to its non-exempt employees and members of the Plaintiff Class. Defendants have also failed to timely pay to Plaintiff or members of the Class, upon or after termination of their employment with Defendants, all compensation due, including but not limited to, for wages earned and for having failed to properly provide rest and meal periods.

**B.**    **Defendants**

12.    Upon information and belief, Defendant COMPASS GROUP USA, INC., a Delaware corporation in good standing and authorized to do business in California, is a managed

- 5 -

CLASS ACTION COMPLAINT

1  foodservices company operating in Orange County and throughout the State of California, and
2  also does business in California as COMPASS GROUP  FOODSERVICE.  Upon information
3  and belief, Defendants BON APPETIT MANAGEMENT CO., a California corporation in good
4  standing and authorized to do business within the State of California, and BON APPETIT
5  MANAGEMENT COMPANY FOUNDATION,  a California corporation in good standing and
6  authorized to do business within the State of California, are subsidiaries of Defendant
7  COMPASS GROUP USA, INC. and conduct business in Orange County and throughout the
8  State of California by operating and maintaining the Compass Group Facilities located
9  throughout California.

10      13.    The true names and capacities of Defendants, whether individual, corporate,
11  associate, or otherwise, sued herein as DOES 1 through 100, inclusive, are currently unknown to
12  Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure
13  section 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the
14  Defendants designated herein as a DOE is legally responsible in some manner for the unlawful
15  acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the
16  true names and capacities of the Defendants designated hereinafter as DOES when such
17  identities become known.

18      14.    Plaintiff is informed and believes, and based thereon alleges, that Defendants acted
19  in all respects pertinent to this action as the agent of the other Defendants, carried out a joint
20  scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant
21  are legally attributable to the other Defendants.

22                          **III.**
23                  **FACTUAL BACKGROUND**

24      15.    Defendants operate and, at all times during the liability period, have conducted
25  business in the city of Santa Ana, located in Orange County, and elsewhere within Orange
26  County and throughout California.  Defendant COMPASS GROUP USA, INC. is a foodservices
27  company that, through its subsidiaries, operates and provides managed foodservice, on-site
28  restaurant services and catering services, and related support activities, to such entities as

- 6 -

CLASS ACTION COMPLAINT

corporate clients, educational and health care facilities, and sports and entertainment venues in Orange County and throughout the State of California. Upon information and belief, through its subsidiary companies BON APPETIT MANAGEMENT CO. and BON APPETIT MANAGEMENT COMPANY FOUNDATION., Compass Group provides foodservices and related support on behalf of its customers throughout Orange County and the State of California.

16.    Plaintiff and Compass Group Non-Exempt Employees work(ed) in non-exempt, non-managerial positions and similar and incidental positions related to the operation of the Compass Group Facilities and the provision of foodservices and related support at the Compass Group Facilities in Orange County and throughout the State of California.

17.    Plaintiff and Compass Group's Non-Exempt Employees were not provided rest periods for work periods of four (4) hours or major fractions thereof, were not indemnified for necessary equipment, namely the purchase and maintenance of required uniforms, tools and equipment, were not provided with meal periods for work days in excess of five (5) and/or ten (10) hours, and were not compensated a one hour wage in lieu thereof in violation of Labor Code sections 201, 202, 203, 218.6, 226, 226.7, 512, 1194, and 2802, and applicable Industrial Welfare Commission Wage Orders.

18.    Plaintiff is informed and believes, and based thereon alleges, Defendants currently employ and during the relevant period have employed hundreds of employees at the Compass Group Facilities in Orange County and throughout the State of California in non-exempt positions in connection with providing foodservices and related support on behalf of Compass Group's customers.

19.    Plaintiff and Compass Group's Non-Exempt Employees are, and at all times pertinent hereto have been, non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

20.    During the liability period, Plaintiff and members of the Plaintiff Class were employed by Defendants in Orange County and throughout the State of California as Compass Group Non-Exempt Employees and were paid on an hourly basis.

21.    Plaintiff and Class Members were regularly required to work in excess of five (5)

- 7 -

CLASS ACTION COMPLAINT

and/or ten (10) hours per day, without being provided meal periods as mandated under the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders.  Plaintiff and members of the Plaintiff Class of Compass Group's Non-Exempt Employees were not provided lawful meal and rest periods and were not provided with one hour wages in lieu thereof in one or more of the following manners:

(a)   employees were required to work through their daily meal period(s), take less than a thirty (30) minute uninterrupted meal period, or work an unlawful "on-duty meal period;"

(b)   employees were effectively unable to leave their work premises for meals due to the time constraints and work production requirements placed upon them by the Compass Group; and

(c)   employees were severely restricted in their ability to take a meal period.

22.   During the rest and meal period liability period, Plaintiff and the members of the Plaintiff Class of Compass Group Non-Exempt Employees were regularly required to work in excess of four (4) hours without being provided a rest period.  Defendants neither permitted nor authorized Plaintiff and Class Members to take lawful meal and rest periods.  Plaintiff and Class Members did not waive meal and rest periods during the liability period.  Defendants did not fully compensate Plaintiff and Compass Group Non-Exempt Employees for hourly wages during the liability period, and did not compensate Compass Group Non-Exempt Employees for Defendants' failure to provide rest periods and meal periods during the rest and meal period liability period.

23.   On information and belief, Defendants knew and or should have known that it is improper to deduct from employee wages, not indemnify employees for all necessary expenditures and losses, or commit the following unlawful acts:

(a)   requiring employees to work four (4) hours or a major fraction thereof without being provided a minimum ten-minute rest period without compensating the employees with one (1) hour of pay at the employees' regular rate of compensation for each workday that a rest period was not provided;

- 8 -

CLASS ACTION COMPLAINT

1       (b)   requiring employees to work in excess of five (5) hours and ten (10) hours per day

2  without being provided a meal period and/or a second meal period without compensating

3  employees with one (1) hour of pay at the regular rate of compensation for each workday that

4  such a meal period was not provided;

5       (c)  requiring Non-Exempt Employees to work through rest and meal periods without

6  proper legal compensation or requiring employees to clock out for meal periods that were not

7  provided or taken;

8       (d)  requiring Non-Exempt Employees to work more than eight hours in one day or

9  more than forty (40) hours per week without compensation for overtime at premiums of one and

10  one half times (1 ½) an employee's regular rate of compensation; and

11      (e)  failing to provide and maintain Non-Exempt Employees' uniforms, which are of a

12  distinct design or color and required by Defendants as a condition of employment, and tools and

13  equipment necessary for performing their jobs, and also failing to pay a weekly maintenance

14  allowances for the same.

15      24.   In addition to the violations above, Defendants' requirement that Compass Group

16  Non-Exempt Employees, including Plaintiff, work through meal and rest periods without being

17  paid legal compensation based upon Defendants' failure to provide rest or meal periods, all

18  during the liability periods, was willful and deliberate and Defendants have failed to cease their

19  unlawful policies and practices addressed herein after receiving notice of their employees'

20  complaints regarding the same.

21      25.   Defendants willfully failed to pay on time to Plaintiff and other Class Members the

22  legal wages they earned, failed to provide rest and meal periods during which Compass Group

23  Non-Exempt Employees were required to work, and willfully failed to pay one hour wages in

24  lieu of each such rest and meal period when each such employee quit or was discharged.

25  Defendants have made it difficult to account with precision for the unlawfully withheld wages

26  and deductions due to be paid to Compass Group Non-Exempt Employees, including Plaintiff,

27  during the liability period because they did not implement and preserve a lawful record-keeping

28  method to record all non-provided rest and meal periods owed to employees, as required for non-

- 9 -

CLASS ACTION COMPLAINT

exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders. Plaintiff and Class Members are therefore entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(e).

26. Plaintiff and the Class he seeks to represent are covered by applicable California Industrial Welfare Commission Occupational Wage Orders, including Industrial Welfare Commission Order No. 5-2001 ("Wage order #5"), and corresponding applicable provisions of California Code of Regulations, Title 8, section 11000 *et. seq.*, including section 11050.

## IV.
## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to represent a Class composed of persons satisfying the following definition:

> All persons who are employed or have been employed by Compass Group within the State of California who, within the liability period of the filing of this Complaint, worked as non-exempt food service employees or in any other similar position that did not consist of over 50% administrative, executive, or professional duties and were not paid all lawful wages, including, but not limited to, all regular time and/or overtime.

28. Plaintiff also seeks to represent a Subclass composed of persons satisfying the following definition:

> All persons who are employed or have been employed by Compass Group within the State of California who, within the liability period of the filing of this Complaint, worked as non-exempt food service employees or in any other similar position that did not consist of over 50% administrative, executive, or professional duties and have had wages deducted unlawfully.

29. Plaintiff also seeks to represent a Subclass composed of and defined as follows:

> All persons who are employed or have been employed by Compass Group within the State of California who, within the liability period of the filing of this Complaint, worked as food service employees or in any other similar position that did not consist of over 50% administrative, executive, or professional duties and

- 10 -

CLASS ACTION COMPLAINT

were not indemnified for necessary expenditures (e.g., uniforms, tools, and equipment).

30.   Plaintiff also seeks to represent a Subclass composed of persons satisfying the following definition:

> All persons who are employed or have been employed by Compass Group within the State of California who, within the liability period of the filing of this Complaint, worked as non-exempt food service employees or in any other similar position that did not consist of over 50% administrative, executive, or professional duties and:
>     (a)  have not been provided a rest period for every four hours or major fraction thereof worked per day and were not provided compensation in lieu thereof;
>     (b) have not been provided a meal period or a second meal period for each day in which such non-exempt food service employees worked in excess of five and/or ten hours and were not provided compensation of one hour pay for each day in which such meal period was not provided in lieu thereof.

31.   Plaintiff reserves the right, under Rule 3.765 of the California Rules of Court, to amend or modify the class description to provide greater specificity or to further divide the Class Members into subclasses or limit the subclasses to particular issues.

32.   This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.   **Numerosity**

33.   The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, hundreds of employees at the Compass Group Facilities in the State of California in positions as Compass Group Non-Exempt Employees during the liability period and who are or have been affected by Defendants' unlawful practices as alleged herein.

34.   Accounting for employee turnover during the relevant periods necessarily increases this number substantially.   Plaintiff alleges Defendants' employment records would provide

- 11 -

CLASS ACTION COMPLAINT

1  information as to the number and location of all Class Members.  Joinder of all members of the

2  proposed Class is not practicable.

3    **B.**    **Commonality**

4        35.    There are questions of law and fact common to the Class predominating over any

5  questions affecting only individual Class Members.  These common questions of law and fact

6  include, without limitation:

7        i.        Whether Defendants violated Labor Code sections 226.7, 512, Wage Order #5,

8              or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et.*

9              *seq.* by failing to provide daily rest periods to Compass Group Non-Exempt Employees

10             at Compass Group Facilities in the State of California for every four (4) hours or major

11             fraction thereof worked and by failing to compensate said employees one (1) hours wages

12             in lieu of such rest periods;

13       ii.       Whether Defendants violated Labor Code sections 226, 226.7, 512 and IWC

14             Wage Order #5 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8,

15             section 11000 *e. seq.* by failing to provide a meal period and/or a second meal period to

16             Compass Group Non-Exempt Employees at Compass Group Facilities in the State of

17             California on days they worked work periods in excess of five (5) hours and/or ten (10)

18             hours and by failing to compensate said employees one hour of wages in lieu of such

19             meal periods;

20       iii.    .    Whether Defendants violated sections 226 of the Labor Code and applicable IWC

21             Wage Orders by failing to, among other violations, maintain accurate records of Class

22             Members' earned wages, work periods, meal periods and deductions;

23       iv.       Whether Defendants violated sections 201-203 of the Labor Code by failing to

24             pay all earned wages and/or premium wages or reimbursements due and owing at the

25             time that any Class Member's employment with Defendants terminated;

26       v.        Whether Defendants violated Labor Code sections 221 and 2802, and IWC Wage

27             Order 5-2001 and/or other applicable IWC Wage Order by failing to indemnify

28             employees against expenditures (e.g., requiring as a condition of employment that Class

- 12 -

CLASS ACTION COMPLAINT

1   Members maintain uniforms and/or other tools and equipment required by Defendants)

2   incurred by them in direct consequence of the discharge of their duties;

3  vi.   Whether Defendants violated section 17200 *et seq.* of the Business and

4  Professions Code by failing to reimburse employees for failing to provide rest and/or

5  meal periods without compensating Compass Group Non-Exempt Employees at Compass

6  Group Facilities in the State of California one (1) hour pay for every day such periods

7  were not provided; failing to pay wages and compensation for denied rest and/or meal

8  period compensation due and owing at the time a Class Member's employment with

9  Defendants terminated; and failing to keep accurate records;

10  vii.   Whether Defendants violated section 17200 *et. seq.* of the Business and

11  Professions Code, Labor Code sections 201, 202, 203, 218.6, 226, 226.7, 512, 1194,

12  1194.5 and IWC Wage Order #5, and other applicable IWC Wage Orders, which

13  violation constitutes a violation of fundamental public policy; and

14  viii.  Whether Plaintiff and the Members of the Plaintiff Class are entitled

15  to equitable or other relief pursuant to Business and Professions Code section 17200, *et*

16  *seq.*

17  **C.**  **Typicality**

18  36.  The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff

19   and all members of the Class sustained injuries and damages arising out of and caused by

20   Defendants' common course of conduct in violation of California laws, regulations, and statutes

21   as alleged herein.

22  **D.**  **Adequacy of Representation**

23  37.  Plaintiff will fairly and adequately represent and protect the interests of the

24   members of the Class. Counsel who represents Plaintiff is competent and experienced in

25   litigating large employment class actions.

26  **E.**  **Superiority of Class Action**

27  38.  A class action is superior to other available means for the fair and efficient

28   adjudication of this controversy. Individual joinder of all Class Members is not practicable, and

- 13 -

CLASS ACTION COMPLAINT

1  questions of law and fact common to the Class predominate over any questions affecting only
2  individual members of the Class. Each member of the Class has been damaged and is entitled to
3  recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class
4  Members for all wages earned and engaging in the unlawful practices herein complained of, and
5  of denying Class Members rest and meal periods without legal compensation.

6      39.    Class action treatment will allow those similarly situated persons to litigate their
7  claims in the manner that is most efficient and economical for the parties and the judicial system.
8  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this
9  action that would preclude its maintenance as a class action.

## V.

## CAUSES OF ACTION

### First Cause of Action

### *Failure to Pay Hourly and Overtime Wages*

### Labor Code § 510

### (Against All Defendants)

16     40.    Plaintiff incorporates paragraphs 1 through 39 as though fully set forth herein.
17  During the hourly and overtime liability period, Defendants have had a consistent policy of
18  failing to pay overtime at their employees' regular rate of pay to Non-Exempt Employees at the
19  Compass Group Facilities throughout the State of California, in violation of California state
20  wage and hour laws, by failing to properly compensate for overtime worked and requiring
21  employees, including Plaintiff, to, among other Labor Code violations, work "off the clock" in a
22  workweek without legal compensation, and by failing to maintain and provide itemized records
23  reflecting those hours worked.

24     41.    During the hourly and overtime liability period, Defendants have had a consistent
25  policy of requiring Non-Exempt Employees to work up to 40 hours in a workweek and/or in
26  excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without
27  compensating such employee at the rate of time and one-half (1 1/2) of such employee's regular
28  rate of pay.

- 14 -

CLASS ACTION COMPLAINT

42.     On information and belief, during the hourly and overtime liability period, Defendants have had a consistent policy of causing or requiring employees to clock out or of illegally deducting thirty minutes of hours worked for "on duty" meal periods and/or missed meal periods.

43.     Defendants have willfully violated the provisions of the Labor Code, including but not limited to sections 558, 1194, 1194.5, and the applicable IWC Wage Orders and California law.

44.     As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 558, 1194 and 1199.

**Second Cause of Action**

*Failure to Provide Rest Periods and/or Meal Periods*

*or Compensation in Lieu Thereof*

Labor Code §§ 226.7 and 512, IWC Wage Order #5

(Against All Defendants)

45.     Plaintiff incorporates paragraphs 1 through 44 as though fully set forth herein.

46.     By their failure to provide rest periods for every four hours or major fraction thereof worked per day by Plaintiff and the Class Members, and by failing to provide compensation for such non-provided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7 and 512 and IWC Wage Order #5.

47.     Plaintiff and the Class Members he seeks to represent did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through rest and meal periods and/or were prevented from taking a full thirty minute meal period and/or were required to remain on Defendants' premises and/or were not given a second meal period for any excess of ten (10) hours worked. Defendants created a working environment in which Compass Group Non-Exempt Employees were incapable of taking rest and/or meal periods due to work

- 15 -

CLASS ACTION COMPLAINT

related demands placed upon them by Defendants and/or were, upon information and belief and based thereon, intimidated or coerced into waiving their rest and meal periods.  As such, Compass Group Non-Exempt Employees were intimidated or coerced into waiving certain rest periods and meal periods.

48.    During the meal and rest period liability period, Defendants did not permit or authorize Plaintiff and Class Members to take certain required rest periods and meal periods.

49.    By their failure to provide meal periods for days on which Plaintiff and Non-Exempt Employees work(ed) work periods in excess of five (5) hours and/or ten (10) hours, and their failure to provide compensation for such non-provided meal periods, Defendants willfully violated the provisions of Labor Code section 512 and applicable IWC Wage Order #5.

50.    By failing to record and maintain adequate and accurate time records according to California law, including sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiff and members of the Plaintiff Class.

51.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 203, 226, 226.7, 1194, and IWC Wage Order #5.

**Third Cause of Action**

*Failure to Timely Pay Wages Due At Termination*

Labor Code §§ 201, 202, and 203

(Against All Defendants)

52.    Plaintiff incorporates paragraphs 1 through 51 as though fully set forth herein.

53.    Sections 201 and 202 of the California Labor Code require Defendants to pay employees all wages due within 72 hours of discharge or termination of employment.  Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages

- 16 -

CLASS ACTION COMPLAINT

1   are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

2          54.     Plaintiff and the Class he seeks to represent are entitled to compensation for all

3   forms of wages earned, including, but not limited to, compensation for non-provided rest periods

4   and non-provided meal periods, but to date have not received such compensation therefor, thus

5   requiring Defendants to pay penalties under Labor Code section 203.

6          55.     More than 30 days have passed since Plaintiff and other affected Class Members

7   have left Defendants' employ, and on information and belief, they have not received payment

8   pursuant to Labor Code section 203.

9          56.     As a consequence of Defendants' willful conduct of not paying all earned wages,

10  Plaintiff and certain Class Members are entitled to 30 days' wages as a penalty under Labor

11  Code section 203 for Defendants' failure to pay legal wages.

12         57.     Plaintiff and certain Class Members are also entitled to an additional 30 days'

13  wages as a penalty under Labor Code section 203 for Defendants' willful failure to pay one

14  hour's wage in lieu thereof for rest and meal period violations and failure to pay all wages owed,

15  together with interest thereon and attorneys' fees and costs.

16

17                              **Fourth Cause of Action**

18       *Knowing and Intentional Failure to Comply With Itemized Employee*

19                        *Wage Statement Provisions*

20            Labor Code §§ 226, 1174, 1175 and IWC Wage Order #5

21                        (Against All Defendants)

22         58.     Plaintiff incorporates paragraphs 1 through 57 as though fully set forth herein.

23         59.     Section 226(a) of the California Labor Code requires Defendants to itemize in

24  wage statements all deductions from payment of wages and to accurately report total hours

25  worked by Plaintiff and the members of the proposed Class.  Defendants have knowingly and

26  intentionally failed to comply with Labor Code section 226(a) on wage statements which should

27  have been properly provided to Plaintiff and members of the proposed class.

28         60.     Section 1174 of the California Labor Code requires Defendants to maintain and

- 17 -

CLASS ACTION COMPLAINT

1  preserve, in a centralized location, among other items, records showing the names and addresses

2  of all employees employed and payroll records showing the hours worked daily by, and the

3  wages paid to, its employees. On information and belief and based thereon, Defendants have

4  knowingly and intentionally failed to comply with Labor Code section 1174. Defendants' failure

5  to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

6       61.    IWC Wage Orders, including IWC Wage Order #5, require Defendants to

7  maintain time records showing, among other items, when the employee begins and ends each

8  work period and meal period and total daily hours worked, in an itemized wage statement.

9  Defendants must show all deductions and reimbursements from payment of wages, and must

10  accurately report total hours worked by Plaintiff and the members of the proposed class.

11  Defendants have failed to record all or some of the items delineated in applicable Industrial

12  Wage Orders, including IWC Wage Order #5, and Labor Code sections 226 and 1174.

13       62.    Pursuant to Labor Code section 226, Plaintiff and Class Members are each

14  entitled up to a maximum of $4,000.00 for Defendants' record keeping violations.

15

16  **Fifth Cause of Action**

17  ***Illegal Uniform Policies and Failure to Reimburse for Work Expenses***

18  Labor Code §§ 450, 2802, 2804, 218.5, 218.6 and IWC Wage Order #5

19  (Against All Defendants)

20       63.    Plaintiff incorporates paragraphs 1 through 62 as though fully set forth herein.

21       64.    Section 450(a) of the Labor Code states: "No employer, or agent or officer

22  thereof, or other person, may compel or coerce any employee, or applicant for employment, to

23  patronize his or her employer, or any other person, in the purchase of any thing of value."

24       65.    Section 2802(a) of the Labor Code requires: "an employer shall indemnify his or

25  her employee for all necessary expenditures or losses incurred by the employee in direct

26  consequence of the discharge of his or her duties, or of his or her obedience to the directions of

27  the employer."

28       66.    Section 9(B) of the IWC Wage Orders, including IWC Wage Order #5, states:

- 18 -

CLASS ACTION COMPLAINT

1    "When tools or equipment are required by the employer or are necessary to the performance of a
2    job, such tools and equipment shall be provided and maintained by the employer, . . ."

3        67.    Plaintiff and the Members of the Class he seeks to represent were required by
4    Defendants policies or omissions to personally incur necessary expenditures in direct
5    consequence of the discharge of their duties, including but not limited to the purchase tools and
6    equipment necessary for performing their foodservice duties.

7        68.    Defendants are legally required to provide to employees and maintain tools and
8    equipment as required by Defendants or which are necessary to the performance of their jobs or
9    to reimburse Compass Group Non-Exempt employees for all necessary expenditures at a
10   reasonable rate.  Defendants failed to provide and maintain required tools and equipment as set
11   forth above and to fully and reasonably reimburse the Class Members for all their necessary
12   work related expenditures at a reasonable rate, including but not limited to the aforementioned
13   expenditures.

14       69.    Section 9(A) of the IWC Wage Orders, including IWC Wage Order #5, also
15   states: "When uniforms are required by the employer to be worn by the employee as a condition
16   of employment, such uniforms shall be provided and maintained by the employer. The term
17   "uniform" includes wearing apparel and accessories of distinctive design or color."

18       70.    Plaintiff and the Members of the Class he seeks to represent were also required to
19   purchase uniforms from Defendants or third parties and to wear such uniforms while working for
20   Defendants.  Such uniforms are not generally usable in foodservice occupation related positions.
21   Plaintiff and the Members of the Plaintiff Class were not reimbursed for the uniforms they were
22   required to purchase and maintain at their own expense.

23       71.    Plaintiff and the Members of the Class he seeks to represent have been damaged
24   as a proximate result of Defendants' aforementioned violations of Labor Code sections, and are
25   entitled to damages and restitution in an amount according to proof at the time of trial.  Plaintiff
26   and the remaining Class Members are also entitled to seek recovery of pre-judgment interest on
27   all amounts recovered herein, and to reasonable attorneys' fees and costs incurred by them in this
28   action, in accordance with Sections 218.5 and 218.6 of the Labor Code.

- 19 -

CLASS ACTION COMPLAINT

72.     Pursuant to Section 2802(b) and 2802(c) of the Labor Code, Plaintiff, on behalf of himself and he remaining Class Members, also further requests that the Court award interest at the same rate as judgments in civil actions, accruing from the date on which each Class Member incurred the necessary expenditures addressed in the preceding paragraphs, and that the Court award reasonable attorneys' fees and costs incurred by them in this action.

**Sixth Cause of Action**

*Violation of Unfair Competition Law*

Business and Professions Code section 17200, *et seq.*

(Against All Defendants)

73.     Plaintiff incorporates paragraphs 1 through 72 as though fully set forth herein.

74.     By their policies of:

    i.  requiring work "off the clock," for example by not paying employees for all of their time worked in performing their assigned and required tasks;

    ii.  requiring work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without paying compensation at the rate of time and one-half (1 1/2) of an employee's regular rate of pay;

    iii. illegally deducting thirty minutes of pay for either working an "on duty" meal period and/or missing a meal period;

    iv. requiring employees to work without being provided a minimum ten (10) minute rest period for every four hours or major fraction thereof worked and not compensating employees with one (1) hour of pay at an employee's regular rate of compensation for each workday the employee was not provided a rest period;

    v.  requiring employees to work in excess of five hours and/or ten hours per day without being provided a meal period and/or a second meal period and/or requiring employees to remain on Defendants' premises during their meal period and failing to compensate employees for one (1) hour of pay at the regular rate (or minimum wage) of compensation for each workday that a meal period was not provided, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders;

    vi. requiring employees to wear a uniform required by Defendants as a

- 20 -

CLASS ACTION COMPLAINT

condition of employment, including but not limited to, a distinctive color and/or style, that was not maintained by Defendants or requiring special tools and equipment for performance of employees' jobs without purchasing and maintaining such tools and equipment or reimbursing employees for the expenses they incurred in connection with purchasing and maintaining such tools and equipment; and

vii. failing to pay all wages due and owing to employees upon their separation or termination from Defendants' employ,

Defendants engaged in unlawful activity prohibited by Business and Professions Code section 17200 *et seq.*

75.     The actions of Defendants, as alleged within this Complaint, constitute false, unlawful, unfair, fraudulent and deceptive business practices within the meaning of Business and Professions Code section 17200 *et seq.*

76.     Plaintiff and Compass Group's Class of Non-Exempt Employees are entitled to equitable relief against such unlawful practices in order to prevent future damages to members of the Class, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

77.     As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits and unlawful profits at the expense of Plaintiff and the Class he seeks to represent. Defendants should be enjoined from such activity and made to restore to Plaintiff and the members of the Plaintiff Class their wrongfully withheld wages pursuant to Business and Professions Code section 17203. Plaintiff is informed and believes, and thereon alleges, that Defendants have been unjustly enriched by requiring employees to assume Defendants' expenditures and losses, by failing to pay legal wages and/or other compensation for working through meal periods, and by failing to pay compensation for non-provided rest periods to Plaintiff and members of the Plaintiff Class. Plaintiff and members of the Plaintiff Class are prejudiced by Defendants' unfair trade practices.

78.     As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff, individually and on behalf of all Class Members similarly situated, is entitled to restitution of all wages which have been unlawfully withheld from Plaintiff and members of the Plaintiff Class as a result of Defendants' unlawful business acts and practices

- 21 -

CLASS ACTION COMPLAINT

described herein and to an injunction causing Defendants to cease and desist from engaging in the unlawful and unfair business practices described herein.

79. The unlawful conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future. If Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to unlawfully deduct from Non-Exempt Employees' wages, will continue to require employees to work during meal periods, will continue to fail to provide rest periods or provide appropriate compensation in lieu thereof, and will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment withholdings.

80. Plaintiff, on behalf of himself and the Class he seeks to represent, further requests that the court issue a preliminary and permanent injunction prohibiting Defendants from continuing to enforce the policies and conduct the activities complained of herein and/or which may later be discovered in the course of litigation and from Defendants' continuing failure to provide rest periods and meal periods or provide appropriate compensation in lieu thereof.

## VI.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court determine this action may be maintained as a class action;

2. For compensatory damages in an amount according to proof with interest thereon;

3. For economic and/or special damages in an amount according to proof with interest thereon;

4. That Defendants be found to have engaged in unfair competition in violation of section 17200 *et seq.* of the California Business and Professions Code;

5. That Defendants be ordered to make restitution to the Class due to their unfair competition pursuant to California Business and Professions Code sections 17203 and 17204;

6. That Defendants be enjoined to cease and desist from committing further acts of unfair competition under section 17200 *et seq.* of the California Business and

- 22 -

CLASS ACTION COMPLAINT

Professions Code and from continuing the unlawful course of conduct alleged herein;

7.   For premium pay and penalties pursuant to Labor Code section 203;

8.   For premium wages pursuant to Labor Code sections 226 and 226.7;

9.   For reimbursement of expenses incurred in the purchase and maintenance of uniforms, tools and equipment for which Class Members were not indemnified by Defendants pursuant to Labor Code sections 450 and 2802;

10.  For attorneys' fees, interests and costs of suit under Labor Code sections 1194, 218.5, and 2802; and

11.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

1.   Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated:   October 18, 2010          JAMES HAWKINS, APLC

                                   James R. Hawkins, Esq.
                                   Gregory E. Mauro, Esq.
                                   Alvin B. Lindsay, Esq.

- 23 -

CLASS ACTION COMPLAINT

# EXHIBIT B

1  James R. Hawkins, Esq. SBN 192925
   james@jameshawkinsaplc.com
2  Gregory E. Mauro, Esq. SBN 222239
   greg@jameshawkinsaplc.com
3  Alvin B. Lindsay, Esq. SBN220236
   al@jameshawkinsaplc.com
4  JAMES HAWKINS, APLC
   9880 Research Drive, Suite 200
5  Irvine, CA 92618
   TEL:   (949) 387-7200
6  FAX:   (949) 387-6676

7  Attorneys for Gerardo Mojica, on behalf of
   himself and all others similarly situated

8

9

10              SUPERIOR COURT OF CALIFORNIA

11                    COUNTY OF ORANGE

12  GERARDO MOJICA, on behalf of       Case No.  30-2010-00417438-CU-OE-CXC
    himself and all others similarly situated
13
                                       **FIRST AMENDED CLASS ACTION**
14      Plaintiffs,                     **COMPLAINT**

15
                                       1)  Failure to pay Hourly Wages and
16  vs.                                    Overtime Wages
                                       2)  Failure to Provide Rest Periods and
17  COMPASS GROUP USA, INC., a Delaware     Meal Periods or Compensation in Lieu
    Corporation; BON APPETIT MANAGEMENT,    Thereof
18  CO., a California Corporation; BON APPETIT 3) Failure to Timely Pay Wages
    MANAGEMENT COMPANY               4)  Knowing and Intentional Failure to
19  FOUNDATION, a California Corporation and    Comply With Itemized Employee Wage
    DOES 1 through 100, inclusive,          Statement Provisions
20                                     5)  Illegal Uniform Policies and Failure to
21      Defendants.                         Reimburse for Work Expenses
                                       6)  Violations of the Unfair Competition
22                                         Law
                                       7)  Private Attorneys General Act of 2004
23                                         Labor Code § 2698, *et. seq.*
24
25                                     **JURY TRIAL DEMANDED**
26

27

28

- 1 -

FIRST AMENDED CLASS ACTION COMPLAINT

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

12/08/2010 at 02:29:00 PM

Clerk of the Superior Court
By Enrique Veloz, Deputy Clerk

1     Plaintiff, GERARDO MOJICA, on behalf of himself and all others similarly situated,

2 complains of Defendants, and each of them, and for causes of action in this First Amended

3 Complaint alleges:

4 I.

5 **INTRODUCTION**

6     1.     This is a Class Action, pursuant to Code of Civil Procedure section 382, on behalf

7 of Plaintiff and all employees, including but not limited to all employees not classified as

8 "Exempt" or primarily employed in executive, professional, or administrative capacities ("Non-

9 Exempt Employees") employed by, or formerly employed by, COMPASS GROUP USA, INC., a

10 Delaware Corporation; BON APPETIT MANAGEMENT, CO., a California Corporation; and

11 BON APPETIT MANAGEMENT COMPANY FOUNDATION, a California Corporation

12 (hereinafter collectively "Compass Group" or "Defendants") at Compass Group's food service

13 locations in Orange County and throughout the State of California (hereinafter the "Compass

14 Group Facilities").

15     2.     During the liability period, as defined as the applicable statute of limitations for each

16 and every cause of action contained herein, i.e. Plaintiff's claims under the Unfair Competition

17 Law is four (4) years; Plaintiff's claims for either unpaid wages or actual damages is three (3)

18 years; and Plaintiff's claims for statutory penalties is one (1) year from the filing of this action

19 and through to the present (hereinafter "the liability period"), Defendants consistently maintained

20 and enforced against Compass Group Non-Exempt Employees the following unlawful practices

21 and policies, among others, in violation of California state wage and hour laws: (a) failing to

22 accurately pay all employees earned wages for hours worked, including premium wages; (b)

23 failing to provide meal and/or rest periods; and (c) requiring employees to incur the cost and

24 expense of purchasing and maintaining uniforms which are of a distinct design or color and

25 required by Defendants as a condition of employment and to purchase tools and equipment

26 necessary for performing their jobs.

27     3.     From at least October 18, 2006 and continuing to the present, Defendants have

28 had a consistent policy of failing to provide Compass Group Non-Exempt Employees at the

- 2 -

FIRST AMENDED CLASS ACTION COMPLAINT

1   Compass Group Facilities in Orange County and throughout the State of California, including

2   Plaintiff, rest periods of at least (10) minutes per four (4) hours worked or major fraction thereof

3   and of failing to pay such employees one (1) hour of pay at the employees regular rate of

4   compensation for each workday that the rest period is not provided, as required by California

5   state wage and hour laws.

6          4.      From at least October 18, 2006 and continuing to the present (hereinafter referred

7   to as the "rest and meal period liability period"), Defendants have had a consistent policy of

8   requiring Compass Group Non-Exempt Employees at the Compass Group Facilities in Orange

9   County and throughout the State of California, including Plaintiff, to work at least five (5) hours

10  without a meal period or to work ten (10) hours without a second meal period and of failing to

11  pay such employees one (1) hour of pay at the employee's regular rate of compensation for each

12  workday that such meal periods were not provided, as required by California state wage and hour

13  laws.  Defendants have also had a consistent policy of:  (a) failing to pay wages, including

14  overtime wages to Compass Group Non-Exempt Employees at the Compass Group Facilities

15  within the State of California, including Plaintiff, in violation of California state wage and hour

16  laws; (b) requiring employees to work off the clock for hours earned in a workweek and

17  workday; and (c) failing to provide accurate itemized records reflecting those hours worked.

18         5.      Throughout the liability periods, Defendants had and continue to have a

19  consistent policy of requiring its Non-Exempt Employees, including Plaintiff and members of

20  the Plaintiff Class, to pay for all or part of their own uniforms and clothing required as a

21  condition of employment, to maintain their uniforms and clothing including maintenance beyond

22  normal washing, or to pay for the costs of these uniforms and clothing via deductions from

23  wages owed to employees.  Non-Exempt Employees, including Plaintiff and members of the

24  Plaintiff Class, were required and continue to be required by Defendants to purchase and

25  maintain, at their own expense, uniforms or clothing and  tools or equipment, including but not

26  limited to distinctive clothing and accessories which would not normally be worn by such

27  employees (for example special chef's jackets and pants) and tools which were necessary for the

28  performance of such employees' jobs (for example thermometers, spatulas and knives).

- 3 -

FIRST AMENDED CLASS ACTION COMPLAINT

6.     Such actions and policies, as described above, were and continue to be in violation of the California Labor Code (hereinafter "Labor Code"). Therefore, Plaintiff, on behalf of himself and all Class Members, brings this action pursuant to the Labor Code, including sections 201, 202, 203, 218.6, 226, 226.7, 510, 512, 1194, 1194.5, 2802, applicable IWC California Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid wages and rest and meal period compensation, reimbursements owed, injunctive and other equitable relief, penalties and reasonable attorneys' fees and costs.

7.     Plaintiff, on behalf of himself and all Class Members, pursuant to Business and Professions Code sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants received from their failure to indemnify and pay to Plaintiff and the Compass Group Non-Exempt Employees wages earned and rest and meal period compensation.

## II.

## PARTIES

8.     Venue as to each Defendant is proper in this judicial district pursuant to Code of Civil Procedure section 395. Defendants operate and maintain food service locations in Orange County and throughout the State of California, and each is within the jurisdiction of this Court for service of process purposes. Compass Group has done and is doing business in the City of Costa Mesa, Orange County by maintaining and operating a food service location there, and also conducts business throughout the remainder of Orange County and the State of California. The unlawful acts alleged herein have a direct effect on Plaintiff, and those similarly situated non-exempt employees within Orange County and throughout the State of California, Defendants employ or have employed numerous Class Members in Orange County and throughout California.

A.     **Plaintiff**

9.     Plaintiff GERARDO MOJICA is a resident of Orange County, California. During the relevant times addressed herein, Plaintiff has been employed by Defendants as a non-exempt baker and food service employee of Compass Group in a Compass Group Facility located at the

- 4 -

FIRST AMENDED CLASS ACTION COMPLAINT

Costa Mesa, California, and was employed by Compass Group since at least approximately July of 2008 through July of 2010 in a non-exempt capacity during the liability periods.

10.   As a Compass Group employee, Plaintiff, and the Class he seeks to represent, were regularly required to:

(a) work "off the clock" for hours earned in a workweek and workday, including a requirement that the employees clock out for meal periods never provided or taken;

(b) work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensation for overtime for premiums at the appropriate rate of time and one-half (1 1/2) or twice his regular rate of compensation;

(c) work without being permitted or authorized a minimum ten minute rest period for every four hours or major fraction thereof worked and without being compensated one (1) hour of pay at his regular rate of compensation for each workday that a rest period was not provided, all in violation of California labor laws, regulations, and the applicable Industrial Welfare Commission ("IWC") Wage Orders;

(d) work in excess of five (5) hours per day without being provided a meal period, work in excess of ten (10) hours per day without being provided a second meal period, take interrupted meal periods, and remain on the premises during their meal period while not being compensated one (1) hour of pay at the regular rate of compensation for each workday that a meal period was interrupted and/or not provided, all in violation of California labor laws, regulations, and the applicable IWC Wage Orders; and

(e) maintain required uniforms, which are of a distinct design or color and required by Defendants as a condition of employment, or purchase tools and equipment necessary for the performance of their jobs, without receiving reimbursements or allowances.

11.   On information and belief, Defendants willfully failed to pay all earned wages in a timely manner to its non-exempt employees and members of the Plaintiff Class. Defendants have also failed to timely pay to Plaintiff or members of the Class, upon or after termination of their employment with Defendants, all compensation due, including but not limited to, for wages earned and for having failed to properly provide rest and meal periods.

- 5 -

FIRST AMENDED CLASS ACTION COMPLAINT

**B.    Defendants**

12.    Upon information and belief, Defendant COMPASS GROUP USA, INC., a Delaware corporation in good standing and authorized to do business in California, is a managed foodservices company operating in Orange County and throughout the State of California, and also does business in California as COMPASS GROUP FOODSERVICE. Upon information and belief, Defendants BON APPETIT MANAGEMENT CO., a California corporation in good standing and authorized to do business within the State of California, and BON APPETIT MANAGEMENT COMPANY FOUNDATION, a California corporation in good standing and authorized to do business within the State of California, are subsidiaries of Defendant COMPASS GROUP USA, INC. and conduct business in Orange County and throughout the State of California by operating and maintaining the Compass Group Facilities located throughout California.

13.    The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

14.    Plaintiff is informed and believes, and based thereon alleges, that Defendants acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## III.

## FACTUAL BACKGROUND

15.    Defendants operate and, at all times during the liability period, have conducted business in the city of Santa Ana, located in Orange County, and elsewhere within Orange

-6-

1  County and throughout California.  Defendant COMPASS GROUP USA, INC. is a foodservices

2  company that, through its subsidiaries, operates and provides managed foodservice, on-site

3  restaurant services and catering services, and related support activities, to such entities as

4  corporate clients, educational and health care facilities, and sports and entertainment venues in

5  Orange County and throughout the State of California.  Upon information and belief, through its

6  subsidiary companies BON APPETIT MANAGEMENT CO. and BON APPETIT

7  MANAGEMENT COMPANY FOUNDATION., Compass Group provides foodservices and

8  related support on behalf of its customers throughout Orange County and the State of California.

9       16.    Plaintiff and Compass Group Non-Exempt Employees work(ed) in non-exempt,

10  non-managerial positions and similar and incidental positions related to the operation of the

11  Compass Group Facilities and the provision of foodservices and related support at the Compass

12  Group Facilities in Orange County and throughout the State of California.

13       17.    Plaintiff and Compass Group's Non-Exempt Employees were not provided rest

14  periods for work periods of four (4) hours or major fractions thereof, were not indemnified for

15  necessary equipment, namely the purchase and maintenance of required uniforms, tools and

16  equipment, were not provided with meal periods for work days in excess of five (5) and/or ten

17  (10) hours, and were not compensated a one hour wage in lieu thereof in violation of Labor Code

18  sections 201, 202, 203, 218.6, 226, 226.7, 512, 1194, and 2802, and applicable Industrial

19  Welfare Commission Wage Orders.

20       18.    Plaintiff is informed and believes, and based thereon alleges, Defendants currently

21  employ and during the relevant period have employed hundreds of employees at the Compass

22  Group Facilities in Orange County and throughout the State of California in non-exempt

23  positions in connection with providing foodservices and related support on behalf of Compass

24  Group's customers.

25       19.    Plaintiff and Compass Group's Non-Exempt Employees are, and at all times

26  pertinent hereto have been, non-exempt employees within the meaning of the California Labor

27  Code, and the implementing rules and regulations of the IWC California Wage Orders.

28

FIRST AMENDED CLASS ACTION COMPLAINT

20.     During the liability period, Plaintiff and members of the Plaintiff Class were employed by Defendants in Orange County and throughout the State of California as Compass Group Non-Exempt Employees and were paid on an hourly basis.

21.     Plaintiff and Class Members were regularly required to work in excess of five (5) and/or ten (10) hours per day, without being provided meal periods as mandated under the California Labor Code and the implementing rules and regulations of the IWC California Wage Orders. Plaintiff and members of the Plaintiff Class of Compass Group's Non-Exempt Employees were not provided lawful meal and rest periods and were not provided with one hour wages in lieu thereof in one or more of the following manners:

(a)     employees were required to work through their daily meal period(s), take less than a thirty (30) minute uninterrupted meal period, or work an unlawful "on-duty meal period;"

(b)     employees were effectively unable to leave their work premises for meals due to the time constraints and work production requirements placed upon them by the Compass Group; and

(c)     employees were severely restricted in their ability to take a meal period.

22.     During the rest and meal period liability period, Plaintiff and the members of the Plaintiff Class of Compass Group Non-Exempt Employees were regularly required to work in excess of four (4) hours without being provided a rest period. Defendants neither permitted nor authorized Plaintiff and Class Members to take lawful meal and rest periods. Plaintiff and Class Members did not waive meal and rest periods during the liability period. Defendants did not fully compensate Plaintiff and Compass Group Non-Exempt Employees for hourly wages during the liability period, and did not compensate Compass Group Non-Exempt Employees for Defendants' failure to provide rest periods and meal periods during the rest and meal period liability period.

23.     On information and belief, Defendants knew and or should have known that it is improper to deduct from employee wages, not indemnify employees for all necessary expenditures and losses, or commit the following unlawful acts:

- 8 -

FIRST AMENDED CLASS ACTION COMPLAINT

(a)    requiring employees to work four (4) hours or a major fraction thereof without being provided a minimum ten-minute rest period without compensating the employees with one (1) hour of pay at the employees' regular rate of compensation for each workday that a rest period was not provided;

(b)    requiring employees to work in excess of five (5) hours and ten (10) hours per day without being provided a meal period and/or a second meal period without compensating employees with one (1) hour of pay at the regular rate of compensation for each workday that such a meal period was not provided;

(c)    requiring Non-Exempt Employees to work through rest and meal periods without proper legal compensation or requiring employees to clock out for meal periods that were not provided or taken;

(d)    requiring Non-Exempt Employees to work more than eight hours in one day or more than forty (40) hours per week without compensation for overtime at premiums of one and one half times (1 ½) an employee's regular rate of compensation; and

(e)    failing to provide and maintain Non-Exempt Employees' uniforms, which are of a distinct design or color and required by Defendants as a condition of employment, and tools and equipment necessary for performing their jobs, and also failing to pay a weekly maintenance allowances for the same.

24.    In addition to the violations above, Defendants' requirement that Compass Group Non-Exempt Employees, including Plaintiff, work through meal and rest periods without being paid legal compensation based upon Defendants' failure to provide rest or meal periods, all during the liability periods, was willful and deliberate and Defendants have failed to cease their unlawful policies and practices addressed herein after receiving notice of their employees' complaints regarding the same.

25.    Defendants willfully failed to pay on time to Plaintiff and other Class Members the legal wages they earned, failed to provide rest and meal periods during which Compass Group Non-Exempt Employees were required to work, and willfully failed to pay one hour wages in lieu of each such rest and meal period when each such employee quit or was discharged.

- 9 -

FIRST AMENDED CLASS ACTION COMPLAINT

1   Defendants have made it difficult to account with precision for the unlawfully withheld wages

2   and deductions due to be paid to Compass Group Non-Exempt Employees, including Plaintiff,

3   during the liability period because they did not implement and preserve a lawful record-keeping

4   method to record all non-provided rest and meal periods owed to employees, as required for non-

5   exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and

6   applicable California Wage Orders.  Plaintiff and Class Members are therefore entitled to

7   penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(e).

8        26.    Plaintiff and the Class he seeks to represent are covered by applicable California

9   Industrial Welfare Commission Occupational Wage Orders, including Industrial Welfare

10  Commission Order No. 5-2001 ("Wage order #5"), and corresponding applicable provisions of

11  California Code of Regulations, Title 8, section 11000 *et. seq.*, including section 11050.

12                                    **IV.**

13                    **CLASS ACTION ALLEGATIONS**

14       27.    Plaintiff brings this action on behalf of himself and all others similarly situated as a

15  class action pursuant to section 382 of the California Code of Civil Procedure.  Plaintiff seeks to

16  represent a Class composed of persons satisfying the following definition:

17           All persons who are employed or have been employed by Compass
             Group  within the State of California who, within the liability
18           period of the filing of this Complaint, worked as non-exempt food
             service employees or in any other similar position that did not
19           consist of over 50% administrative, executive, or professional
             duties and were not paid all lawful wages, including, but not
20           limited to, all regular time and/or overtime.

21       28.    Plaintiff also seeks to represent a Subclass composed of persons satisfying the

22  following definition:

23           All persons who are employed or have been employed by Compass
             Group within the State of California who, within the liability
24           period of the filing of this Complaint, worked as non-exempt food
             service employees or in any other similar position that did not
25           consist of over 50% administrative, executive, or professional
             duties and have had wages deducted unlawfully.
26

27

28

                                    - 10 -

                    FIRST AMENDED CLASS ACTION COMPLAINT

29.     Plaintiff also seeks to represent a Subclass composed of and defined as follows:

> All persons who are employed or have been employed by Compass Group within the State of California who, within the liability period of the filing of this Complaint, worked as food service employees or in any other similar position that did not consist of over 50% administrative, executive, or professional duties and were not indemnified for necessary expenditures (e.g., uniforms, tools, and equipment).

30.     Plaintiff also seeks to represent a Subclass composed of persons satisfying the following definition:

> All persons who are employed or have been employed by Compass Group within the State of California who, within the liability period of the filing of this Complaint, worked as non-exempt food service employees or in any other similar position that did not consist of over 50% administrative, executive, or professional duties and:
> (a) have not been provided a rest period for every four hours or major fraction thereof worked per day and were not provided compensation in lieu thereof;
> (b) have not been provided a meal period or a second meal period for each day in which such non-exempt food service employees worked in excess of five and/or ten hours and were not provided compensation of one hour pay for each day in which such meal period was not provided in lieu thereof.

31.     Plaintiff reserves the right, under Rule 3.765 of the California Rules of Court, to amend or modify the class description to provide greater specificity or to further divide the Class Members into subclasses or limit the subclasses to particular issues.

32.     This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A.      **Numerosity**

33.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, hundreds of employees at the Compass

- 11 -

FIRST AMENDED CLASS ACTION COMPLAINT

  
1   Group Facilities in the State of California in positions as Compass Group Non-Exempt

2   Employees during the liability period and who are or have been affected by Defendants'

3   unlawful practices as alleged herein.

4       34.   Accounting for employee turnover during the relevant periods necessarily increases

5   this number substantially.  Plaintiff alleges Defendants' employment records would provide

6   information as to the number and location of all Class Members.  Joinder of all members of the

7   proposed Class is not practicable.

8       B.   **Commonality**

9       35.   There are questions of law and fact common to the Class predominating over any

10  questions affecting only individual Class Members.  These common questions of law and fact

11  include, without limitation:

12      i.   Whether Defendants violated Labor Code sections 226.7, 512, Wage Order #5,

13      or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et.*

14      *seq.* by failing to provide daily rest periods to Compass Group Non-Exempt Employees

15      at Compass Group Facilities in the State of California for every four (4) hours or major

16      fraction thereof worked and by failing to compensate said employees one (1) hours wages

17      in lieu of such rest periods;

18      ii.   Whether Defendants violated Labor Code sections 226, 226.7, 512 and IWC

19      Wage Order #5 or other applicable IWC Wage Orders, and Cal. Code Regs., Title 8,

20      section 11000 *e. seq.* by failing to provide a meal period and/or a second meal period to

21      Compass Group Non-Exempt Employees at Compass Group Facilities in the State of

22      California on days they worked work periods in excess of five (5) hours and/or ten (10)

23      hours and by failing to compensate said employees one hour of wages in lieu of such

24      meal periods;

25      iii.   Whether Defendants violated sections 226 of the Labor Code and applicable IWC

26      Wage Orders by failing to, among other violations, maintain accurate records of Class

27      Members' earned wages, work periods, meal periods and deductions;

28      iv.   Whether Defendants violated sections 201-203 of the Labor Code by failing to

- 12 -

FIRST AMENDED CLASS ACTION COMPLAINT

1  pay all earned wages and/or premium wages or reimbursements due and owing at the

2  time that any Class Member's employment with Defendants terminated;

3      v.    Whether Defendants violated Labor Code sections 221 and 2802, and IWC Wage

4  Order 5-2001 and/or other applicable IWC Wage Order by failing to indemnify

5  employees against expenditures (e.g., requiring as a condition of employment that Class

6  Members maintain uniforms and/or other tools and equipment required by Defendants)

7  incurred by them in direct consequence of the discharge of their duties;

8      vi.    Whether Defendants violated section 17200 *et seq.* of the Business and

9  Professions Code by failing to reimburse employees for failing to provide rest and/or

10  meal periods without compensating Compass Group Non-Exempt Employees at Compass

11  Group Facilities in the State of California one (1) hour pay for every day such periods

12  were not provided; failing to pay wages and compensation for denied rest and/or meal

13  period compensation due and owing at the time a Class Member's employment with

14  Defendants terminated; and failing to keep accurate records;

15      vii.    Whether Defendants violated section 17200 *et. seq.* of the Business and

16  Professions Code, Labor Code sections 201, 202, 203, 218.6, 226, 226.7, 512, 1194,

17  1194.5 and IWC Wage Order #5, and other applicable IWC Wage Orders, which

18  violation constitutes a violation of fundamental public policy; and

19      viii.    Whether Plaintiff and the Members of the Plaintiff Class are entitled

20  to equitable or other relief pursuant to Business and Professions Code section 17200, *et*

21  *seq.*

22  **C.**    **Typicality**

23  36.    The claims of the named Plaintiff are typical of the claims of the Class. Plaintiff

24  and all members of the Class sustained injuries and damages arising out of and caused by

25  Defendants' common course of conduct in violation of California laws, regulations, and statutes

26  as alleged herein.

27  **D.**    **Adequacy of Representation**

28  37.    Plaintiff will fairly and adequately represent and protect the interests of the

- 13 -

FIRST AMENDED CLASS ACTION COMPLAINT

1   members of the Class. Counsel who represents Plaintiff is competent and experienced in

2   litigating large employment class actions.

3        **E.**    **Superiority of Class Action**

4        38.    A class action is superior to other available means for the fair and efficient

5   adjudication of this controversy. Individual joinder of all Class Members is not practicable, and

6   questions of law and fact common to the Class predominate over any questions affecting only

7   individual members of the Class. Each member of the Class has been damaged and is entitled to

8   recovery by reason of Defendants' unlawful policy and/or practice of failing to compensate Class

9   Members for all wages earned and engaging in the unlawful practices herein complained of, and

10  of denying Class Members rest and meal periods without legal compensation.

11       39.    Class action treatment will allow those similarly situated persons to litigate their

12  claims in the manner that is most efficient and economical for the parties and the judicial system.

13  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this

14  action that would preclude its maintenance as a class action.

15  <b><u>V.</u></b>

16  <b><u>CAUSES OF ACTION</u></b>

17  <b>First Cause of Action</b>

18  ***Failure to Pay Hourly and Overtime Wages***

19  Labor Code § 510

20  <u>(Against All Defendants)</u>

21       40.    Plaintiff incorporates paragraphs 1 through 39 as though fully set forth herein.

22  During the hourly and overtime liability period, Defendants have had a consistent policy of

23  failing to pay overtime at their employees' regular rate of pay to Non-Exempt Employees at the

24  Compass Group Facilities throughout the State of California, in violation of California state

25  wage and hour laws, by failing to properly compensate for overtime worked and requiring

26  employees, including Plaintiff, to, among other Labor Code violations, work "off the clock" in a

27  workweek without legal compensation, and by failing to maintain and provide itemized records

28  reflecting those hours worked.

- 14 -

---

FIRST AMENDED CLASS ACTION COMPLAINT

41.   During the hourly and overtime liability period, Defendants have had a consistent policy of requiring Non-Exempt Employees to work up to 40 hours in a workweek and/or in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating such employee at the rate of time and one-half (1 1/2) of such employee's regular rate of pay.

42.   On information and belief, during the hourly and overtime liability period, Defendants have had a consistent policy of causing or requiring employees to clock out or of illegally deducting thirty minutes of hours worked for "on duty" meal periods and/or missed meal periods.

43.   Defendants have willfully violated the provisions of the Labor Code, including but not limited to sections 558, 1194, 1194.5, and the applicable IWC Wage Orders and California law.

44.   As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code sections 558, 1194 and 1199.

## Second Cause of Action

### *Failure to Provide Rest Periods and/or Meal Periods*

### *or Compensation in Lieu Thereof*

Labor Code §§ 226.7 and 512, IWC Wage Order #5

<u>(Against All Defendants)</u>

45.   Plaintiff incorporates paragraphs 1 through 44 as though fully set forth herein.

46.   By their failure to provide rest periods for every four hours or major fraction thereof worked per day by Plaintiff and the Class Members, and by failing to provide compensation for such non-provided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7 and 512 and IWC Wage Order #5.

- 15 -

FIRST AMENDED CLASS ACTION COMPLAINT

47.    Plaintiff and the Class Members he seeks to represent did not voluntarily or willfully waive rest and/or meal periods and were regularly required to work through rest and meal periods and/or were prevented from taking a full thirty minute meal period and/or were required to remain on Defendants' premises and/or were not given a second meal period for any excess of ten (10) hours worked.  Defendants created a working environment in which Compass Group Non-Exempt Employees were incapable of taking rest and/or meal periods due to work related demands placed upon them by Defendants and/or were, upon information and belief and based thereon, intimidated or coerced into waiving their rest and meal periods.  As such, Compass Group Non-Exempt Employees were intimidated or coerced into waiving certain rest periods and meal periods.

48.    During the meal and rest period liability period, Defendants did not permit or authorize Plaintiff and Class Members to take certain required rest periods and meal periods.

49.    By their failure to provide meal periods for days on which Plaintiff and Non-Exempt Employees work(ed) work periods in excess of five (5) hours and/or ten (10) hours, and their failure to provide compensation for such non-provided meal periods, Defendants willfully violated the provisions of Labor Code section 512 and applicable IWC Wage Order #5.

50.    By failing to record and maintain adequate and accurate time records according to California law, including sections 226 and 1174 (d) of the Labor Code, Defendants have injured Plaintiff and Class Members and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiff and members of the Plaintiff Class.

51.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 203, 226, 226.7, 1194, and IWC Wage Order #5.

///

///

///

- 16 -

FIRST AMENDED CLASS ACTION COMPLAINT

**Third Cause of Action**

*Failure to Timely Pay Wages Due At Termination*

Labor Code §§ 201, 202, and 203

(Against All Defendants)

52.     Plaintiff incorporates paragraphs 1 through 51 as though fully set forth herein.

53.     Sections 201 and 202 of the California Labor Code require Defendants to pay employees all wages due within 72 hours of discharge or termination of employment. Section 203 of the Labor Code provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

54.     Plaintiff and the Class he seeks to represent are entitled to compensation for all forms of wages earned, including, but not limited to, compensation for non-provided rest periods and non-provided meal periods, but to date have not received such compensation therefor, thus requiring Defendants to pay penalties under Labor Code section 203.

55.     More than 30 days have passed since Plaintiff and other affected Class Members have left Defendants' employ, and on information and belief, they have not received payment pursuant to Labor Code section 203.

56.     As a consequence of Defendants' willful conduct of not paying all earned wages, Plaintiff and certain Class Members are entitled to 30 days' wages as a penalty under Labor Code section 203 for Defendants' failure to pay legal wages.

57.     Plaintiff and certain Class Members are also entitled to an additional 30 days' wages as a penalty under Labor Code section 203 for Defendants' willful failure to pay one hour's wage in lieu thereof for rest and meal period violations and failure to pay all wages owed, together with interest thereon and attorneys' fees and costs.

///

///

///

- 17 -

FIRST AMENDED CLASS ACTION COMPLAINT

**Fourth Cause of Action**

*Knowing and Intentional Failure to Comply With Itemized Employee*

*Wage Statement Provisions*

Labor Code §§ 226, 1174, 1175 and IWC Wage Order #5

(Against All Defendants)

58.     Plaintiff incorporates paragraphs 1 through 57 as though fully set forth herein.

59.     Section 226(a) of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff and the members of the proposed Class.  Defendants have knowingly and intentionally failed to comply with Labor Code section 226(a) on wage statements which should have been properly provided to Plaintiff and members of the proposed class.

60.     Section 1174 of the California Labor Code requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the hours worked daily by, and the wages paid to, its employees.  On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

61.     IWC Wage Orders, including IWC Wage Order #5, require Defendants to maintain time records showing, among other items, when the employee begins and ends each work period and meal period and total daily hours worked, in an itemized wage statement.  Defendants must show all deductions and reimbursements from payment of wages, and must accurately report total hours worked by Plaintiff and the members of the proposed class.  Defendants have failed to record all or some of the items delineated in applicable Industrial Wage Orders, including IWC Wage Order #5, and Labor Code sections 226 and 1174.

62.     Pursuant to Labor Code section 226, Plaintiff and Class Members are each entitled up to a maximum of $4,000.00 for Defendants' record keeping violations.

- 18 -

FIRST AMENDED CLASS ACTION COMPLAINT

**Fifth Cause of Action**

*Illegal Uniform Policies and Failure to Reimburse for Work Expenses*

Labor Code §§ 450, 2802, 2804, 218.5, 218.6 and IWC Wage Order #5

<u>(Against All Defendants)</u>

63.    Plaintiff incorporates paragraphs 1 through 62 as though fully set forth herein.

64.    .Section 450(a) of the Labor Code states: "No employer, or agent or officer thereof, or other person, may compel or coerce any employee, or applicant for employment, to patronize his or her employer, or any other person, in the purchase of any thing of value."

65.    Section 2802(a) of the Labor Code requires: "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

66.    Section 9(B) of the IWC Wage Orders, including IWC Wage Order #5, states: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, . . ."

67.    Plaintiff and the Members of the Class he seeks to represent were required by Defendants policies or omissions to personally incur necessary expenditures in direct consequence of the discharge of their duties, including but not limited to the purchase tools and equipment necessary for performing their foodservice duties.

68.    Defendants are legally required to provide to employees and maintain tools and equipment as required by Defendants or which are necessary to the performance of their jobs or to reimburse Compass Group Non-Exempt employees for all necessary expenditures at a reasonable rate.  Defendants failed to provide and maintain required tools and equipment as set forth above and to fully and reasonably reimburse the Class Members for all their necessary work related expenditures at a reasonable rate, including but not limited to the aforementioned expenditures.

69.    Section 9(A) of the IWC Wage Orders, including IWC Wage Order #5, also states: "When uniforms are required by the employer to be worn by the employee as a condition

- 19 -

FIRST AMENDED CLASS ACTION COMPLAINT

1  of employment, such uniforms shall be provided and maintained by the employer. The term

2  "uniform" includes wearing apparel and accessories of distinctive design or color."

3      70.    Plaintiff and the Members of the Class he seeks to represent were also required to

4  purchase uniforms from Defendants or third parties and to wear such uniforms while working for

5  Defendants. Such uniforms are not generally usable in foodservice occupation related positions.

6  Plaintiff and the Members of the Plaintiff Class were not reimbursed for the uniforms they were

7  required to purchase and maintain at their own expense.

8      71.    Plaintiff and the Members of the Class he seeks to represent have been damaged

9  as a proximate result of Defendants' aforementioned violations of Labor Code sections, and are

10  entitled to damages and restitution in an amount according to proof at the time of trial. Plaintiff

11  and the remaining Class Members are also entitled to seek recovery of pre-judgment interest on

12  all amounts recovered herein, and to reasonable attorneys' fees and costs incurred by them in this

13  action, in accordance with Sections 218.5 and 218.6 of the Labor Code.

14      72.    Pursuant to Section 2802(b) and 2802(c) of the Labor Code, Plaintiff, on behalf of

15  himself and he remaining Class Members, also further requests that the Court award interest at

16  the same rate as judgments in civil actions, accruing from the date on which each Class Member

17  incurred the necessary expenditures addressed in the preceding paragraphs, and that the Court

18  award reasonable attorneys' fees and costs incurred by them in this action.

19

20                    **Sixth Cause of Action**

21                 *Violation of Unfair Competition Law*

22         Business and Professions Code section 17200, *et seq.*

23                 (Against All Defendants)

24      73.    Plaintiff incorporates paragraphs 1 through 72 as though fully set forth herein.

25      74.    By their policies of:

26          i.  requiring work "off the clock," for example by not paying employees for all

27              of their time worked in performing their assigned and required tasks;

28          ii.  requiring work in excess of eight (8) hours in a workday and/or forty (40)

FIRST AMENDED CLASS ACTION COMPLAINT

hours in a workweek without paying compensation at the rate of time and one-half (1 1/2) of an employee's regular rate of pay;

iii. illegally deducting thirty minutes of pay for either working an "on duty" meal period and/or missing a meal period;

iv. requiring employees to work without being provided a minimum ten (10) minute rest period for every four hours or major fraction thereof worked and not compensating employees with one (1) hour of pay at an employee's regular rate of compensation for each workday the employee was not provided a rest period;

v. requiring employees to work in excess of five hours and/or ten hours per day without being provided a meal period and/or a second meal period and/or requiring employees to remain on Defendants' premises during their meal period and failing to compensate employees for one (1) hour of pay at the regular rate (or minimum wage) of compensation for each workday that a meal period was not provided, all in violation of California labor laws, regulations, and Industrial Welfare Commission Wage Orders;

vi. requiring employees to wear a uniform required by Defendants as a condition of employment, including but not limited to, a distinctive color and/or style, that was not maintained by Defendants or requiring special tools and equipment for performance of employees' jobs without purchasing and maintaining such tools and equipment or reimbursing employees for the expenses they incurred in connection with purchasing and maintaining such tools and equipment; and

vii. failing to pay all wages due and owing to employees upon their separation or termination from Defendants' employ,

Defendants engaged in unlawful activity prohibited by Business and Professions Code section 17200 *et seq*.

75.    The actions of Defendants, as alleged within this Complaint, constitute false, unlawful, unfair, fraudulent and deceptive business practices within the meaning of Business and Professions Code section 17200 *et seq*.

76.    Plaintiff and Compass Group's Class of Non-Exempt Employees are entitled to equitable relief against such unlawful practices in order to prevent future damages to members of the Class, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

77.    As a result of their unlawful acts, Defendants have reaped and continue to reap

- 21 -

FIRST AMENDED CLASS ACTION COMPLAINT

1   unfair benefits and unlawful profits at the expense of Plaintiff and the Class he seeks to

2   represent. Defendants should be enjoined from such activity and made to restore to Plaintiff and

3   the members of the Plaintiff Class their wrongfully withheld wages pursuant to Business and

4   Professions Code section 17203. Plaintiff is informed and believes, and thereon alleges, that

5   Defendants have been unjustly enriched by requiring employees to assume Defendants'

6   expenditures and losses, by failing to pay legal wages and/or other compensation for working

7   through meal periods, and by failing to pay compensation for non-provided rest periods to

8   Plaintiff and members of the Plaintiff Class. Plaintiff and members of the Plaintiff Class are

9   prejudiced by Defendants' unfair trade practices.

10        78.    As a direct and proximate result of the unfair business practices of Defendants,

11   and each of them, Plaintiff, individually and on behalf of all Class Members similarly situated, is

12   entitled to restitution of all wages which have been unlawfully withheld from Plaintiff and

13   members of the Plaintiff Class as a result of Defendants' unlawful business acts and practices

14   described herein and to an injunction causing Defendants to cease and desist from engaging in

15   the unlawful and unfair business practices described herein.

16        79.    The unlawful conduct alleged herein is continuing, and there is no indication that

17   Defendants will not continue such activity into the future. If Defendants are not enjoined from

18   the conduct set forth in this Complaint, they will continue to unlawfully deduct from Non-

19   Exempt Employees' wages, will continue to require employees to work during meal periods, will

20   continue to fail to provide rest periods or provide appropriate compensation in lieu thereof, and

21   will continue to fail to pay and to avoid paying appropriate taxes, insurance, and unemployment

22   withholdings.

23        80.    Plaintiff, on behalf of himself and the Class he seeks to represent, further

24   requests that the court issue a preliminary and permanent injunction prohibiting Defendants from

25   continuing to enforce the policies and conduct the activities complained of herein and/or which

26   may later be discovered in the course of litigation and from Defendants' continuing failure to

27   provide rest periods and meal periods or provide appropriate compensation in lieu thereof.

28

FIRST AMENDED CLASS ACTION COMPLAINT

**Seventh Cause of Action**

*Private Attorneys General Act of 2004 Labor Code § 2698 et seq.*

(Against All Defendants)

81.  Plaintiff incorporates paragraphs 1 through 80 as though fully set forth herein.

82.  At the time of filing this First Amended  Complaint, Plaintiff has timely complied with the notice requirement pursuant to Labor Code section 2699.3 and continues to await receipt of any responsive written notice from the Labor and Workforce Development Agency (LWDA) confirming the LWDA does not intend to investigate the violations alleged herein.

83.  On information and belief and based thereon, by their policy of:

   i.   requiring employees to work without being provided a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked and not being compensated one (1) hour of pay at his regular rate of compensation for each workday that a rest period was not provided; and,

   ii.  requiring employees to work in excess of five (5) hours per day without being provided a first meal period and in excess of ten (10) hours per day not being provided a second meal period, and not being compensated one (1) hour of pay at the regular rate (or minimum wage) of compensation for each workday that a meal period was not provided, all in violation of California labor laws;

   iii. failing to pay all wages owed;

   iv.  failing to accurately pay overtime wages; and

   v.   unlawfully deducting wages,

Defendants engaged in unlawful activity prohibited by Labor Code sections 2698 *et seq.*, 201, 202, 203, 218.6, 221, 222, 223, 224, 225.5, 226, 226.7, 510, 512, 1194, IWC Wage Order #1, and Cal. Code Regs., Title 8, §11010, *inter alia*, which violations constitute a violation of fundamental public policy.

84.  As a result of Defendants' unlawful acts, Plaintiff is entitled to civil penalties pursuant to Labor Code Private Attorneys General Act of 2004, Labor Code §2698 *et seq.*

- 23 -

FIRST AMENDED CLASS ACTION COMPLAINT

85.   WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described herein and below.

## VI.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1.   That the Court determine this action may be maintained as a class action;

2.   For compensatory damages in an amount according to proof with interest thereon;

3.   For economic and/or special damages in an amount according to proof with interest thereon;

4.   That Defendants be found to have engaged in unfair competition in violation of section 17200 *et seq.* of the California Business and Professions Code;

5.   That Defendants be ordered to make restitution to the Class due to their unfair competition pursuant to California Business and Professions Code sections 17203 and 17204;

6.   That Defendants be enjoined to cease and desist from committing further acts of unfair competition under section 17200 *et seq.* of the California Business and Professions Code and from continuing the unlawful course of conduct alleged herein;

7.   For premium pay and penalties pursuant to Labor Code section 203;

8.   For premium wages pursuant to Labor Code sections 226 and 226.7;

9.   For reimbursement of expenses incurred in the purchase and maintenance of uniforms, tools and equipment for which Class Members were not indemnified by Defendants pursuant to Labor Code sections 450 and 2802;

10.   For attorneys' fees, interests and costs of suit under Labor Code sections 1194, 218.5, and 2802;

11.   For civil penalties pursuant to Labor Code Private Attorneys General Act of 2004, Labor Code §2698 *et seq.*; and

12.   For such other and further relief as the Court deems just and proper.

- 24 -

FIRST AMENDED CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

1.     Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated:   December 8, 2010

Respectfully submitted,
JAMES HAWKINS, APLC

James R. Hawkins, Esq.
Gregory E. Mauro, Esq.
Alvin B. Lindsay, Esq.
Attorneys for Plaintiff Gerardo Mojica, on behalf of himself and all others similarly situated

- 25 -

FIRST AMENDED CLASS ACTION COMPLAINT

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

## NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint.. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May _Not_ Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May _Not_ Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.**   Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.**   Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.**   Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|
| Telephone No.:                     Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                     Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
       ☐ Under section 1141.11 of the Code of Civil Procedure
       ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____

    _____     _____
    (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____

    _____     _____
    (SIGNATURE OF DEFENDANT OR ATTORNEY)     (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use
L1270 (Rev. January 2010)

California Rules of Court, rule 3.221

# EXHIBIT C

CT Corporation

**Service of Process
Transmittal**
12/17/2010
CT Log Number 517771585

TO:  Lucy Anderson
     Compass Group USA, Inc.
     2400 Yorkmont Road
     Charlotte, NC 28217-

RE:  **Process Served in California**

FOR:  Bon Appetit Management Company Foundation (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gerardo, Mojica, on behalf of himself oh himself and all others similarly situated, Pltf. vs. Compass Group USA, Inc., etc., et al. including Bon Appetit Management Company Foundation, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, First Amended Complaint, Demand for Jury Trial, Attachment(s), Stipulation Form |
| **COURT/AGENCY:** | Orange County, Superior Court, CA<br>Case # 30201000417438CUDECXC |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Failure to pay hourly and overtime wages, failure to provide rest periods, failure to timely pay wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/17/2010 at 14:50 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | James R. Hawkins<br>James Hawkins, APLC<br>9880 Research<br>Suite 200<br>Irvine, CA 92618<br>949-378-7200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/21/2010, Expected Purge Date: 12/26/2010<br>Image SOP<br>Email Notification, Lucy Anderson lucy.anderson@compass-usa.com<br>CC Recipient(s)<br>Helen Gilbert-Korinth, Litigation Paralegal, via Customer Pick-up<br>Lucy Anderson, via Customer Pick-up |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

7:50 p

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMPASS GROUP USA, INC., a Delaware Corporation; BON APPETIT
MANAGEMENT,CO., a California Corporation; BON APPETIT MANAGEMENT
COMPANY FOUNDATION, a California Corporation and DOES 1 throuh 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GERARDO MOJICA, on behalf of himself and all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/19/2010** at 11:27:00 AM
Clerk of the Superior Court
By Margaret M Demaria, Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Orange County Superior Court, Civil Complex Center
751 W. Santa Ana Blvd., Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):*  30-2010-00417438-CU-OE-CXC

Judge Thierry Patrick Colaw

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James R. Hawkins, Esq., Gregory E., Mauro, Esq., Alvin B. Lindsay, Esq. JAMES HAWKINS, APLC, 9880 Research, Suite 200,
Irvine, California 92618  P: (949) 387-7200

DATE: 10/19/2010   ALAN CARLSON, Clerk of the Court   Clerk, by *Margaret De Maria*, Deputy
*(Fecha)*   *(Secretario)*   Margaret M Demaria   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Bon Appetit Management Company Foundation

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
James R. Hawkins, Esq. SBN 192925; Gregory E. Mauro, Esq. SBN 222239;
Alvin B. Lindsay, Esq. SBN 220236
JAMES HAWKINS, APLC
9880 Research Drive, Irvine, California 92618
TELEPHONE NO.: (949) 387-7200        FAX NO.: (949) 387-6676
ATTORNEY FOR (Name): Plaintiff Gerardo Mojica and others similarly situated

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   ORANGE
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
MOJICA et al. v COMPASS GROUP USA, INC. et al.

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/18/2010** at 08:48:46 AM

Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount    (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2010-00417438-CU-OE-CXC<br>JUDGE: Judge Thierry Patrick Colaw |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (specify):
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 18, 2010
Alvin B. Lindsay, Esq.
_____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

**CT Corporation**

**Service of Process Transmittal**
12/17/2010
CT Log Number 517766860

TO: Lucy Anderson
Compass Group USA, Inc.
2400 Yorkmont Road
Charlotte, NC 28217-

RE: **Process Served in California**

FOR: Bon Appetit Management Co. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gerardo Mojica, on behalf of himself and all other similarly situated, Pltfs. vs. Compass Group USA, Inc., etc., et al. including Bon Appetit Management, Co., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, First Amended Complaint, Attachment(s), Stipulation Form |
| **COURT/AGENCY:** | Orange County, Superior Court, CA<br>Case # 30201000417438CUOCCXC |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Failure to pay hourly wages and overtime wages, failure to provide rest periods and meal periods, failure to timely pay wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/17/2010 at 14:50 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | James R. Hawkins<br>James Hawkins, APLC<br>9880 Research<br>Suite 200<br>Irvine, CA 92618<br>949-387-7200 |
| **REMARKS:** | Please note that page 2 of cover sheet was not received with documents at time of service. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/20/2010, Expected Purge Date: 12/25/2010<br>Image SOP<br>Email Notification, Lucy Anderson lucy.anderson@compass-usa.com<br>CC Recipient(s)<br>Helen Gilbert-Korinth, Litigation Paralegal, via Customer Pick-up<br>Lucy Anderson, via Customer Pick-up |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of 1 / IM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMPASS GROUP USA, INC., a Delaware Corporation; BON APPETIT MANAGEMENT,CO., a California Corporation; BON APPETIT MANAGEMENT COMPANY FOUNDATION, a California Corporation and DOES 1 throuh 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GERARDO MOJICA, on behalf of himself and all others similarly situated

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/19/2010** at 11:27:00 AM
Clerk of the Superior Court
By Margaret M Demaria,Deputy Clerk

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
  Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court, Civil Complex Center
751 W. Santa Ana Blvd., Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):*
30-2010-00417438-CU-OE-CXC

Judge Thierry Patrick Colaw

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James R. Hawkins, Esq., Gregory E., Mauro, Esq., Alvin B. Lindsay, Esq. JAMES HAWKINS, APLC, 9880 Research, Suite 200, Irvine, California 92618   P: (949) 387-7200

DATE: **10/19/2010**    ALAN CARLSON, Clerk of the Court    Clerk, by _Margaret De Maria_ , Deputy
*(Fecha)*                                               *(Secretario)*    Margaret M Demaria    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* .

3. ☒ on behalf of *(specify):* Bon Appetit Management .Co.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
James R. Hawkins, Esq. SBN 192925; Gregory E. Mauro, Esq. SBN 222239;
Alvin B. Lindsay, Esq. SBN 220236
JAMES HAWKINS, APLC
9880 Research Drive, Irvine, California 92618
TELEPHONE NO: (949) 387-7200     FAX NO: (949) 387-6676
ATTORNEY FOR *(Name):* Plaintiff Gerardo Mojica and others similarly situated

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
MOJICA et al. v COMPASS GROUP USA, INC. et al.

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/18/2010** at 08:48:45 AM

Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder | | 30-2010-00417438-CU-OE-CXC |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | Judge Thierry Patrick Colaw |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is  ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive.
4. Number of causes of action *(specify):*
5. This case ☑ is  ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 18, 2010
Alvin B. Lindsay, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# CT Corporation

**Service of Process Transmittal**
12/17/2010
CT Log Number 517764193

**TO:**   Lucy Anderson
Compass Group USA, Inc.
2400 Yorkmont Road
Charlotte, NC 28217-

**RE:**   **Process Served in California**

**FOR:**   Compass Group USA, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gerardo Mojica, on behalf of himself and all others similarly situated, Pltfs. vs. Compass Group USA, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, First Amended Complaint, Demand for Jury Trial, Notice, Information, Stipulation Form |
| **COURT/AGENCY:** | Orange County, Superior Court, CA<br>Case # 30201000417438CUOECXC |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Failure to pay hourly wages and overtime wages, to provide rest periods and meal periods, to comply with itemized employee wage statement provisions, to timely pay wages due at termination and to reimburse for work expenses |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/17/2010 at 14:50 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Alvin B. Lindsay<br>James Hawkins, APLC<br>9880 Research Drive<br>Suite 200<br>Irvine, CA 92618<br>949-387-7200 |
| **REMARKS:** | Please Note: Page 2 of 2 of the Civil Case Cover Sheet not received with process at time of service. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/17/2010, Expected Purge Date: 12/22/2010<br>Image SOP<br>Email Notification, Lucy Anderson lucy.anderson@compass-usa.com<br>CC Recipient(s)<br>Helen Gilbert-Korinth, Litigation Paralegal, via Customer Pick-up<br>Lucy Anderson, via Customer Pick-up |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / DH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | SUM-100 |
|---|---|

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMPASS GROUP USA, INC., a Delaware Corporation; BON APPETIT MANAGEMENT,CO., a California Corporation; BON APPETIT MANAGEMENT COMPANY FOUNDATION, a California Corporation and DOES 1 throuh 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GERARDO MOJICA, on behalf of himself and all others similarly situated

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)<br><br>ELECTRONICALLY FILED<br>Superior Court of California,<br>County of Orange<br><br>10/19/2010 at 11:27:00 AM<br>Clerk of the Superior Court<br>By Margaret M Demaria,Deputy Clerk</td></tr>
</table>

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Orange County Superior Court, Civil Complex Center<br>751 W. Santa Ana Blvd., Santa Ana, CA 92701 | CASE NUMBER:<br>(Número del Caso):<br>30-2010-00417438-CU-OE-CXC<br><br>Judge Thierry Patrick Colaw |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James R. Hawkins, Esq., Gregory E., Mauro, Esq., Alvin B. Lindsay, Esq. JAMES HAWKINS, APLC, 9880 Research, Suite 200, Irvine, California 92618   P: (949) 387-7200

| DATE: 10/19/2010<br>*(Fecha)* | ALAN CARLSON, Clerk of the Court | Clerk, by   *Margaret De Maria* | , Deputy |
|---|---|---|---|
| | | (Secretario)    Margaret M Demaria | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Compass Group USA, Inc.

under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

[SEAL]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
James R. Hawkins, Esq. SBN 192925; Gregory E. Mauro, Esq. SBN 222239;
Alvin B. Lindsay, Esq. SBN 220236
JAMES HAWKINS, APLC
9880 Research Drive, Irvine, California 92618
TELEPHONE NO.: (949) 387-7200     FAX NO.: (949) 387-6676
ATTORNEY FOR (Name): Plaintiff Gerardo Mojica and others similarly situated

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 West Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, California 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
MOJICA et al. v COMPASS GROUP USA, INC. et al.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/18/2010 at 08:48:45 AM**

Clerk of the Superior Court
By Maarit H Nordman, Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 30-2010-00417438-CU-OE-CXC  JUDGE: Judge Thierry Patrick Colaw |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify):
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 18, 2010
Alvin B. Lindsay, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT D

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 W. Santa Ana Blvd
MAILING ADDRESS:  P.O. Box 22028
CITY AND ZIP CODE:  Santa Ana, CA 92702
BRANCH NAME:  Civil Complex Center
TELEPHONE NUMBER:  (657) 622-5300

SHORT TITLE: MOJICA VS. COMPASS GROUP USA, INC.

| NOTICE OF CASE REASSIGNMENT | CASE NUMBER: 30-2010-00417438-CU-OE-CXC |
|---|---|

Your case has been re-assigned for all purposes to the judicial officer indicated below. The hearing dates of all matters currently set are to remain and will be heard before the judicial officer indicated below. A copy of this information must be provided to any new parties that you bring into this action.

The court determines that for purposes of exercising C.C.P. 170.6 rights, there are two sides in this matter unless, prior to the expiration of time in which to exercise said rights, the contrary is first brought to the attention of the Court, by Ex Parte Motion. Counsel have 15 days from the date of the enclosed certificate of mailing in which to exercise any rights under C.C.P. 170.6

**Assigned To:** Judge Kim Dunning

**Start Date:** 01/03/2011

**Dept #** CX104

**Location:** Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

# SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.

Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov. Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.

All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

**Other Information**

* The following local Orange County Superior Court rules are listed for your convenience:
    - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
    - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference (Unlimited Civil)
* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.

Date: 12/07/2010

Clerk of the Court, by: _Sharon Badilla_ _____ Deputy

---

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92702

**SHORT TITLE:** MOJICA VS. COMPASS GROUP USA, INC.

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>30-2010-00417438-CU-OE-CXC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>NOTICE OF CASE REASSIGNMENT</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Santa Ana</u>, <u>California</u> on <u>12/07/2010</u>. The mailing occurred at <u>Sacramento</u>, <u>California</u> on <u>12/08/2010</u>.

Clerk of the Court, by: _____ Shonn Badilla _____, Deputy

JAMES HAWKINS, APLC
9880  RESEARCH DRIVE # 200
IRVINE, CA 92618

# EXHIBIT E

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CIVIL COMPLEX CENTER

### MINUTE ORDER

DATE: 12/29/2010              TIME: 11:09:00 AM          DEPT: CX104

JUDICIAL OFFICER PRESIDING: Kim G. Dunning
CLERK: Angela M Knox
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2010-00417438-CU-OE-CXC** CASE INIT.DATE: 10/18/2010
CASE TITLE: **Mojica vs. Compass Group USA, Inc.**
CASE CATEGORY: Civil - Unlimited          CASE TYPE: Other employment

---

EVENT ID/DOCUMENT ID: 71137420
**EVENT TYPE:** Chambers Work

---

## APPEARANCES

There are no appearances by any party.

Each party who has not paid the Complex fee of $ 550.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400: Case is Complex.

The Status Conference is scheduled for 03/03/2011 at 01:30 PM in Department CX104.

Plaintiff shall, at least 5 days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the Case Management Statement form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 308. Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Clerk to give notice to plaintiff and plaintiff to give notice to all other parties.

---

DATE: 12/29/2010                    MINUTE ORDER                         Page 1
DEPT: CX104
                                                                Calendar No.

CASE TITLE: Mojica vs. Compass Group USA, Inc.          CASE NO: 30-2010-00417438-CU-OE-CXC

James Hawkins, APLC
9880 Research Dr., Ste 200
Irvine, CA 92618

CLERK'S CERTIFICATE OF MAILING: I certify I am not a party to this cause, over 18, and a copy of this document was mailed first class postage, prepaid in a sealed envelope addressed as shown, on 12/29/10, at Santa Ana, California. ALAN CARLSON/EXECUTIVE OFFICER & CLERK OF THE SUPERIOR COURT, BY: Angela Knox, Deputy

# EXHIBIT F

1   CRAIG G. STAUB, Bar No. 172857
    ALECIA W. WINFIELD, Bar No. 209661
2   LITTLER MENDELSON
    A Professional Corporation
3   2049 Century Park East
    5th Floor
4   Los Angeles, CA 90067.3107
    Telephone:     310.553.0308
5   Fax No.:       310.553.5583

6   Attorneys for Defendants
    COMPASS GROUP USA, INC., BON APPETIT
7   MANAGEMENT CO. and BON APPETIT
    MANAGEMENT COMPANY FOUNDATION

8

9

10

11

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**01/14/2011** at 03:33:00 PM

Clerk of the Superior Court
By Enrique Veloz, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE - CIVIL COMPLEX UNIT

12  GERARDO MOJICA, on behalf of himself
    and all others similarly situated,

13              Plaintiff,

14          v.

15  COMPASS GROUP USA, INC., a
    Delaware Corporation; BON APPETIT
16  MANAGEMENT, CO., a California
    Corporation; BON APPETIT
17  MANAGEMENT COMPANY
    FOUNDATION, a California Corporation
18  and DOES 1 through 100, inclusive,

19              Defendants.

Case No. 30-2010-00417438-CU-OE-CXC

ASSIGNED FOR ALL PURPOSES TO
JUDGE THIERRY PATRICK COLAW –
DEPT CX104

**ANSWER TO COMPLAINT OF
DEFENDANT COMPASS GROUP USA,
INC.**

Complaint Filed:    October 18, 2010

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Firmwide:99616192.1 024778.1351

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant COMPASS GROUP USA, INC. ("Defendant"), by and through its attorneys, and hereby answers the Class Action Complaint ("Complaint") filed by Plaintiff Gerardo Mojica ("Plaintiff"), on behalf of himself and all others similarly situated, as follows:

## GENERAL DENIAL

Defendant, generally denies each and every allegation of the Complaint, and the whole thereof, pursuant to Section 431.30 of the California Code of Civil Procedure and further denies that Plaintiff or any class that he purports to represent have been damaged in any sum or at all.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff and/or the putative class members or admitting that Defendant has any burden of proof, Defendant asserts the following defenses:

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

### (Not Employer)

1.      As a separate and distinct affirmative defense, Defendant alleges that it never employed Plaintiff nor the putative class Plaintiff purports to represent.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Waiver)

2.      As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein is barred by the equitable doctrine of waiver.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.      As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of unclean hands.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:99616192.1 024778.1351                     1.

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S COMPLAINT

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Laches)

4. As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of laches.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Estoppel)

5. As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of estoppel.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Consent)

6. As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of consent.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Class Action Release)

7. As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff and/or the members of the alleged putative class he purports to represent have released Defendant from any claims he/she/they may have against Defendant.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

8. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's damages

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA. 90067.3107
310.553.0308

Firmwide:99616192.1 024778.1351

2.

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S COMPLAINT

1    and/or penalties, if any, are barred and/or limited pursuant to the doctrine of avoidable

2    consequences. Defendant will amend its answer to assert further facts in support of this affirmative

3    defense as they become known in discovery. *See Department of Health Services v. Superior Court,*

4    31 Cal.4th 1026 (2003).

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Lack of Standing)

9.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint
and each cause of action set forth therein are barred because the named Plaintiff lacks standing as a
representative of the proposed class and does not adequately represent the putative class members.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

10.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's
claims are barred by the applicable statutes of limitations under Labor Code § 203, California Code
of Civil Procedure §§ 335.1, 338, 339, 340(a), 340(b), 343, and California Business and Professions
Code § 17208.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Satisfaction of Claims)

11.    As a separate and distinct affirmative defense, Defendant is informed and believes
that further investigation and discovery will reveal, and on that basis alleges, that any monies owed
to Plaintiff and those for whom he seeks to recover have been paid in full and any obligations it may
have owed to Plaintiff and those for whom he seeks to recover have been paid or otherwise satisfied
in full.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Impossibility of Performance)

12.    As a separate and distinct affirmative defense, as to Plaintiff's claims for violation of
California Labor Code § 226, Defendant is informed and believes that a reasonable opportunity for
investigation and discovery will reveal, and on that basis alleges, that this claim is barred because
any failure of performance, if any such failure occurred, was the result of impossibility of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2048 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553.0308
Firmwide:99616192.1 024778.1351                    3.

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S COMPLAINT

1  performance, and not the result of a violation of the law.

2  ## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

3  ### (Good Faith)

4  13.    As a separate and distinct affirmative defense to each and every cause of action in

5  Plaintiff's Complaint, Defendant is informed and believes that further investigation and discovery

6  will reveal, and on that basis alleges, that any violation of the Labor Code or an Order of the

7  Industrial Welfare Commission was an act or omission made in good faith, and Defendant had

8  reasonable grounds for believing that their practices complied with applicable laws and that any act

9  or omission was not a violation of the Labor Code or any Order of the Industrial Welfare

10  Commission so that Plaintiff is not entitled to any damages in excess of any amounts which might be

11  found to be due.

12  ## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

13  ### (Actions By Agents Outside The Scope Of Authority)

14  14.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

15  claims cannot be maintained against Defendant because if employees of Defendant (including

16  Plaintiff) took the actions alleged, such actions were committed outside the course and scope of such

17  employees' employment, were not authorized, adopted or ratified by Defendant and Defendant did

18  not know of nor should it have known of such conduct.

19  ## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

20  ### (Bona Fide Dispute)

21  15.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint

22  fails to state a claim for penalties under the California Labor Code in that (1) there was and is a bona

23  fide, good faith dispute as to Defendant' obligations under any applicable Labor Code provisions,

24  including without limitation Labor Code § 203; and (2) Defendant did not willfully violate Labor

25  Code § 203.

26  ## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

27  ### (Breach of Duty)

28  16.    As a separate and distinct affirmative defense, Defendant allege that the Complaint,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:99616192.1 024778.1351

4.

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S COMPLAINT

1  and each purported cause of action therein, or some of them, are barred by Plaintiff's own breach of

2  duties owed to Defendant under California Labor Code §§ 2853, 2854, 2856, 2857, 2858 and/or

3  2859.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

17.  As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff has failed to exercise reasonable care to mitigate damages, if any were suffered, and that his right to recover against Defendant should be reduced and/or eliminated by such a failure.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Excessive Fines)

18.  As a separate and distinct affirmative defense, Defendant alleges that, as applied in this putative class action, employment of civil penalties would result in the imposition of excessive fines in violation of Article I, § 17 of the California Constitution and the eighth amendment to the United States Constitution, as made applicable to the states under the fourteenth amendment to the United States Constitution. *See People ex rel Lockyer v. R.J. Reynolds Tobacco Company*, 37 Cal. 4th 707 (2005).

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Unconstitutionality Of Multiple Penalties)

19.  As a separate and distinct affirmative defense, Defendant alleges that multiple individual penalties would deprive Defendant of their fundamental constitutional right to due process.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

### (Claims Unconstitutionally Vague And Ambiguous)

20.  As a separate and affirmative defense, Defendant alleges that the Complaint and each cause of action therein, or some of them, are barred because the applicable wage orders of the Industrial Welfare Commission and California Business and Professions Code Section 17200, *et seq.* are unconstitutionally vague and ambiguous and violate Defendant' rights under the United States

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308
Firmwide:99616192.1 024778.1351                                    5.

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S COMPLAINT

1   Constitution and the California Constitution as to, among other things, due process of law.

2   ## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

3   ### (Penalties Violate Substantive And Procedural Due Process)

4   21.   As a separate and distinct affirmative defense, Defendant alleges that, to the extent
5   that Plaintiff seeks waiting time and other statutory penalties, Defendant allege that such a request
6   would violate Defendant' procedural and substantive and procedural due process (vis-à-vis the
7   Fourteenth Amendment of the United States Constitution and the Due Process and Equal Protection
8   Clauses in Article 1 of the California Constitution). *See State Farm Mutual Automobile Insurance*
9   *Company v. Campbell*, 538 U.S. 408 (2003) or *People ex. rel. Lockyer v. R.J. Reynolds*, 37 Cal. 4th
10   707 (2005).

11   ## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

12   ### (Purported Violations Are *De Minimis*)

13   22.   As a separate and distinct affirmative defense, Defendant alleges that to the extent
14   that Plaintiff and the putative class members seek to recover for alleged violations of concerning
15   overtime, meal periods and rest periods, Plaintiff and the putative class members cannot maintain
16   such claims because even assuming, *arguendo*, that Plaintiff and the putative class members are
17   entitled to additional compensation, such alleged violations, if any, are *de minimis*, and therefore not
18   entitled to additional compensation.

19   ## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

20   ### (Due Process - B&P Code § 17200)

21   23.   As a separate and distinct affirmative defense, Defendant alleges that prosecution of
22   this action under Business and Professions Code § 17200 et seq., as applied to the facts and
23   circumstances of this case, constitutes a denial of due process rights under the fourteenth amendment
24   to the United States Constitution and Article I, § 7 of the California Constitutions. That violation is
25   both procedural, by imposing a procedure that would render it impossible for Defendant to defend
26   their interests and property; and substantive, by imposing remedies constitutionally disproportionate
27   to the wrongs committed. *See People ex rel Lockyer v. R.J. Reynolds Tobacco Company*, 37 Cal. 4th
28   707 (2005).

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (IWC Orders Unconstitutional)

24. As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action therein, or some of them, are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

## TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (UCL Remedies For Discontinued Actions)

25. As a separate and distinct affirmative defense, Defendant alleges that injunctive relief is barred with respect to any and all alleged violations of Business and Professions Code § 17200 *et seq.* that have discontinued, ceased, and are not likely to recur.

## TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Comparative Fault)

26. As a separate and distinct affirmative defense, Defendant alleges that in the event damages, injuries and/or losses were suffered by Plaintiff, or any members of the putative class, which Defendant deny, such damages, injuries and/or losses resulted from the negligence of parties, persons and/or entities other than Defendant, and the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendant pursuant to applicable law(s).

## TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Frivolous Bad Faith Claims)

27. As a separate and distinct affirmative defense, Defendant alleges that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys. Defendant reserves the right to amend its Answer upon further investigation and discovery of facts supporting this defense.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     As separate and distinct affirmative defense to the complaint, Defendant alleges that Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class, representative, or collective action, including, and without limitation, ascertainability, predominance, typicality, adequacy of representation (of both the proposed class representative and proposed class counsel), and superiority, and further alleges that public policy considerations do not favor such a certification.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     As a separate and distinct affirmative defense to the complaint, Defendant alleges that the Complaint and each cause of action set forth therein is barred because the named Plaintiff lacks standing as a representative of the proposed class and does not adequately represent the putative class members.

## THIRTIETH AFFIRMATIVE DEFENSE

30.     As a separate and distinct affirmative defense to the complaint, Defendant alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution. Defendant reserves the right to amend its Answer upon further investigation and discovery of facts supporting this defense.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     As a separate and distinct affirmative defense to the complaint, and to each claim for relief contained therein, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff and each putative class member have failed to exercise reasonable care to mitigate damages, if any were suffered, and that their right to recover against Defendant should be reduced and/or eliminated by such a failure.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     As a separate and distinct affirmative defense to the complaint, Defendant alleges that the prosecution of a representative action on behalf of the general public under California Business

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:99616192.1 024778.1351

8.

1    and Professions Code section 17200 el seq. as applied to the facts and circumstances of this case,

2    would constitute a denial of Defendant's due process rights, both substantive and procedural, in

3    violation of the California Constitution and the Fourteenth Amendment to the United States

4    Constitution.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

6        33.   As a separate and distinct affirmative defense to the complaint, Defendant alleges that

7    it had a good faith and reasonable belief that the pay practices at issue were in compliance with

8    applicable law and that, accordingly, Defendant's conduct was not willful and no waiting time

9    penalties should be awarded Plaintiff or any putative class members for any violation thereof that

10   may be found to exist and Plaintiffs and the putative class members' claims under Business and

11   Professions Code section 17200 should be barred.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

13       34.   As a separate and distinct affirmative defense to the complaint, Defendant alleges

14   that, to the extent during the course of this litigation Defendant acquires any evidence of wrongdoing

15   of Plaintiff and/or the putative class members, which wrongdoing would have materially affected the

16   terms and conditions of their employment or would have resulted in Plaintiff and/or the punitive

17   class members being either demoted, disciplined, or terminated, such after-acquired evidence shall

18   bar Plaintiff and/or the punitive class members' claim on liability or damages and shall reduce such

19   claim as provided by law.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

21       35.   As a separate and distinct affirmative defense to the complaint, while expressly

22   denying any liability arising from alleged statutory violations or otherwise, Defendant alleges that

23   any amounts Plaintiff and the putative class members are entitled to as additional compensation

24   should be reduced or set off due to their knowledge of, voluntary participation in, and unjust

25   enrichment from the challenged aspects of Defendant's policies.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

27       36.   As a twenty-third, separate and affirmative defense to the complaint, while expressly

28   denying any liability arising from alleged statutory violations or otherwise, Defendant alleges that

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:99616192.1 024778.1351         9.

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S COMPLAINT

1  any amounts Plaintiff and the putative class members may be entitled to as additional compensation
2  and/or for penalties should be reduced or set off due to their breach of duty and other violations of
3  law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

5      37.      As a separate and distinct affirmative defense to the complaint, Defendant is informed
6  and believes that a reasonable opportunity for investigation and discovery will reveal and, on that
7  basis, alleges that if Plaintiff and/or punitive class members suffered any damages, which Defendant
8  denies, such damages were proximately or legally caused by the misconduct of Plaintiff and/or
9  punitive class members, and, accordingly, without admitting that they are entitled to any recovery,
10  Defendant alleges that any recovery to which Plaintiff and/or punitive class members may be entitled
11  must be reduced by reason of their contributory/comparative fault and/or assumption of the risk.

### PRESERVATION OF RIGHT TO AMEND TO ADD DEFENSES

13      Defendant does not presently know all of the facts respecting the conduct of Plaintiff and the
14  putative class members sufficient to allow it to state all affirmative defenses at this time.  Defendant
15  is informed and believes, however, that further investigation and discovery will reveal that it may
16  have additional affirmative defenses available of which it is not fully aware at the present time.
17  Defendant reserves the right to amend this Answer to assert said additional affirmative defenses
18  should it later discover facts demonstrating the existence and applicability of same.

### PRAYER FOR RELIEF

20      WHEREFORE, Defendant prays for relief as follows:

21      1.      That the Court dismiss Plaintiff's Complaint in its entirety with prejudice;

22      2.      That the Court order that Plaintiff take nothing by way of his Complaint against
23  Defendant;

24      3.      That Defendant be awarded judgment in its favor and against Plaintiff;

25      4.      That Defendant recover its costs of suit incurred herein; and

26      5.      That the Court grant Defendant such other and further relief as it deems just and
27  proper.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553.0308

Firmwide:99616192.1 024778.1351

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S COMPLAINT

1

Dated: January 18, 2011

2

3

4

CRAIG G. STAUB
ALECIA W. WINFIELD
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
COMPASS GROUP USA, INC., BON
APPETIT MANAGEMENT CO. and BON
APPETIT MANAGEMENT COMPANY
FOUNDATION

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:99616192.1 024778.1351                                    11.

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On January 14, 2011, I served the within document(s):

**ANSWER TO COMPLAINT OF DEFENDANT COMPASS GROUP USA, INC.**

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

James R. Hawkins
Gregory E. Mauro
Alvin B. Lindsay
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
*T: (949) 387-7200 / F: (949) 387-6676*
*Attorney for Plaintiff*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 14, 2011, at Los Angeles, California.

Jenna Newcomb-Carter

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:99301539.1 024778.1351

PROOF OF SERVICE

1   CRAIG G. STAUB, Bar No. 172857
2   ALECIA W. WINFIELD, Bar No. 209661
    LITTLER MENDELSON
    A Professional Corporation
3   2049 Century Park East
    5th Floor
4   Los Angeles, CA  90067.3107
    Telephone:    310.553.0308
5   Fax No.:      310.553.5583

6   Attorneys for Defendants
    COMPASS GROUP USA, INC., BON APPETIT
7   MANAGEMENT CO. and BON APPETIT
    MANAGEMENT COMPANY FOUNDATION
8

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

01/14/2011 at 03:33:00 PM

Clerk of the Superior Court
By Enrique Veloz, Deputy Clerk

9

10                    SUPERIOR COURT OF CALIFORNIA

11             COUNTY OF ORANGE - CIVIL COMPLEX UNIT

12   GERARDO MOJICA, on behalf of himself     Case No.  30-2010-00417438-CU-OE-CXC
     and all others similarly situated,

13                                            ASSIGNED FOR ALL PURPOSES TO
              Plaintiff,                       JUDGE THIERRY PATRICK COLAW –
14                                             DEPT CX104
         v.

15                                            ANSWER TO COMPLAINT OF
     COMPASS GROUP USA, INC., a                DEFENDANTS BON APPETIT
16   Delaware Corporation; BON APPETIT        MANAGEMENT CO. AND BON APPETIT
     MANAGEMENT, CO., a California            MANAGEMENT COMPANY
     Corporation; BON APPETIT                 FOUNDATION
17   MANAGEMENT COMPANY
     FOUNDATION, a California Corporation     Complaint Filed:    October 18, 2010
18   and DOES 1 through 100, inclusive,

19            Defendants.

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

Firmwide:99612724.1 024778.1351

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

COME NOW Defendants BON APPETIT MANAGEMENT CO. and BON APPETIT MANAGEMENT COMPANY FOUNDATION ("Defendants"), by and through their attorneys, and hereby answer the Class Action Complaint ("Complaint") filed by Plaintiff Gerardo Mojica ("Plaintiff"), on behalf of himself and all others similarly situated, as follows:

## GENERAL DENIAL

Defendants, generally deny each and every allegation of the Complaint, and the whole thereof, pursuant to Section 431.30 of the California Code of Civil Procedure and further deny that Plaintiff or any class that he purports to represent have been damaged in any sum or at all.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff and/or the putative class members or admitting that Defendants have any burden of proof, Defendants assert the following defenses:

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

### (Waiver)

1. As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein is barred by the equitable doctrine of waiver.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Unclean Hands)

2. As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of unclean hands.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (Laches)

3. As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:99612724.1 024778.1351

1.

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

1   that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of

2   laches.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

#### (Estoppel)

4.      As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of estoppel.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

#### (Consent)

5.      As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of consent.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

#### (Class Action Release)

6.      As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff and/or the members of the alleged putative class he purports to represent have released Defendants from any claims he/she/they may have against them.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

#### (Avoidable Consequences)

7.      As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that Plaintiff's damages and/or penalties, if any, are barred and/or limited pursuant to the doctrine of avoidable consequences.   Defendants will amend their answer to assert further facts in support of this affirmative defense as they become known in discovery.   *See Department of Health Services v. Superior Court*, 31 Cal.4th 1026 (2003).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Lack of Standing)

8.    As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action set forth therein is barred because the named Plaintiff lacks standing as a representative of the proposed class and does not adequately represent the putative class members.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

9.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred by the applicable statutes of limitations under Labor Code § 203, California Code of Civil Procedure §§ 335.1, 338, 339, 340(a), 340(b), 343, and California Business and Professions Code § 17208.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Satisfaction of Claims)

10.    As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that any monies owed to Plaintiff and those for whom he seeks to recover have been paid in full and any obligations they may have owed to Plaintiff and those for whom he seeks to recover have been paid or otherwise satisfied in full.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Impossibility of Performance)

11.    As a separate and distinct affirmative defense, as to Plaintiff's claims for violation of California Labor Code § 226, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that this claim is barred because any failure of performance, if any such failure occurred, was the result of impossibility of performance, and not the result of a violation of the law.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:99612724.1 024778.1351

3.

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Good Faith)

12.     As a separate and distinct affirmative defense to each and every cause of action in Plaintiff's Complaint, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that any violation of the Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith, and Defendants had reasonable grounds for believing that their practices complied with applicable laws and that any act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission so that Plaintiff is not entitled to any damages in excess of any amounts which might be found to be due.

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Actions By Agents Outside The Scope Of Authority)

13.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims cannot be maintained against Defendants because if employees of Defendants (including Plaintiff) took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendants and Defendants did not know of nor should they have known of such conduct.

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

14.     As a separate and distinct affirmative defense, Defendants allege that the Complaint fails to state a claim for penalties under the California Labor Code in that (1) there was and is a bona fide, good faith dispute as to Defendants' obligations under any applicable Labor Code provisions, including without limitation Labor Code § 203; and (2) Defendants did not willfully violate Labor Code § 203.

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Breach of Duty)

15.     As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each purported cause of action therein, or some of them, are barred by Plaintiff's own breach of

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:99612724.1 024778.1351

4.

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

duties owed to Defendants under California Labor Code §§ 2853, 2854, 2856, 2857, 2858 and/or 2859.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

16.   As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that Plaintiff has failed to exercise reasonable care to mitigate damages, if any were suffered, and that his right to recover against Defendants should be reduced and/or eliminated by such a failure.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Excessive Fines)

17.   As a separate and distinct affirmative defense, Defendants allege that, as applied in this putative class action, employment of civil penalties would result in the imposition of excessive fines in violation of Article I, § 17 of the California Constitution and the eighth amendment to the United States Constitution, as made applicable to the states under the fourteenth amendment to the United States Constitution. *See People ex rel Lockyer v. R.J. Reynolds Tobacco Company*, 37 Cal. 4th 707 (2005).

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Unconstitutionality Of Multiple Penalties)

18.   As a separate and distinct affirmative defense, Defendants allege that multiple individual penalties would deprive Defendants of their fundamental constitutional right to due process.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Claims Unconstitutionally Vague And Ambiguous)

19.   As a separate and affirmative defense, Defendants allege that the Complaint and each cause of action therein, or some of them, are barred because the applicable wage orders of the Industrial Welfare Commission and California Business and Professions Code Section 17200, *et seq.* are unconstitutionally vague and ambiguous and violate Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

### (Penalties Violate Substantive And Procedural Due Process)

20.     As a separate and distinct affirmative defense, Defendants allege that, to the extent that Plaintiff seeks waiting time and other statutory penalties, Defendants allege that such a request would violate Defendants' procedural and substantive and procedural due process (vis-à-vis the Fourteenth Amendment of the United States Constitution and the Due Process and Equal Protection Clauses in Article 1 of the California Constitution). *See State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003) or *People ex. rel. Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707 (2005).

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

### (Purported Violations Are *De Minimis*)

21.     As a separate and distinct affirmative defense, Defendants allege that to the extent that Plaintiff and the putative class members seek to recover for alleged violations of concerning overtime, meal periods and rest periods, Plaintiff and the putative class members cannot maintain such claims because even assuming, *arguendo*, that Plaintiff and the putative class members are entitled to additional compensation, such alleged violations, if any, are *de minimis*, and therefore not entitled to additional compensation.

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Due Process - B&P Code § 17200)

22.     As a separate and distinct affirmative defense, Defendants allege that prosecution of this action under Business and Professions Code § 17200 et seq., as applied to the facts and circumstances of this case, constitutes a denial of due process rights under the fourteenth amendment to the United States Constitution and Article I, § 7 of the California Constitutions.   That violation is both procedural, by imposing a procedure that would render it impossible for Defendants to defend their interests and property; and substantive, by imposing remedies constitutionally disproportionate to the wrongs committed. *See People ex rel Lockyer v. R.J. Reynolds Tobacco Company*, 37 Cal. 4th 707 (2005).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (IWC Orders Unconstitutional)

23.    As a separate and distinct affirmative defense, Defendants allege that the Complaint and each cause of action therein, or some of them, are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (UCL Remedies For Discontinued Actions)

24.    As a separate and distinct affirmative defense, Defendants allege that injunctive relief is barred with respect to any and all alleged violations of Business and Professions Code § 17200 *et seq.* that have discontinued, ceased, and are not likely to recur.

## TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Comparative Fault)

25.    As a separate and distinct affirmative defense, Defendants allege that in the event damages, injuries and/or losses were suffered by Plaintiff, or any members of the putative class, which Defendants deny, such damages, injuries and/or losses resulted from the negligence of parties, persons and/or entities other than Defendants, and the liability of Defendants, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendants pursuant to applicable law(s).

## TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Frivolous Bad Faith Claims)

26.    As a separate and distinct affirmative defense, Defendants allege that a reasonable opportunity for investigation and discovery will reveal and, on that basis allege, that Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys.  Defendants reserve the right to amend their Answer upon further investigation and discovery of facts supporting this defense.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

1                 **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

2         27.      As separate and distinct affirmative defense to the complaint, Defendant alleges that

3  Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class,

4  representative, or collective action, including, and without limitation, ascertainability, predominance,

5  typicality, adequacy of representation (of both the proposed class representative and proposed class

6  counsel), and superiority, and further alleges that public policy considerations do not favor such a

7  certification.

8                 **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

9         28.      As a separate and distinct affirmative defense to the complaint, Defendant alleges that

10  the Complaint and each cause of action set forth therein is barred because the named Plaintiff lacks

11  standing as a representative of the proposed class and does not adequately represent the putative

12  class members.

13                 **TWENTY-NINTH AFFIRMATIVE DEFENSE**

14         29.      As a separate and distinct affirmative defense to the complaint, Defendant alleges that

15  certification of a class, as applied to the facts and circumstances of this case, would constitute a

16  denial of Defendant's due process rights, both substantive and procedural, in violation of the

17  Fourteenth Amendment to the United States Constitution and the California Constitution. Defendant

18  reserves the right to amend its Answer upon further investigation and discovery of facts supporting

19  this defense.

20                 **THIRTIETH AFFIRMATIVE DEFENSE**

21         30.      As a separate and distinct affirmative defense to the complaint, and to each claim for

22  relief contained therein, Defendant is informed and believes that a reasonable opportunity for

23  investigation and discovery will reveal, and on that basis alleges, Plaintiff and each putative class

24  member have failed to exercise reasonable care to mitigate damages, if any were suffered, and that

25  their right to recover against Defendant should be reduced and/or eliminated by such a failure.

26                 **THIRTY-FIRST AFFIRMATIVE DEFENSE**

27         31.      As a separate and distinct affirmative defense to the complaint, Defendant alleges that

28  the prosecution of a representative action on behalf of the general public under California Business

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308
Firmwide:99612724.1 024778.1351           8.

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

1   and Professions Code section 17200 el seq. as applied to the facts and circumstances of this case,

2   would constitute a denial of Defendant's due process rights, both substantive and procedural, in

3   violation of the California Constitution and the Fourteenth Amendment to the United States

4   Constitution.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

6       32.   As a separate and distinct affirmative defense to the complaint, Defendant alleges that

7   it had a good faith and reasonable belief that the pay practices at issue were in compliance with

8   applicable law and that, accordingly, Defendant's conduct was not willful and no waiting time

9   penalties should be awarded Plaintiff or any putative class members for any violation thereof that

10   may be found to exist and Plaintiffs and the putative class members' claims under Business and

11   Professions Code section 17200 should be barred.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

13       33.   As a separate and distinct affirmative defense to the complaint, Defendant alleges

14   that, to the extent during the course of this litigation Defendant acquires any evidence of wrongdoing

15   of Plaintiff and/or the putative class members, which wrongdoing would have materially affected the

16   terms and conditions of their employment or would have resulted in Plaintiff and/or the punitive

17   class members being either demoted, disciplined, or terminated, such after-acquired evidence shall

18   bar Plaintiff and/or the punitive class members' claim on liability or damages and shall reduce such

19   claim as provided by law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

21       34.   As a separate and distinct affirmative defense to the complaint, while expressly

22   denying any liability arising from alleged statutory violations or otherwise, Defendant alleges that

23   any amounts Plaintiff and the putative class members are entitled to as additional compensation

24   should be reduced or set off due to their knowledge of, voluntary participation in, and unjust

25   enrichment from the challenged aspects of Defendant's policies.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

27       35.   As a twenty-third, separate and affirmative defense to the complaint, while expressly

28   denying any liability arising from alleged statutory violations or otherwise, Defendant alleges that

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:99612724.1 024778.1351

9.

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

1    any amounts Plaintiff and the putative class members may be entitled to as additional compensation

2    and/or for penalties should be reduced or set off due to their breach of duty and other violations of

3    law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

5    36.    As a separate and distinct affirmative defense to the complaint, Defendant is informed

6    and believes that a reasonable opportunity for investigation and discovery will reveal and, on that

7    basis, alleges that if Plaintiff and/or punitive class members suffered any damages, which Defendant

8    denies, such damages were proximately or legally caused by the misconduct of Plaintiff and/or

9    punitive class members, and, accordingly, without admitting that they are entitled to any recovery,

10    Defendant alleges that any recovery to which Plaintiff and/or punitive class members may be entitled

11    must be reduced by reason of their contributory/comparative fault and/or assumption of the risk.

### PRESERVATION OF RIGHT TO AMEND TO ADD DEFENSES

13    Defendants do not presently know all of the facts respecting the conduct of Plaintiff and the

14    putative class members sufficient to allow them to state all affirmative defenses at this time.

15    Defendants are informed and believe, however, that further investigation and discovery will reveal

16    that they may have additional affirmative defenses available of which they are not fully aware at the

17    present time. Defendants reserve the right to amend this Answer to assert said additional affirmative

18    defenses should they later discover facts demonstrating the existence and applicability of same.

### PRAYER FOR RELIEF

20    WHEREFORE, Defendants pray for relief as follows:

21    1.    That the Court dismiss Plaintiff's Complaint in its entirety with prejudice;

22    2.    That the Court order that Plaintiff take nothing by way of his Complaint against

23    Defendants;

24    3.    That Defendants be awarded judgment in their favor and against Plaintiff;

25    4.    That Defendants recover their costs of suit incurred herein; and

26    5.    That the Court grant Defendants such other and further relief as it deems just and

27    proper.

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA   90067.3107
310.553.0308

Firmwide:99612724.1 024778.1351

10.

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

1

2    Dated: January 18, 2011

3

4                                    CRAIG G. STAUB
5                                    ALECIA W. WINFIELD
                                     LITTLER MENDELSON
6                                    A Professional Corporation
                                     Attorneys for Defendants
7                                    COMPASS GROUP USA, INC., BON
                                     APPETIT MANAGEMENT CO. and BON
8                                    APPETIT MANAGEMENT COMPANY
                                     FOUNDATION
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:99612724.1 024778.1351                    11.

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On January 14, 2011, I served the within document(s):

**ANSWER TO COMPLAINT OF DEFENDANTS BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION**

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

James R. Hawkins
Gregory E. Mauro
Alvin B. Lindsay
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
*T: (949) 387-7200 / F: (949) 387-6676*
*Attorney for Plaintiff*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 14, 2011, at Los Angeles, California.

Jonna Newcomb-Carter

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:99301539.1 024778.1351

PROOF OF SERVICE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
STREET ADDRESS: 751  W. Santa Ana Blvd
MAILING ADDRESS: P.O. Box 22028
CITY AND ZIP CODE: Santa Ana CA 92702
BRANCH NAME:     Civil Complex Center

| FOR COURT USE ONLY |
| --- |

SHORT TITLE: Mojica vs. Compass Group USA, Inc.

| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CASE NUMBER:<br>30-2010-00417438-CU-OE-CXC |
| --- | --- |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of Orange Court. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

| | |
| --- | --- |
| Electronically Submitted By: | Littler Mendelson |
| On Behalf of: | Bon Appetit Management, Co.; CCMS ID: 72262576, Compass Group USA, Inc.; CCMS ID: 72262575, Bon Appetit Management Company Foundation; CCMS ID: 72262577 |
| Transaction Number: | 224311 |
| Court Received Date: | 01/14/2011 |
| Court Received Time: | 03:33:09 PM |
| Filed Date: | 01/14/2011 |
| Filed Time: | 03:33 PM |
| Fee Amount Assessed: | $2,835.00 |
| Case Number: | 30-2010-00417438-CU-OE-CXC |
| Case Title: | Mojica vs. Compass Group USA, Inc. |
| Location: | Civil Complex Center |
| Case Type: | Other employment |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| **Documents Electronically Filed/Received** | **Status** |
| --- | --- |
| Answer to Complaint | Accepted |
| Answer to Complaint | Accepted |

**Court Generated Documents**
Payment Receipt

**Comments**
**Submitter's Comments:**

**Clerk's Comments:**

---

01/19/2011                        **NOTICE OF CONFIRMATION OF FILING**

## Electronic Filing Service Provider Information

Service Provider    OneLegal
Email:              support@onelegal.com
Contact Person:     Customer Support
Phone:              8009388815

**Newcomb-Carter, Jonna**

From:          One Legal Support [support@onelegal.com]
Sent:          Friday, January 14, 2011 3:36 PM
To:            Newcomb-Carter, Jonna
Subject:       Order 5023580 Has Been SUBMITTED to the Court

To check the status of your order and view your order details:

1. Go to http://www.onelegal.com and login with your email address and password.
2. Click on "Recent Orders".
3. Click on order number 5023580.

You will receive another email from us updating your order's status.

FILING INFORMATION

Order Type:    eFiling
Order No.:     5023580
Submitted:     1/14/2011 3:34 PM

Jurisdiction:  Superior Court of California, Orange County
Location:      Civil Complex Center
Case Category: Civil – Unlimited
Case Type:     Other employment
Case Number:   30-2010-00417438-CU-OE-CXC
Case Title:    Mojica vs. Compass Group USA, Inc.
Lead Document: Answer to Complaint

If you have any questions or need assistance, please send an email to
support@onelegal.com, and feel free to contact our Customer Support department Monday
through Friday from 8:15 a.m. until 5:30 p.m. at 800-938-8815.

Thank you for choosing One Legal.

CCMSOE01

*1/18- not entered on system yet*

1

# One Legal Order Receipt

## Order Number: 5023580

Note - You will receive a Court Transaction Number via email upon submission of your order to the court.

Thank you for choosing One Legal LLC. If you have any questions about this order, please contact our Customer Support team.

Phone: 800-938-8815
Email: support@onelegal.com

## Order Detail

| | |
|---|---|
| Order Type: | eFiling |
| Date/Time Submitted: | 01/14/2011 3:34 PM |
| Client Billing Code: | 024778.1351 |
| Contact Name: | Jonna Carter |
| Attorney Name: | Craig G. Staub |
| Email Notification: | Contact |

## Case Information

| | |
|---|---|
| Court Branch: | Civil Complex Center Santa Ana |
| Court Name: | Superior Court of California, Orange County |
| Case Title: | Mojica vs. Compass Group USA, Inc. |
| Case Category: | Civil - Unlimited |
| Case Type: | Other employment |
| Jurisdictional Amount: | |
| Case No.: | 30-2010-00417438-CU-OE-CXC |
| Hearing Date: | |
| Hearing Time: | |

## Documents

| Document Type | Document Name | Total Pages Uploaded |
|---|---|---|
| Answer to Complaint | Answer to Complaint of Defendants Bon Appetit Management Co. and Bon Appetit Management Company Foundation | 13 |
| Answer to Complaint | Answer to Complaint of Defendant Compass Group USA, Inc. | 13 |

## Message to the Clerk:

## Parties to Case or Attorney(s) Added

| Name | Role |
|---|---|
| Littler Mendelson | Attorney |
| Compass Group USA, Inc. | Defendant |
| Bon Appetit Management, Co. | Defendant |
| Bon Appetit Management Company Foundation | Defendant |

# EXHIBIT G

1    CRAIG G. STAUB, Bar No. 172857
     ALECIA W. WINFIELD, Bar No. 209661
2    LITTLER MENDELSON
     A Professional Corporation
3    2049 Century Park East
     5th Floor
4    Los Angeles, CA 90067.3107
     Telephone:    310.553.0308
5    Fax No.:      310.553.5583

6    Attorneys for Defendants
     COMPASS GROUP USA, INC., BON APPETIT
7    MANAGEMENT CO. and BON APPETIT
     MANAGEMENT COMPANY FOUNDATION

8

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

01/21/2011 at 12:32:00 PM

Clerk of the Superior Court
By Maarit H Nordman,Deputy Clerk

9

10             SUPERIOR COURT OF CALIFORNIA

11      COUNTY OF ORANGE - CIVIL COMPLEX UNIT

12    GERARDO MOJICA, on behalf of himself
     and all others similarly situated,

13                 Plaintiff,

14        v.

15    COMPASS GROUP USA, INC., a
     Delaware Corporation; BON APPETIT
16    MANAGEMENT, CO., a California
     Corporation; BON APPETIT
17    MANAGEMENT COMPANY
     FOUNDATION, a California Corporation
18    and DOES 1 through 100, inclusive,

19              Defendants.

Case No.  30-2010-00417438-CU-OE-CXC

ASSIGNED FOR ALL PURPOSES TO
JUDGE THIERRY PATRICK COLAW –
DEPT CX104

**ANSWER TO FIRST AMENDED
COMPLAINT OF DEFENDANT
COMPASS GROUP USA, INC.**

Complaint Filed:    October 18, 2010
FAC Filed:  December 8, 2010

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:99616192.1 024778.1351

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S FAC

COMES NOW Defendant COMPASS GROUP USA, INC. ("Defendant"), by and through its attorneys, and hereby answers the First Amended Class Action Complaint ("FAC") filed by Plaintiff Gerardo Mojica ("Plaintiff"), on behalf of himself and all others similarly situated, as follows:

## GENERAL DENIAL

Defendant, generally denies each and every allegation of the FAC, and the whole thereof, pursuant to Section 431.30 of the California Code of Civil Procedure and further denies that Plaintiff or any class that he purports to represent have been damaged in any sum or at all.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff and/or the putative class members or admitting that Defendant has any burden of proof, Defendant asserts the following defenses:

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

### (Not Employer)

1.    As a separate and distinct affirmative defense, Defendant alleges that it never employed Plaintiff nor the putative class Plaintiff purports to represent.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Waiver)

2.    As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the FAC and each cause of action set forth therein is barred by the equitable doctrine of waiver.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.    As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the FAC and each cause of action set forth therein are barred by the equitable doctrine of unclean hands.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:99616192.1 024778.1351

1.

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S FAC

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Laches)

4.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the FAC and each cause of action set forth therein are barred by the equitable doctrine of laches.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Estoppel)

5.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the FAC and each cause of action set forth therein are barred by the equitable doctrine of estoppel.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Consent)

6.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the FAC and each cause of action set forth therein are barred by the equitable doctrine of consent.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Class Action Release)

7.     As a separate and distinct affirmative defense, Defendant alleges that the FAC, and each purported cause of action alleged therein, is barred to the extent Plaintiff and/or the members of the alleged putative class he purports to represent have released Defendant from any claims he/she/they may have against Defendant.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

8.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's damages and/or penalties, if any, are barred and/or limited pursuant to the doctrine of avoidable

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1 | consequences. Defendant will amend its answer to assert further facts in support of this affirmative
2 | defense as they become known in discovery. *See Department of Health Services v. Superior Court,*
3 | 31 Cal.4th 1026 (2003).

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Lack of Standing)

9. As a separate and distinct affirmative defense, Defendant alleges that the FAC and each cause of action set forth therein are barred because the named Plaintiff lacks standing as a representative of the proposed class and does not adequately represent the putative class members.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

10. As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred by the applicable statutes of limitations under Labor Code § 203, California Code of Civil Procedure §§ 335.1, 338, 339, 340(a), 340(b), 343, and California Business and Professions Code § 17208.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Satisfaction of Claims)

11. As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any monies owed to Plaintiff and those for whom he seeks to recover have been paid in full and any obligations it may have owed to Plaintiff and those for whom he seeks to recover have been paid or otherwise satisfied in full.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Impossibility of Performance)

12. As a separate and distinct affirmative defense, as to Plaintiff's claims for violation of California Labor Code § 226, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that this claim is barred because any failure of performance, if any such failure occurred, was the result of impossibility of performance, and not the result of a violation of the law.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:99616192.1 024778.1351

3.

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S FAC

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Good Faith)

13.     As a separate and distinct affirmative defense to each and every cause of action in Plaintiff's FAC, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any violation of the Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith, and Defendant had reasonable grounds for believing that their practices complied with applicable laws and that any act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission so that Plaintiff, nor the putative class he purports to represent, are not entitled to any damages in excess of any amounts which might be found to be due.

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Actions By Agents Outside The Scope Of Authority)

14.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims cannot be maintained against Defendant because if employees of Defendant (including Plaintiff) took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendant and Defendant did not know of nor should it have known of such conduct.

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

15.     As a separate and distinct affirmative defense, Defendant alleges that the FAC fails to state a claim for penalties under the California Labor Code in that (1) there was and is a bona fide, good faith dispute as to Defendant' obligations under any applicable Labor Code provisions, including without limitation Labor Code § 203; and (2) Defendant did not willfully violate Labor Code § 203.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Breach of Duty)

16.     As a separate and distinct affirmative defense, while expressly denying any liability arising from alleged statutory violations or otherwise, Defendant alleges that any amounts Plaintiff

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:99616192.1 024778.1351

4.

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S FAC

1  and the putative class may be entitled to as additional compensation and/or for penalties should be

2  reduced or set off due to their breach of duty and other violations of law.

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

17.  As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff and each putative class member has failed to exercise reasonable care to mitigate damages, if any were suffered, and that their right to recover against Defendant should be reduced and/or eliminated by such a failure.

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Excessive Fines)

18.  As a separate and distinct affirmative defense, Defendant alleges that, as applied in this putative class action, employment of civil penalties would result in the imposition of excessive fines in violation of Article I, § 17 of the California Constitution and the eighth amendment to the United States Constitution, as made applicable to the states under the fourteenth amendment to the United States Constitution. *See People ex rel Lockyer v. R.J. Reynolds Tobacco Company*, 37 Cal. 4th 707 (2005).

### NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Unconstitutionality Of Multiple Penalties)

19.  As a separate and distinct affirmative defense, Defendant alleges that multiple individual penalties would deprive Defendant of its fundamental constitutional right to due process.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

### (Claims Unconstitutionally Vague And Ambiguous)

20.  As a separate and affirmative defense, Defendant alleges that the FAC and each cause of action therein, or some of them, are barred because the applicable wage orders of the Industrial Welfare Commission and California Business and Professions Code Section 17200, *et seq.* are unconstitutionally vague and ambiguous and violate Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:99616192.1 024778.1351

5.

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

### (Penalties Violate Substantive And Procedural Due Process)

21.   As a separate and distinct affirmative defense, Defendant alleges that, to the extent that Plaintiff seeks waiting time and other statutory penalties, Defendant alleges that such a request would violate Defendant's procedural and substantive and procedural due process (vis-à-vis the Fourteenth Amendment of the United States Constitution and the Due Process and Equal Protection Clauses in Article 1 of the California Constitution).  *See State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003) or *People ex. rel. Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707 (2005).

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Purported Violations Are *De Minimis*)

22.   As a separate and distinct affirmative defense, Defendant alleges that to the extent that Plaintiff and the putative class members seek to recover for alleged violations of concerning overtime, meal periods and rest periods, Plaintiff and the putative class members cannot maintain such claims because even assuming, *arguendo*, that Plaintiff and the putative class members are entitled to additional compensation, such alleged violations, if any, are *de minimis*, and therefore not entitled to additional compensation.

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (Due Process - B&P Code § 17200)

23.   As a separate and distinct affirmative defense, Defendant alleges that prosecution of this action under Business and Professions Code § 17200 et seq., as applied to the facts and circumstances of this case, constitutes a denial of due process rights under the fourteenth amendment to the United States Constitution and Article I, § 7 of the California Constitutions.  That violation is both procedural, by imposing a procedure that would render it impossible for Defendant to defend their interests and property; and substantive, by imposing remedies constitutionally disproportionate to the wrongs committed.  *See People ex rel Lockyer v. R.J. Reynolds Tobacco Company*, 37 Cal. 4th 707 (2005).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S FAC

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (IWC Orders Unconstitutional)

24.     As a separate and distinct affirmative defense, Defendant alleges that the FAC and each cause of action therein, or some of them, are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

## TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (UCL Remedies For Discontinued Actions)

25.     As a separate and distinct affirmative defense, Defendant alleges that injunctive relief is barred with respect to any and all alleged violations of Business and Professions Code § 17200 *et seq.* that have discontinued, ceased, and are not likely to recur.

## TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Comparative Fault)

26.     As a separate and distinct affirmative defense to the FAC, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges that if Plaintiff and/or putative class members suffered any damages, which Defendant denies, such damages were proximately or legally caused by the misconduct of Plaintiff and/or putative class members, and, accordingly, without admitting that they are entitled to any recovery, Defendant alleges that any recovery to which Plaintiff and/or putative class members may be entitled must be reduced by reason of their contributory/comparative fault and/or assumption of the risk.

## TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Frivolous Bad Faith Claims)

27.     As a separate and distinct affirmative defense, Defendant alleges that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys.  Defendant reserves the right to amend its Answer upon further investigation and discovery of facts supporting this

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East,
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:99616192.1 024778.1351

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S FAC

1  defense.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure To Satisfy Class Action Elements)

28.   As separate and distinct affirmative defense to the FAC, Defendant alleges that Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class, representative, or collective action, including, and without limitation, ascertainability, predominance, typicality, adequacy of representation (of both the proposed class representative and proposed class counsel), and superiority, and further allege that public policy considerations do not favor such a certification.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Certification Of Class Violates Due Process)

29.   As a separate and distinct affirmative defense to the FAC, Defendant alleges that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution. Defendant reserves the right to amend its Answer upon further investigation and discovery of facts supporting this defense.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

30.   As a separate and distinct affirmative defense to the FAC, Defendant alleges that it had a good faith and reasonable belief that the pay practices at issue were in compliance with applicable law and that, accordingly, Defendant's conduct was not willful and no waiting time penalties should be awarded Plaintiff or any putative class members for any violation thereof that may be found to exist and Plaintiffs and the putative class members' claims under Business and Professions Code section 17200 should be barred.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

31.   As a separate and distinct affirmative defense to the FAC, Defendant alleges that, to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:99616192.1 024778.1351

8.

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S FAC

1    the extent during the course of this litigation Defendant acquires any evidence of wrongdoing of

2    Plaintiff and/or the putative class members, which wrongdoing would have materially affected the

3    terms and conditions of their employment or would have resulted in Plaintiff and/or the putative

4    class members being either demoted, disciplined, or terminated, such after-acquired evidence shall

5    bar Plaintiff and/or the putative class members' claim on liability or damages and shall reduce such

6    claim as provided by law.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Offset)

9        32.    As a separate and distinct affirmative defense to the FAC, while expressly denying

10   any liability arising from alleged statutory violations or otherwise, Defendant alleges that any

11   amounts Plaintiff and the putative class members are entitled to as additional compensation should

12   be reduced or set off due to their knowledge of, voluntary participation in, and unjust enrichment

13   from the challenged aspects of Defendant's policies.

### PRESERVATION OF RIGHT TO AMEND TO ADD DEFENSES

16       Defendant does not presently know all of the facts respecting the conduct of Plaintiff and the

17   putative class members sufficient to allow it to state all affirmative defenses at this time. Defendant

18   is informed and believes, however, that further investigation and discovery will reveal that it may

19   have additional affirmative defenses available of which it is not fully aware at the present time.

20   Defendant reserves the right to amend this Answer to assert said additional affirmative defenses

21   should it later discover facts demonstrating the existence and applicability of same.

### PRAYER FOR RELIEF

24   WHEREFORE, Defendant prays for relief as follows:

25   1.      That the Court dismiss Plaintiff's FAC in its entirety with prejudice;

26   2.      That the Court order that Plaintiff take nothing by way of his FAC against Defendant;

27   3.      That Defendant be awarded judgment in its favor and against Plaintiff;

28   4.      That Defendant recover its costs of suit incurred herein; and

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
.os Angeles, CA  90067-3107
310.553.0308

Firmwide:99616192.1 024778.1351

9.

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S FAC

5.    That the Court grant Defendant such other and further relief as it deems just and proper.

Dated: January 21, 2011

_____

CRAIG G. STAUB
ALECIA W. WINFIELD
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
COMPASS GROUP USA, INC., BON
APPETIT MANAGEMENT CO. and BON
APPETIT MANAGEMENT COMPANY
FOUNDATION

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:99616192.1 024778.1351

10.

ANSWER OF DEFENDANT COMPASS GROUP USA, INC. TO PLAINTIFF'S FAC

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On January 21, 2011, I served the within document(s):

**ANSWER TO FIRST AMENDED COMPLAINT OF Defendant COMPASS GROUP USA, INC.**

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

James R. Hawkins
Gregory E. Mauro
Alvin B. Lindsay
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
*T: (949) 387-7200 / F: (949) 387-6676*
*Attorney for Plaintiff*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 21, 2011, at Los Angeles, California.

Jenna Newcomb-Carter

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:99301539.1 024778.1351

PROOF OF SERVICE

James R. Hawkins, Esq. SBN 192925
james@jameshawkinsaplc.com
Gregory E. Mauro, Esq. SBN 222239
greg@jameshawkinsaplc.com
Alvin B. Lindsay, Esq. SBN220236
al@jameshawkinsaplc.com
JAMES HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676

Attorneys for Gerardo Mojica, on behalf of
himself and all others similarly situated

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
05/27/2011 at 03:21:00 PM
Clerk of the Superior Court
By Rebecca Bojorques, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| GERARDO MOJICA, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>COMPASS GROUP USA, INC., a Delaware Corporation; BON APPETIT MANAGEMENT, CO., a California Corporation; BON APPETIT MANAGEMENT COMPANY FOUNDATION, a California Corporation and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.  30-2010-00417438-CU-OE-CXC<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE:  KIM G. DUNNING<br>DEPT: CX-104<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>DATE:  June 1, 2011<br>TIME:   10:00 p.m.<br>DEPT:  CX104 |

Plaintiff Gerardo Mojica, on behalf of himself and all others similarly situated ("Plaintiffs"), and Defendants Compass Group USA, Inc., Bon Appetit Management Co., and Bon Appetit Management Company Foundation ("Defendants") hereby jointly submit this Status Conference Statement for the June 1, 2011 status conference scheduled with the Court in this matter.

- 1 -

1    Plaintiffs' first amended complaint has been answered by Defendants as of January 21,

2    2011. The parties have exchanged their initial discovery requests, and are working towards

3    completing initial discovery in connection with Plaintiffs' class certification motion. The parties

4    will be better able to address the timing of the Plaintiffs' certification motion and the logistics of

5    conducting discovery and providing notice necessary for certification after they have completed

6    their initial discovery and depositions.

7    Defendants served their initial requests in January, and Plaintiffs responded on March 28,

8    2011 per agreement of counsel. On that day, Plaintiffs also produced documents responsive to

9    Defendants' requests. Defendant will be scheduling the deposition of Plaintiff Mojica and other

10   depositions as necessary in the coming months.

11   Plaintiffs served their initial discovery requests on Defendants in early April, including

12   sets to all three Defendants. Per agreement of counsel, Defendants' discovery responses and

13   document production are presently due to be served on Plaintiffs' counsel on June 9, 2011, soon

14   after the present Status Conference. Plaintiffs will also be scheduling depositions of Defendants

15   and their persons most knowledgeable in the coming months.

16

17   Plaintiffs and Defendants are in agreement that discovery leading up to Plaintiffs' motion

18   for class certification will be completed in the coming months, and respectfully submit to the

19   Court they will be better able to address the timing and logistics of class certification after

20   having completed initial discovery.

21   Whereas the parties have worked together and are engaged in class certification

22   discovery, Plaintiffs and Defendants jointly request that the Court set a further Case

23   Management Conference on a date at least 90 days after the present June 1, 2011 Status

24   Conference date to permit the parties to complete initial discovery and develop and address the

25   scope and applicability of their claims and certification evidence.[1]

26

27   _____

28   [1]  Plaintiffs' counsel has received authorization from Defendants' undersigned counsel to file
     this joint statement on the parties' behalf.

- 2 -

JOINT STATUS CONFERENCE STATEMENT – JUNE 1, 2011 CONFERENCE

1

Dated:   May 27, 2011                     Respectfully submitted,
                                          JAMES HAWKINS, APLC

2

                                          /s/ Alvin B. Lindsay

3                                         James R. Hawkins, Esq.
                                          Gregory E. Mauro, Esq.

4                                         Alvin B. Lindsay, Esq.

5                                         Attorneys for Plaintiff Gerardo Mojica, on behalf of
                                          himself and all others similarly situated

6

7   Dated:   May 27, 2011                 Respectfully submitted,

8                                         LITTLER MENDELSON, P.C.

9                                         /s/ Craig G. Staub

10                                        Craig G. Staub, Esq.
                                          Alecia W. Winfield, Esq.

11                                        Attorneys for Defendants Compass Group USA ,
                                          Inc., Bon Appetit Management Co., and Bon Appetit

12                                        Management Company Foundation

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

JOINT STATUS CONFERENCE STATEMENT – JUNE 1, 2011 CONFERENCE

1    CRAIG G. STAUB, Bar No. 172857
     ALECIA W. WINFIELD, Bar No. 209661
2    LITTLER MENDELSON
     A Professional Corporation
3    2049 Century Park East
     5th Floor
4    Los Angeles, CA 90067.3107
     Telephone:    310.553.0308
5    Fax No.:       310.553.5583

6    Attorneys for Defendants
     COMPASS GROUP USA, INC., BON APPETIT
7    MANAGEMENT CO. and BON APPETIT
     MANAGEMENT COMPANY FOUNDATION

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/21/2011** at 12:32:00 PM

Clerk of the Superior Court
By Maarit H Nordman,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE - CIVIL COMPLEX UNIT

| | |
|---|---|
| GERARDO MOJICA, on behalf of himself and all others similarly situated, <br><br>         Plaintiff, <br><br>         v. <br><br> COMPASS GROUP USA, INC., a Delaware Corporation; BON APPETIT MANAGEMENT, CO., a California Corporation; BON APPETIT MANAGEMENT COMPANY FOUNDATION, a California Corporation and DOES 1 through 100, inclusive, <br><br>         Defendants. | Case No.  30-2010-00417438-CU-OE-CXC <br><br> ASSIGNED FOR ALL PURPOSES TO JUDGE THIERRY PATRICK COLAW – DEPT CX104 <br><br> **ANSWER TO FIRST AMENDED COMPLAINT OF DEFENDANTS BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION** <br><br> Complaint Filed:    October 18, 2010 <br> FAC:               December 8, 2010 |

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:99612724.3 024778.1351

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

COME NOW Defendants BON APPETIT MANAGEMENT CO. and BON APPETIT MANAGEMENT COMPANY FOUNDATION ("Defendants"), by and through their attorneys, and hereby answer the First Amended Class Action Complaint ("FAC") filed by Plaintiff Gerardo Mojica ("Plaintiff"), on behalf of himself and all others similarly situated, as follows:

## GENERAL DENIAL

Defendants, generally deny each and every allegation of the Complaint, and the whole thereof, pursuant to Section 431.30 of the California Code of Civil Procedure and further deny that Plaintiff or any class that he purports to represent have been damaged in any sum or at all.

## AFFIRMATIVE DEFENSES

Without waiving or excusing the burden of proof of Plaintiff and/or the putative class members or admitting that Defendants have any burden of proof, Defendants assert the following defenses:

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

### (Waiver)

1.      As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the FAC and each cause of action set forth therein is barred by the equitable doctrine of waiver.

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Unclean Hands)

2.      As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the FAC and each cause of action set forth therein are barred by the equitable doctrine of unclean hands.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (Laches)

3.      As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the FAC and each cause of action set forth therein are barred by the equitable doctrine of laches.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:99612724.3 024778.1351

1.

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

## FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Estoppel)

4.    As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the FAC and each cause of action set forth therein are barred by the equitable doctrine of estoppel.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Consent)

5.    As a separate and distinct affirmative defense, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the FAC and each cause of action set forth therein are barred by the equitable doctrine of consent.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Class Action Release)

6.    As a separate and distinct affirmative defense, Defendants allege that the FAC, and each purported cause of action alleged therein, is barred to the extent Plaintiff and/or the members of the alleged putative class he purports to represent have released Defendants from any claims he/she/they may have against them.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

7.    As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that Plaintiff's damages and/or penalties, if any, are barred and/or limited pursuant to the doctrine of avoidable consequences. Defendants will amend their answer to assert further facts in support of this affirmative defense as they become known in discovery. *See Department of Health Services v. Superior Court*, 31 Cal.4th 1026 (2003).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:99612724.3 024778.1351

2.

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Lack of Standing)

8.     As a separate and distinct affirmative defense, Defendants allege that the FAC and each cause of action set forth therein is barred because the named Plaintiff lacks standing as a representative of the proposed class and does not adequately represent the putative class members.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Statute Of Limitations)

9.     As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred by the applicable statutes of limitations under Labor Code § 203, California Code of Civil Procedure §§ 335.1, 338, 339, 340(a), 340(b), 343, and California Business and Professions Code § 17208.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Satisfaction of Claims)

10.     As a separate and distinct affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that any monies owed to Plaintiff and those for whom he seeks to recover have been paid in full and any obligations they may have owed to Plaintiff and those for whom he seeks to recover have been paid or otherwise satisfied in full.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Impossibility of Performance)

11.     As a separate and distinct affirmative defense, as to Plaintiff's claims for violation of California Labor Code § 226, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that this claim is barred because any failure of performance, if any such failure occurred, was the result of impossibility of performance, and not the result of a violation of the law.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:99612724.3 024778.1351

3.

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Good Faith)

12.    As a separate and distinct affirmative defense to each and every cause of action in Plaintiff's FAC, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that any violation of the Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith, and Defendants had reasonable grounds for believing that their practices complied with applicable laws and that any act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission so that Plaintiff is not entitled to any damages in excess of any amounts which might be found to be due.

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Actions By Agents Outside The Scope Of Authority)

13.    As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims cannot be maintained against Defendants because if employees of Defendants (including Plaintiff) took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Defendants and Defendants did not know of nor should they have known of such conduct.

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

14.    As a separate and distinct affirmative defense, Defendants allege that the FAC fails to state a claim for penalties under the California Labor Code in that (1) there was and is a bona fide, good faith dispute as to Defendants' obligations under any applicable Labor Code provisions, including without limitation Labor Code § 203; and (2) Defendants did not willfully violate Labor Code § 203.

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Breach of Duty)

15.    As a separate and distinct affirmative defense, while expressly denying any liability arising from alleged statutory violations or otherwise, Defendants allege that any amounts Plaintiff and the putative class may be entitled to as additional compensation and/or for penalties should be

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:99612724.3 024778.1351

4.

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

1   reduced or set off due to their breach of duty and other violations of law.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Failure To Mitigate Damages)

16.    As a separate and distinct affirmative defense to the FAC, and to each claim for relief contained therein, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, Plaintiff and each putative class member has failed to exercise reasonable care to mitigate damages, if any were suffered, and that their right to recover against Defendants should be reduced and/or eliminated by such a failure.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Excessive Fines)

17.    As a separate and distinct affirmative defense, Defendants allege that, as applied in this putative class action, employment of civil penalties would result in the imposition of excessive fines in violation of Article I, § 17 of the California Constitution and the eighth amendment to the United States Constitution, as made applicable to the states under the fourteenth amendment to the United States Constitution. *See People ex rel Lockyer v. R.J. Reynolds Tobacco Company*, 37 Cal. 4th 707 (2005).

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Unconstitutionality Of Multiple Penalties)

18.    As a separate and distinct affirmative defense, Defendants allege that multiple individual penalties would deprive Defendants of their fundamental constitutional right to due process.

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Claims Unconstitutionally Vague And Ambiguous)

19.    As a separate and affirmative defense, Defendants allege that the FAC and each cause of action therein, or some of them, are barred because the applicable wage orders of the Industrial Welfare Commission and California Business and Professions Code Section 17200, *et seq.* are unconstitutionally vague and ambiguous and violate Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:99612724.3 024778.1351

5.

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

### (Penalties Violate Substantive And Procedural Due Process)

20.     As a separate and distinct affirmative defense, Defendants allege that, to the extent that Plaintiff seeks waiting time and other statutory penalties, Defendants allege that such a request would violate Defendants' procedural and substantive and procedural due process (vis-à-vis the Fourteenth Amendment of the United States Constitution and the Due Process and Equal Protection Clauses in Article 1 of the California Constitution).  *See State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003) or *People ex. rel. Lockyer v. R.J. Reynolds*, 37 Cal. 4th 707 (2005).

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

### (Purported Violations Are *De Minimis*)

21.     As a separate and distinct affirmative defense, Defendants allege that to the extent that Plaintiff and the putative class members seek to recover for alleged violations of concerning overtime, meal periods and rest periods, Plaintiff and the putative class members cannot maintain such claims because even assuming, *arguendo*, that Plaintiff and the putative class members are entitled to additional compensation, such alleged violations, if any, are *de minimis*, and therefore not entitled to additional compensation.

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

### (Due Process - B&P Code § 17200)

22.     As a separate and distinct affirmative defense, Defendants allege that prosecution of a representative action on behalf of the general public under Business and Professions Code § 17200 et seq., as applied to the facts and circumstances of this case, constitutes a denial of due process rights under the fourteenth amendment to the United States Constitution and Article I, § 7 of the California Constitutions.  That violation is both procedural, by imposing a procedure that would render it impossible for Defendants to defend their interests and property; and substantive, by imposing remedies constitutionally disproportionate to the wrongs committed.  *See People ex rel Lockyer v. R.J. Reynolds Tobacco Company*, 37 Cal. 4th 707 (2005).

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:99612724.3 024778.1351

6.

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (IWC Orders Unconstitutional)

23.     As a separate and distinct affirmative defense, Defendants allege that the FAC and each cause of action therein, or some of them, are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (UCL Remedies For Discontinued Actions)

24.     As a separate and distinct affirmative defense, Defendants allege that injunctive relief is barred with respect to any and all alleged violations of Business and Professions Code § 17200 *et seq.* that have discontinued, ceased, and are not likely to recur.

## TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Comparative Fault)

25.     As a separate and distinct affirmative defense to the FAC, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal and, on that basis, allege that if Plaintiff and/or putative class members suffered any damages, which Defendants deny, such damages were proximately or legally caused by the misconduct of Plaintiff and/or putative class members, and, accordingly, without admitting that they are entitled to any recovery, Defendants allege that any recovery to which Plaintiff and/or putative class members may be entitled must be reduced by reason of their contributory/comparative fault and/or assumption of the risk.

## TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Frivolous Bad Faith Claims)

26.     As a separate and distinct affirmative defense, Defendants allege that a reasonable opportunity for investigation and discovery will reveal and, on that basis allege, that Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys. Defendants reserve the right to amend their Answer upon further investigation and discovery of facts supporting this

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:99612724.3 024778.1351

7.

defense.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure To Satisfy Class Action Elements)

27. As separate and distinct affirmative defense to the FAC, Defendants allege that Plaintiff has failed to and cannot satisfy the requirements for the maintenance of a class, representative, or collective action, including, and without limitation, ascertainability, predominance, typicality, adequacy of representation (of both the proposed class representative and proposed class counsel), and superiority, and further allege that public policy considerations do not favor such a certification.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Certification Of Class Violates Due Process)

28. As a separate and distinct affirmative defense to the FAC, Defendants allege that certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution. Defendants reserve the right to amend their Answer upon further investigation and discovery of facts supporting this defense.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

29. As a separate and distinct affirmative defense to the FAC, Defendants allege that it had a good faith and reasonable belief that the pay practices at issue were in compliance with applicable law and that, accordingly, Defendants' conduct was not willful and no waiting time penalties should be awarded Plaintiff or any putative class members for any violation thereof that may be found to exist and Plaintiffs and the putative class members' claims under Business and Professions Code section 17200 should be barred.

## THIRTIETH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

30. As a separate and distinct affirmative defense to the FAC, Defendants allege that, to

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:99612724.3 024778.1351

8.

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

1  the extent during the course of this litigation Defendants acquire any evidence of wrongdoing of

2  Plaintiff and/or the putative class members, which wrongdoing would have materially affected the

3  terms and conditions of their employment or would have resulted in Plaintiff and/or the putative

4  class members being either demoted, disciplined, or terminated, such after-acquired evidence shall

5  bar Plaintiff and/or the putative class members' claim on liability or damages and shall reduce such

6  claim as provided by law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Offset)

9      31.    As a separate and distinct affirmative defense to the FAC, while expressly denying

10  any liability arising from alleged statutory violations or otherwise, Defendants allege that any

11  amounts Plaintiff and the putative class members are entitled to as additional compensation should

12  be reduced or set off due to their knowledge of, voluntary participation in, and unjust enrichment

13  from the challenged aspects of Defendants' policies.

### PRESERVATION OF RIGHT TO AMEND TO ADD DEFENSES

15      Defendants do not presently know all of the facts respecting the conduct of Plaintiff and the

16  putative class members sufficient to allow them to state all affirmative defenses at this time.

17  Defendants are informed and believe, however, that further investigation and discovery will reveal

18  that they may have additional affirmative defenses available of which they are not fully aware at the

19  present time. Defendants reserve the right to amend this Answer to assert said additional affirmative

20  defenses should they later discover facts demonstrating the existence and applicability of same.

### PRAYER FOR RELIEF

22      WHEREFORE, Defendants pray for relief as follows:

23      1.    That the Court dismiss Plaintiff's FAC in its entirety with prejudice;

24      2.    That the Court order that Plaintiff take nothing by way of his FAC against

25  Defendants;

26      3.    That Defendants be awarded judgment in their favor and against Plaintiff;

27      4.    That Defendants recover their costs of suit incurred herein; and

28      5.    That the Court grant Defendants such other and further relief as it deems just and

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:99612724.3 024778.1351

9.

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

1  proper.

2

3  Dated: January 21, 2011

4

5

6  CRAIG G. STAUB
7  ALECIA W. WINFIELD
   LITTLER MENDELSON
8  A Professional Corporation
   Attorneys for Defendants
9  COMPASS GROUP USA, INC., BON
   APPETIT MANAGEMENT CO. and BON
10 APPETIT MANAGEMENT COMPANY
   FOUNDATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:99612724.3 024778.1351

10.

ANSWER OF BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On January 21, 2011, I served the within document(s):

**ANSWER TO FIRST AMENDED COMPLAINT OF DEFENDANTS BON APPETIT MANAGEMENT CO. AND BON APPETIT MANAGEMENT COMPANY FOUNDATION**

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

James R. Hawkins
Gregory E. Mauro
Alvin B. Lindsay
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
*T:  (949) 387-7200 / F:  (949) 387-6676*
*Attorney for Plaintiff*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 21, 2011, at Los Angeles, California.

Jonna Newcomb-Carter

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:99301539.1 024778.1351

PROOF OF SERVICE

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 751 W. Santa Ana Blvd<br>MAILING ADDRESS: P.O. Box 22028<br>CITY AND ZIP CODE: Santa Ana CA 92702<br>BRANCH NAME: Civil Complex Center | FOR COURT USE ONLY |
|---|---|
| SHORT TITLE: Mojica vs. Compass Group USA, Inc. | |

| NOTICE OF CONFIRMATION OF ELECTRONIC FILING | CASE NUMBER:<br>30-2010-00417438-CU-OE-CXC |
|---|---|

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of Orange Court. In order to process the filing, the fee shown was assessed.

### Electronic Filing Summary Data

| | |
|---|---|
| Electronically Submitted By: | Compass Group USA, Inc. |
| On Behalf of: | Bon Appetit Management, Co.; CCMS ID: 72262576, Compass Group USA, Inc.; CCMS ID: 72262575, Bon Appetit Management Company Foundation; CCMS ID: 72262577 |
| Transaction Number: | 225129 |
| Court Received Date: | 01/21/2011 |
| Court Received Time: | 12:32:02 PM |
| Filed Date: | 01/21/2011 |
| Filed Time: | 12:32 PM |
| Fee Amount Assessed: | $0.00 |
| Case Number: | 30-2010-00417438-CU-OE-CXC |
| Case Title: | Mojica vs. Compass Group USA, Inc. |
| Location: | Civil Complex Center |
| Case Type: | Other employment |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| Documents Electronically Filed/Received | Status |
|---|---|
| Answer to Amended Complaint (First) | Accepted |
| Answer to Amended Complaint (First) | Accepted |

### Comments
Submitter's Comments:

Clerk's Comments:

---

01/25/2011           **NOTICE OF CONFIRMATION OF FILING**

**Electronic Filing Service Provider Information**

Service Provider   OneLegal
Email:              support@onelegal.com
Contact Person:    Customer Support
Phone:              8009388815

**Newcomb-Carter, Jonna**

| | |
|---|---|
| From: | One Legal Support [support@onelegal.com] |
| Sent: | Friday, January 21, 2011 12:35 PM |
| To: | Newcomb-Carter, Jonna |
| Subject: | Order 5024388 Has Been SUBMITTED to the Court |

To check the status of your order and view your order details:

1. Go to http://www.onelegal.com and login with your email address and password.
2. Click on "Recent Orders".
3. Click on order number 5024388.

You will receive another email from us updating your order's status.

FILING INFORMATION

Order Type:    eFiling
Order No.:     5024388
Submitted:     1/21/2011 12:33 PM

Jurisdiction:  Superior Court of California, Orange County
Location:      Civil Complex Center
Case Category: Civil - Unlimited
Case Type:     Other employment
Case Number:   30-2010-00417438-CU-OE-CXC
Case Title:    Mojica vs. Compass Group USA, Inc.
Lead Document: Answer to Amended Complaint

If you have any questions or need assistance, please send an email to
support@onelegal.com, and feel free to contact our Customer Support department Monday
through Friday from 8:15 a.m. until 5:30 p.m. at 800-938-8815.

Thank you for choosing One Legal.

CCMSOE01

1

# EXHIBIT H

1  James R. Hawkins, Esq. SBN 192925
   james@jameshawkinsaplc.com
2  Gregory E. Mauro, Esq. SBN 222239
   greg@jameshawkinsaplc.com
3  Alvin B. Lindsay, Esq. SBN220236
   al@jameshawkinsaplc.com
4  JAMES HAWKINS, APLC
   9880 Research Drive, Suite 200
5  Irvine, CA 92618
   TEL:   (949) 387-7200
6  FAX:   (949) 387-6676

7  Attorneys for Gerardo Mojica, on behalf of
   himself and all others similarly situated

8

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/25/2011** at 01:59:00 PM
Clerk of the Superior Court
By James M Haines, Deputy Clerk

9

10                    SUPERIOR COURT OF CALIFORNIA

11                        COUNTY OF ORANGE

12  GERARDO MOJICA, on behalf of              Case No.  30-2010-00417438-CU-OE-CXC
    himself and all others similarly situated
13                                            ASSIGNED FOR ALL PURPOSES TO:
14          Plaintiffs,                        JUDGE:  KIM G. DUNNING
                                              DEPT: CX-104
15

16  vs.

17  COMPASS GROUP USA, INC., a Delaware       **JOINT INITIAL CASE MANAGEMENT**
    Corporation; BON APPETIT MANAGEMENT,      **CONFERENCE STATEMENT**
18  CO., a California Corporation; BON APPETIT
19  MANAGEMENT COMPANY
    FOUNDATION, a California Corporation and
20  DOES 1 through 100, inclusive,            DATE:  March 3, 2011
                                              TIME:   1:30 p.m.
21          Defendants.                        DEPT:  CX104

22

23

24          Plaintiff Gerardo Mojica, on behalf of himself and all others similarly situated

25  ("Plaintiffs"), and Defendants Compass Group USA, Inc., Bon Appetit Management Co., and

26  Bon Appetit Management Company Foundation ("Defendants") hereby jointly submit this Initial

27  Case Management Conference Statement.  On October 18, 2010, Plaintiffs filed a purported

28  wage and hour class action against Defendants alleging the following six causes of action:   1)

                                        - 1 -

                JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT

Failure to pay Hourly Wages and Overtime Wages; 2) Failure to Provide Rest Periods and Meal Periods or Compensation in Lieu Thereof; 3) Failure to Timely Pay Wages; 4) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions; 5) Illegal Uniform Policies and Failure to Reimburse for Work Expenses; and 6) Violations of the Unfair Competition Laws.

On December 8, 2010, Plaintiffs filed a First Amended Complaint adding a seventh cause of action for violations of the Private Attorneys General Act of 2004 Labor Code § 2698, *et. seq.*

On December 17, 2010, Plaintiffs served the First Amended Complaint and the Original Summons and Complaint, and other supporting and pertinent documents, on each of the Defendants.  Proofs of service have been filed with the Court.

On January 14, 2011, Defendants Bon Appetit Management Co. and Bon Appetit Management Company Foundation filed their Answer to Plaintiffs' Original Complaint, denying Plaintiffs' allegations and asserting thirty-six affirmative defenses to Plaintiffs' claims.   On January 14, 2011, Defendant Compass Group USA, Inc. also filed its Answer to Plaintiffs' Complaint, denying Plaintiffs' allegations and asserting thirty-seven affirmative defenses to Plaintiffs' claims.  One of the defenses asserted by Compass Group USA, Inc. is that it has never employed any members of the putative class, and Plaintiffs counsel has agreed to work with counsel for Compass Group USA, Inc. as necessary to determine if it should be dismissed without prejudice as a Defendant in this matter.  Plaintiffs have been served with Defendants' Answers to the Original Complaint.

On January 21, 2011, Defendant Compass Group USA, Inc. filed an Answer to Plaintiffs' First Amended Complaint, denying Plaintiffs' allegations and asserting thirty-two affirmative defenses.  On the same day, the Bon Appetit Defendants also filed their Answer to Plaintiffs' First Amended Complaint, denying Plaintiffs allegations and asserting thirty-one affirmative defenses.  Plaintiffs were served with Defendants' Answers to the First Amended Complaint.

On January 25, 2011, Defendant Bon Appetit Management Co. served discovery requests on Plaintiff Gerardo Mojica, including special interrogatories, multiple sets of form

- 2 -

1   interrogatories, document production requests and requests for admission.  The parties have

2   agreed Plaintiff's responses will be due March 11, 2011.  Plaintiffs will be serving their initial

3   discovery requests on Defendants in the coming weeks.

4        Whereas the parties have worked together and are engaged in the initial stages of

5   discovery, Plaintiffs and Defendants jointly request that the Court set a further Case

6   Management Conference on a date at least 60 days after the initial March 3, 2011 Initial Case

7   Management Conference date to permit the parties to conduct further discovery and develop and

8   address the scope and applicability of their claims.[1]

9

10  Dated:  February 25, 2011          Respectfully submitted,
11                                     JAMES HAWKINS, APLC

12                                     /s/ Alvin B. Lindsay
                                       James R. Hawkins, Esq.
13                                     Gregory E. Mauro, Esq.
                                       Alvin B. Lindsay, Esq.
14                                     Attorneys for Plaintiff Gerardo Mojica, on behalf of
                                       himself and all others similarly situated
15

16
    Dated:  February 25, 2011          Respectfully submitted,
17                                     LITTLER MENDELSON, P.C.

18                                     /s/ Alecia W. Winfield
                                       Craig G. Staub, Esq.
19                                     Alecia W. Winfield, Esq.
20                                     Attorneys for Defendants Compass Group USA ,
                                       Inc., Bon Appetit Management Co., and Bon Appetit
21                                     Management Company Foundation

22

23

24

25

26

27  _____
    [1]  Plaintiffs' counsel has received authorization from Defendants' counsel to file this joint
28  statement on the parties' behalf.

- 3 -

JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT

.

# EXHIBIT I

1   CRAIG G. STAUB, Bar No. 172857
    ALECIA W. WINFIELD, Bar No. 209661
2   LITTLER MENDELSON
    A Professional Corporation
3   2049 Century Park East
    5th Floor
4   Los Angeles, CA 90067.3107
    Telephone:   310.553.0308
5   Fax No.:     310.553.5583

6   Attorneys for Defendants
    COMPASS GROUP USA, INC.,
7   BON APPETIT MANAGEMENT, CO.,
    BON APPETIT MANAGEMENT COMPANY
8   FOUNDATION

9

10  JAMES R. HAWKINS, Bar No. 192925
    GREGORY E. MAURO, Bar No. 222239
11  ALVIN B. LINDSAY, Bar No. 220236
    JAMES HAWKINS, APLC
12  9880 Research Drive
    Suite 200
13  Irvine, CA 92618
    Telephone:   949.387.7200
14  Fax No.:     949.387.6676

15

16  Attorneys for Plaintiffs
    GERARDO MOJICA, on behalf of himself
17  and all others similarly situated

18              SUPERIOR COURT OF CALIFORNIA
19          COUNTY OF ORANGE - CIVIL COMPLEX UNIT

20  GERARDO MOJICA, on behalf of himself       Case No. 30-2010-00417438-CU-OE-CXC
    and all others similarly situated,
21                                             ASSIGNED FOR ALL PURPOSES TO
                  Plaintiff,                   JUDGE KIM G. DUNNING -- DEPT CX-104
22
          v.                                   CLASS ACTION
23
    COMPASS GROUP USA, INC., a                 [PROPOSED] STIPULATED
24  Delaware Corporation; BON APPETIT          PROTECTIVE ORDER
    MANAGEMENT, CO., a California
25  Corporation; BON APPETIT                   Complaint Filed:   October 18, 2010
    MANAGEMENT COMPANY                         FAC Filed:  December 8, 2010
26  FOUNDATION, a California Corporation
    and DOES 1 through 100, inclusive,
27
                  Defendants.
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

AUG 17 2011

ALAN CARLSON, Clerk of the Court
C. Henderson
BY C HENDERSON

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
08/12/2011 at 10:53:49 AM
Clerk of the Superior Court
By Jaime Cordero, Deputy Clerk

1.   <u>PURPOSE OF STIPULATION AND PROTECTIVE ORDER:</u>

It is the purpose of this Protective Order to allow the parties to this lawsuit to have reasonable access to information from the other parties to this lawsuit while providing those parties and third-parties with a means for limiting access to, and disclosure of, confidential proprietary information that is produced in this lawsuit.

2.   <u>DEFINITIONS.</u>

(a)   <u>Party.</u>   "Party" means any of the parties to this action, their affiliates, and their respective officers, directors and employees.

(b)   <u>Counsel.</u>   "Counsel" means:

(1)   Littler Mendelson, a professional corporation, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action;

(2)   In-house counsel for Defendants and their respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action;

(3)   James Hawkins, APLC, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Protected Material for the purpose of this action.

(c)   <u>Discovery Material.</u>   "Discovery Material" means any information, document, tangible thing, response to discovery requests, disclosure pursuant to California Code of Civil Procedure § 2019.210, deposition testimony or transcripts, and any other similar materials, or portions thereof.

(d)   <u>Designating Party.</u>   "Designating Party" means a Party or third party in this action that designates materials produced or utilized in this litigation by any Party or any third party (pursuant to subpoena or otherwise), as "CONFIDENTIAL INFORMATION."

(e)   <u>Receiving Party.</u>   "Receiving Party" means a Party to this action and all employees, agents and directors (other than Counsel) of the Party, who receives Discovery Material.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

(f)   <u>Confidential Information</u>. "CONFIDENTIAL INFORMATION" is defined herein as confidential or sensitive proprietary, business, commercial or personal or private information, information which constitutes, discloses, reveals, describes or discusses, in whole or in part, a trade secret within the meaning of the California Uniform Trade Secrets Act, future business plans, information regarding products not released or announced to the public, non-public proprietary information, financial information not released or announced to the public, customer lists, personnel information, and/or information protected by the right to privacy under any state or federal constitutional provision, or any similar statute, rule, or regulation. The parties cannot reasonably anticipate all information that will be requested and produced in this action, and they therefore reserve the right to designate as CONFIDENTIAL INFORMATION any document or category of information, which they in good faith believe is entitled to the designation even if it is not expressly mentioned in the definition above.

(g)   <u>Protected Material</u>. "Protected Material" means any Discovery Material, and any notes or other records embodying or disclosing the contents of such Discovery Material, that is designated as "Confidential Information" in accordance with Paragraphs 3(a) and 3(b) below.

(h)   <u>Jury Consultant</u>. "Jury Consultant" means an established professional in the field of jury consultancy and its respective secretarial and other assistants to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

(i)   <u>Graphics Vendor</u>. "Graphics Vendor" means an established professional in the field of graphics preparation and its respective secretarial and other assistants to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

(j)   <u>Independent Expert</u>. "Independent Expert" means an expert and/or independent consultant actually retained or employed to advise or to assist counsel in the preparation and/or trial of this action and who is not employed by a Party, or any affiliate of any Party, to whom it is necessary or useful to disclose Protected Material for the purpose of this action.

3.   <u>DESIGNATION OF PROTECTED MATERIAL</u>.

(a)   Any document, any information produced on magnetic disks or other computer-related media, and any portion of oral testimony produced or given in this action that is asserted by

3.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 1867
310 553 0308

1    any Party to contain or constitute CONFIDENTIAL INFORMATION shall be so designated by such

2    Party.  Each page of each document, and the front of each disk, that contains CONFIDENTIAL

3    INFORMATION shall be marked on its face with the legend "CONFIDENTIAL" OR

4    "CONFIDENTIAL INFORMATION."   Transcript pages containing or constituting

5    CONFIDENTIAL INFORMATION shall be separately bound by the court reporter and marked

6    "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" on each page.  If a Receiving Party

7    wishes to show non-CONFIDENTIAL portions of a document or transcript containing

8    CONFIDENTIAL INFORMATION to a person or party not described below in Paragraph 4(a), it

9    shall first redact all portions designated as CONFIDENTIAL.

10         (b)    All designations of CONFIDENTIAL INFORMATION shall be made on or before

11    the time of the production of the information, except in the case of a production made by a third

12    party to the action.  In such case, a Designating Party may make such designation within fourteen

13    (14) days of receipt of such production.  For a period of fourteen days from the date of such

14    production, the information shall be treated as if it was produced pursuant to a designation of

15    CONFIDENTIAL.

16    4.    <u>ACCESS TO PROTECTED MATERIAL</u>.

17         (a)    In the absence of written permission from a Designating Party or an order of the

18    Court, any CONFIDENTIAL INFORMATION produced or designated in accordance with the

19    provisions of Paragraph 3(a) above shall be used solely for purposes of the prosecution and defense

20    of the above-entitled litigation and shall not be disclosed to or discussed with any person other than:

21    (a) the Receiving Party; (b) Counsel for the Receiving Party including necessary support personnel

22    of counsel; (c) employees of the Receiving Party whose review of such information is required for

23    the conduct of the above-entitled litigation; (d) Jury Consultants, Graphics Vendor, and Independent

24    Experts who are engaged for the purpose of this action by the Party receiving the information and

25    their support personnel; (e) the individual who authored, prepared or received the information; (f)

26    the Court staff including necessary support personnel; and (g) certified court reporters, translators,

27    and videographers taking testimony involving such CONFIDENTIAL INFORMATION (with each

28    such person or entity being a "Qualified Recipient" of CONFIDENTIAL INFORMATION).

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

4.

1     (b)   <u>Custody of Protected Material</u>. All documents containing information designated

2 "CONFIDENTIAL" and notes or other records regarding that information shall be maintained in the

3 custody of Counsel for the parties, and no partial or complete copies thereof containing Protected

4 Material shall be retained by anyone else, except that (i) Jury Consultants, Graphics Vendors, and

5 Independent Experts may retain documents containing Protected Material on a temporary basis not

6 to exceed the length of time reasonably necessary for purposes of study, analysis, and preparation of

7 the case, and (ii) the Parties to the action may retain documents containing CONFIDENTIAL

8 INFORMATION on a temporary basis not to exceed the length of time reasonably necessary for

9 purposes of study, analysis, and preparation of the case. A person with custody of Protected

10 Material shall maintain it in a manner that limits access to qualified persons.

11     (c)   <u>Independent Expert</u>. Subject to the provisions of this Order, all Protected Material

12 may be disclosed to any Independent Expert who has agreed in writing or on the record of a

13 deposition to be bound by this Order. Counsel need not identify the prospective expert to the other

14 parties, except as ordered by the Court or as required by the Code of Civil Procedure.

15     (d)   <u>Jury Consultants/Graphics Vendors</u>. Subject to the provisions of this Order, all

16 Protected Material may be disclosed to Jury Consultants and Graphics Vendors who have agreed in

17 writing to be bound by this Order. Counsel need not identify the prospective Jury Consultant or

18 Graphics Vendor to the other parties.

19     (e)   <u>Acknowledgement of Protective Order</u>. Before obtaining access to any Protected

20 Material covered by this Protective Order, any qualified person who is permitted to have access to

21 Protected Material under this Protective Order must signify assent to the terms of this Protective

22 Order by executing the acknowledgement attached as Appendix A, indicating that they have read

23 and understood this Protective Order and agree to be bound by its terms.

24     (f)   <u>Disclosure Pursuant to Consent</u>. Protected Material also may be disclosed to anyone

25 so authorized by prior written consent of the Designating Party.

26     (g)   <u>Conduct of Deposition</u>. Where testimony at a deposition involves disclosure of

27 CONFIDENTIAL INFORMATION, such deposition, or portion thereof, shall be taken only in the

28 presence of persons who are permitted access to such information under this Stipulated Protective

5.

LITTLER MENDELSON
A Professional Corporation
2055 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

STIPULATED PROTECTIVE ORDER

1   Order.

2       (h)   <u>Disclosure of Confidential Transcripts to the Deponent</u>.   Deposition transcripts

3   containing Protected Material may be shown to the deponent for the purpose of correction, but the

4   deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective

5   Order by signing a copy of the Acknowledgement Form.

6       (i)   The limitation on disclosure contained in this Protective Order shall not apply to

7   documents or information that (i) were already in the possession of the Receiving Party with the

8   consent of the Designating Party; or (ii) are or become published or available in a lawful manner that

9   is not in violation of this Protective Order.   Nothing in this Stipulated Protective Order shall be

10   deemed to restrict in any way any Party's or third party's own documents or information, or his, her

11   or its attorneys with respect to that Party's or third party's own documents or information.

12   5.   <u>COURT PROCEDURES</u>.

13       Before any party may file with the Court any documents, transcripts of depositions, answers

14   to interrogatories or pleadings using, referring to or incorporating "CONFIDENTIAL" materials,

15   that party shall file a motion with the Court that the document, discovery response or deposition

16   transcript be filed under seal pursuant to Rule 2.551 of the California Rules of Court, including the

17   procedure provided by California Rule of Court 2.551(b)(3).   All copies of such papers shall be kept

18   in confidence by the other parties as provided in this Order.   Alternatively, the parties may agree to

19   redact the CONFIDENTIAL INFORMATION from any document that will be filed with the Court.

20   6.   <u>HANDLING OF PROTECTED MATERIAL</u>.

21       (a)   Before a court reporter receives any CONFIDENTIAL INFORMATION, he or she

22   first shall have read this Order and agreed in writing or on the record to be bound by the terms

23   thereof.

24       (b)   Nothing herein shall restrict a qualified recipient from making working copies,

25   abstracts, digests and analysis of Protected Material for use in connection with the above-entitled

26   litigation and such working copies, abstracts, digests and analysis shall be deemed to have the same

27   level of protection under the terms of this Order.   Further, nothing herein shall restrict a Qualified

28   Recipient from converting or translating such information into machine-readable form for

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553.0308

6.

1   incorporation in a data retrieval system used in connection with this action, provided that access to

2   such information, in whatever form stored or reproduced, shall be limited to Qualified Recipients.

3       (c)    If a Party through inadvertence produces any CONFIDENTIAL INFORMATION

4   without labeling or marking or otherwise designating it as such in accordance with the provisions of

5   this Protective Order, the Party may give written notice to the Receiving Party that the document or

6   thing produced is deemed CONFIDENTIAL INFORMATION and should be treated as such in

7   accordance with the provisions of this Protective Order.  The Receiving Party must treat such

8   documents and things with the noticed level of protection from the date such notice is received.

9   Unless the Parties otherwise agree to an alternate method for handling such Protected Materials,

10   promptly upon providing such notice to the Receiving Party, the Party which has provided notice as

11   set forth herein shall provide the Receiving Party with another copy of the documents or things that

12   bear the new designation under this Order, at which time the Receiving Party shall return the

13   originally-produced documents and things to the Designating Party.  The Receiving Party's

14   disclosure, prior to the receipt of notice of a new designation, to persons not authorized to receive

15   such information shall not be deemed a violation of this Protective Order.  However, the Receiving

16   Party shall make a good faith effort to immediately retrieve such information from such persons not

17   authorized to receive such information and to obtain agreement from the person to whom the

18   disclosure was made to be bound by this Protective Order.  If such efforts are unsuccessful, the

19   Receiving Party shall notify the Party which has provided notice as set forth herein of the disclosure

20   and the identity of the person or entity to whom the disclosure was made.

21       (d)    A Party or present employee of a Party may be examined and may testify concerning

22   all CONFIDENTIAL INFORMATION produced by that Party.

23       (e)    A former employee of a Party may be examined and may testify concerning all

24   CONFIDENTIAL INFORMATION produced by that Party which clearly appears on its face or

25   from other documents or testimony to have been prepared by, received by, known by or

26   communicated to the former employee during the period or periods of his or her employment (other

27   than through inadvertent or wrongful disclosure).

28       (f)    Non-parties may be examined and may testify concerning any document containing

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

7.

1     CONFIDENTIAL INFORMATION of a Producing Party which clearly appears on its face or from

2     other documents or testimony to have been prepared by, received by, known by or communicated to

3     the non-party (other than through inadvertent disclosure).

4            (g)     If such designation is not made at the time of the deposition, any transcript containing

5     CONFIDENTIAL INFORMATION shall be designated as containing such information by no later

6     than fourteen (14) days after the date of the Designating Party's Counsel's receipt of the deposition

7     transcript, which designation shall be in writing served on all parties. Pending expiration of this

8     fourteen (14) day period, all parties shall treat the testimony and exhibits as if such materials had

9     been designated as "CONFIDENTIAL INFORMATION." Except as provided herein, any such

10     transcript, testimony and/or exhibits shall not be subject to this Protective Order unless later

11     designated as CONFIDENTIAL as provided herein.

12    7.     <u>DESIGNATION NOT DETERMINATIVE OF STATUS</u>.

13        A Party shall not be obligated to challenge the propriety of a designation under this

14     Stipulated Protective Order at the time made, and a failure to do so shall not preclude a subsequent

15     challenge thereto. The designation or failure to designate material as CONFIDENTIAL shall not be

16     determinative of that material's status as a trade secret or proprietary information. All challenges to

17     the propriety of a confidentiality designation shall first be made in writing by letter or other

18     document identifying the specific material challenged. Within fourteen (14) days of such a

19     challenge, the Designating Party shall substantiate the basis for such designation in writing to the

20     other Party, or forever waive the protections of this Order with respect to the challenged information.

21     The Parties shall first attempt to resolve such challenges in good faith on an informal basis. If the

22     dispute cannot be resolved, the Party seeking to maintain the designation may seek appropriate relief

23     from the Court. If such relief is not sought within thirty (30) days after the letter substantiating the

24     designations were sent to the Receiving Party, the Protected Material shall be re-designated in

25     accordance with the challenging party's proposed designation as set forth in the letter referenced

26     herein by the challenging Party. The burden of proof shall be on the Party claiming confidentiality.

27     Any document designated CONFIDENTIAL shall enjoy the protection of such designation until the

28     issue relating to the propriety of the designation has been resolved in the manner set forth herein.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

8.

STIPULATED PROTECTIVE ORDER

8.   <u>RIGHT TO FURTHER RELIEF.</u>

Nothing in this Protective Order shall abridge the right of any person to seek judicial modification or amendment of this Order.

9.   <u>RIGHT TO ASSERT OTHER OBJECTIONS; ORDER NOT ADMISSIBLE; EXCEPTION.</u>

(a)   This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material. Specifically, nothing in this Protective Order shall affect the rights of any Party (or third party) to object to discovery on any grounds (except with regard to objections based on the need for a Protective Order of the nature and containing such provisions as are set forth herein), nor shall this Protective Order relieve any Party (or third party) of the necessity to serve proper responses or objections to discovery requests and this Protective Order shall not preclude any Party (or third party) from seeking further relief or protective orders from the Court as may be appropriate.

(b)   This Protective Order, the fact of its adoption or entry, and any provision of this Protective Order and/or the acknowledgement form attached hereto, shall not be admissible for any purpose in this litigation, except to the extent necessary to enforce the terms of this Protective Order.

10.   <u>FINAL DISPOSITION.</u>

Within ninety (90) days after final termination of this action, each Party shall assemble all documents and things furnished and designated by any other Party or non-party as containing CONFIDENTIAL INFORMATION and all copies, summaries and abstracts thereof, and shall return such documents and things to the Producing Party; provided, however, that the attorneys of record for each Party shall be entitled to retain all pleadings, motion papers, hearing and deposition transcripts, legal memoranda, correspondence, work product and attorney-client communications that include or are derived from Protected Material.

11.   <u>NO CONTRACT.</u>

This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the Parties or between the Parties and their respective counsel, except that until such time as the Court approves this Stipulated Protective Order, each Party shall comply full with its terms.

9.

STIPULATED PROTECTIVE ORDER



12.   <u>SURVIVAL OF OBLIGATIONS</u>.

The obligations created by this Protective Order shall survive the termination of this lawsuit unless otherwise modified by the Court. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make such amendments and modifications to this Order as may be appropriate.

13.   <u>EXECUTION AND COUNTERPARTS</u>.

This Stipulation and Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of this Stipulation and Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

STIPULATED PROTECTIVE ORDER

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles CA 90067 3107
310 553 0308

1

Dated: August ___, 2011

2

3

4

ALECIA W. WINFIELD
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
COMPASS GROUP USA, INC.,
BON APPETIT MANAGEMENT, CO.,
BON APPETIT MANAGEMENT
COMPANY FOUNDATION

5

6

7

8

9

Dated: August ___, 2011

10

11

12

ALVIN B. LINDSAY
JAMES HAWKINS, APLC
Attorneys for Plaintiffs
GERARDO MOJICA, on behalf of himself
and all others similarly situated

13

14

15

16

17

18

**ORDER**

19

20

**GOOD CAUSE APPEARING THEREFOR, IT IS SO ORDERED.** *as modified*

21

22

Dated: _Aug. 17_, 2011

23

JUDGE OF THE SUPERIOR COURT
KIM G. DUNNING

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

11.

STIPULATED PROTECTIVE ORDER

## APPENDIX A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

Case: *GERARDO MOJICA, an individual, on behalf of himself, and on behalf of all persons similarly situated v. COMPASS GROUP USA, INC., BON APPETIT MANAGEMENT, CO., BON APPETIT MANAGEMENT COMPANY FOUNDATION and DOES 1-50 inclusive,*

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF ORANGE
CASE NO.: 30-2010-00417438-CU-OE-CXC

I, _____, declare under penalty of perjury under the laws of the State of California that I have read in its entirety the Stipulated Protective Order in the above-referenced lawsuit, and agree to adhere to and be bound by its terms. I hereby submit to the jurisdiction of the Superior Court of the State of California for the County of Orange in the above entitled action for the purpose of enforcement of the Stipulated Protective Order:

SIGNED: _____

DATED: _____

Firmwide:102805149.1 024778.1351

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

12.

STIPULATED PROTECTIVE ORDER

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On August 12, 2011, I served the within document(s):

### [PROPOSED] STIPULATED PROTECTIVE ORDER

☐    This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐    Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

James R. Hawkins
Gregory E. Mauro
Alvin B. Lindsay
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
*T: (949) 387-7200 / F: (949) 387-6676*
*Attorney for Plaintiff*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553.0308

Firmwide:99301539.1 024778.1351

1    I declare under penalty of perjury under the laws of the State of California that the
2  above is true and correct. Executed on August 12, 2011, at Los Angeles, California.

3

4                                                                _____

5                                                                CAROLYN DAVIS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
a Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:99301539.1 024778.1351                    2.

# EXHIBIT J

CRAIG G. STAUB, Bar No. 172857
ALECIA W. WINFIELD, Bar No. 209661
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone:    310.553.0308
Fax No.:      310.553.5583

Attorneys for Defendants
COMPASS GROUP USA, INC., BON APPETIT
MANAGEMENT CO. and BON APPETIT
MANAGEMENT COMPANY FOUNDATION

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**09/14/2011** at 01:38:00 PM

Clerk of the Superior Court
By Irma Cook, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE - CIVIL COMPLEX UNIT

| | |
|---|---|
| GERARDO MOJICA, on behalf of himself and all others similarly situated, | Case No. 30-2010-00417438-CU-OE-CXC |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO JUDGE THIERRY PATRICK COLAW – DEPT CX104 |
| v. | **NOTICE OF FURTHER STATUS CONFERENCE** |
| COMPASS GROUP USA, INC., a Delaware Corporation; BON APPETIT MANAGEMENT, CO., a California Corporation; BON APPETIT MANAGEMENT COMPANY FOUNDATION, a California Corporation and DOES 1 through 100, inclusive, | Complaint Filed:   October 18, 2010<br>FAC Filed:  December 8, 2010 |
| Defendants. | |

Firmwide:103806636.1 024778.1351

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on September 14, 2011, a Status Conference was held in this matter in Department CX104, before the Honorable Judge Kim G. Dunning. Alvin Lindsay of James Hawkins, APLC appeared on behalf of the Plaintiff. Alecia Winfield of Littler Mendelson, appeared telephonically on behalf of Defendants Compass Group USA, Inc., Bon Appetit Management Co. and Bon Appetit Management Company Foundation.

During the September 14, 2011 Status Conference, the Court scheduled a further Status Conference for **January 18, 2012 at 10:00 a.m. in Department CX104** of the above-entitled court.

Defendants were ordered to give notice.

Dated: September 14, 2011

CRAIG G. STAUB
ALECIA W. WINFIELD
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
COMPASS GROUP USA, INC., BON
APPETIT MANAGEMENT CO. and BON
APPETIT MANAGEMENT COMPANY
FOUNDATION

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:103806636.1 024778.1351

1.

NOTICE OF FURTHER STATUS CONFERENCE

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On September 14, 2011, I served the within document(s):

### NOTICE OF FURTHER STATUS CONFERENCE

☐   This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒   by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

James R. Hawkins
Gregory E. Mauro
Alvin B. Lindsay
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
*T: (949) 387-7200 / F: (949) 387-6676*
***Attorney for Plaintiff***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 14, 2011, at Los Angeles, California.

JONNA NEWCOMB-CARTER

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553 0308

Firmwide:99301539.1 024778.1351

PROOF OF SERVICE

**Newcomb-Carter, Jonna**

| | |
|---|---|
| **From:** | One Legal Support [support@onelegal.com] |
| **Sent:** | Wednesday, September 14, 2011 1:39 PM |
| **To:** | Newcomb-Carter, Jonna |
| **Subject:** | Order 5062716 Has Been SUBMITTED to the Court |

To check the status of your order and view your order details:

1. Go to http://www.onelegal.com and login with your email address and password.
2. Click on "Recent Orders".
3. Click on order number 5062716.

You will receive another email from us updating your order's status.

FILING INFORMATION

Order Type:     eFiling
Order No.:      5062716
Submitted:      9/14/2011 1:36 PM

Jurisdiction:   Superior Court of California, Orange County
Location:       Civil Complex Center
Case Category:  Civil - Unlimited
Case Type:      Other employment
Case Number:    30-2010-00417438-CU-OE-CXC
Case Title:     Mojica vs. Compass Group USA, Inc.
Lead Document:  Notice of Hearing

If you have any questions or need assistance, please send an email to
support@onelegal.com, and feel free to contact our Customer Support department Monday
through Friday from 8:15 a.m. until 5:30 p.m. at 800-938-8815.

Thank you for choosing One Legal.

CCMSOE01

Print | Close Window

# One Legal Order Receipt

## Order Number: 5062716

Note - You will receive a Court Transaction Number via email upon submission of your order to the court.

Thank you for choosing One Legal LLC. If you have any questions about this order, please contact our Customer Support team.

Phone: 800-938-8815
Email: support@onelegal.com

### Order Detail

| | |
|---|---|
| Order Type: | eFiling |
| Date/Time Submitted: | 09/14/2011 1:36 PM |
| Client Billing Code: | 024778.1351 |
| Contact Name: | Jonna Carter |
| Attorney Name: | Alecia Winfield |
| Email Notification: | Contact |

### Case Information

| | |
|---|---|
| Court Branch: | Civil Complex Center Santa Ana |
| Court Name: | Superior Court of California, Orange County |
| Case Title: | Mojica vs. Compass Group USA, Inc. |
| Case Category: | Civil - Unlimited |
| Case Type: | Other employment |
| Jurisdictional Amount: | |
| Case No.: | 30-2010-00417438-CU-OE-CXC |
| Hearing Date: | 01/18/2012 |
| Hearing Time: | 10:00 AM |

### Documents

| Document Type | Document Name | Total Pages Uploaded |
|---|---|---|
| Notice of Hearing | Notice of Further Status Conference | 3 |

### Message to the Clerk:

### Parties to Case or Attorney(s) Added

| Name | Role |
|---|---|
| Compass Group USA, Inc. | Defendant |
| Bon Appetit Management, Co. | Defendant |
| Bon Appetit Management Company Foundation | Defendant |

# EXHIBIT K

1   CRAIG G. STAUB, Bar No. 172857
2   ALECIA W. WINFIELD, Bar No. 209661
    LITTLER MENDELSON
3   A Professional Corporation
    2049 Century Park East
    5th Floor
4   Los Angeles, CA 90067.3107
    Telephone:   310.553.0308
5   Fax No.:     310.553.5583

6   Attorneys for Defendants
    COMPASS GROUP USA, INC., BON APPETIT
7   MANAGEMENT CO. and BON APPETIT
    MANAGEMENT COMPANY FOUNDATION

8

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

09/14/2011 at 01:38:00 PM

Clerk of the Superior Court
By Irma Cook, Deputy Clerk

9

10            SUPERIOR COURT OF CALIFORNIA

11       COUNTY OF ORANGE - CIVIL COMPLEX UNIT

12   GERARDO MOJICA, on behalf of himself
    and all others similarly situated,

13            Plaintiff,

14      v.

15   COMPASS GROUP USA, INC., a
    Delaware Corporation; BON APPETIT
16   MANAGEMENT, CO., a California
    Corporation; BON APPETIT
17   MANAGEMENT COMPANY
    FOUNDATION, a California Corporation
18   and DOES 1 through 100, inclusive,

19            Defendants.

Case No. 30-2010-00417438-CU-OE-CXC

ASSIGNED FOR ALL PURPOSES TO
JUDGE THIERRY PATRICK COLAW –
DEPT CX104

**NOTICE OF FURTHER STATUS
CONFERENCE**

Complaint Filed:   October 18, 2010
FAC Filed:  December 8, 2010

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553.0308

Firmwide:103806636.1 024778.1351

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on September 14, 2011, a Status Conference was held in this matter in Department CX104, before the Honorable Judge Kim G. Dunning. Alvin Lindsay of James Hawkins, APLC appeared on behalf of the Plaintiff. Alecia Winfield of Littler Mendelson, appeared telephonically on behalf of Defendants Compass Group USA, Inc., Bon Appetit Management Co. and Bon Appetit Management Company Foundation.

During the September 14, 2011 Status Conference, the Court scheduled a further Status Conference for **January 18, 2012 at 10:00 a.m. in Department CX104** of the above-entitled court.

Defendants were ordered to give notice.

Dated: September 14, 2011

CRAIG G. STAUB
ALECIA W. WINFIELD
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
COMPASS GROUP USA, INC., BON
APPETIT MANAGEMENT CO. and BON
APPETIT MANAGEMENT COMPANY
FOUNDATION

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:103806636.1 024778.1351

1.

NOTICE OF FURTHER STATUS CONFERENCE

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On September 14, 2011, I served the within document(s):

### NOTICE OF FURTHER STATUS CONFERENCE

☐   This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒   by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

James R. Hawkins
Gregory E. Mauro
Alvin B. Lindsay
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
*T: (949) 387-7200 / F: (949) 387-6676*
*Attorney for Plaintiff*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 14, 2011, at Los Angeles, California.

JONNA NEWCOMB-CARTER

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:99301539:1 024778.1351

**Newcomb-Carter, Jonna**

| | |
|---|---|
| From: | One Legal Support [support@onelegal.com] |
| Sent: | Wednesday, September 14, 2011 1:39 PM |
| To: | Newcomb-Carter, Jonna |
| Subject: | Order 5062716 Has Been SUBMITTED to the Court |

To check the status of your order and view your order details:

1. Go to http://www.onelegal.com and login with your email address and password.
2. Click on "Recent Orders".
3. Click on order number 5062716.

You will receive another email from us updating your order's status.

FILING INFORMATION

Order Type:     eFiling
Order No.:      5062716
Submitted:      9/14/2011 1:36 PM

Jurisdiction:   Superior Court of California, Orange County
Location:       Civil Complex Center
Case Category:  Civil - Unlimited
Case Type:      Other employment
Case Number:    30-2010-00417438-CU-OE-CXC
Case Title:     Mojica vs. Compass Group USA, Inc.
Lead Document:  Notice of Hearing

If you have any questions or need assistance, please send an email to
support@onelegal.com, and feel free to contact our Customer Support department Monday
through Friday from 8:15 a.m. until 5:30 p.m. at 800-938-8815.

Thank you for choosing One Legal.

CCMSOE01

# One Legal Order Receipt

## Order Number: 5062716

Note - You will receive a Court Transaction Number via email upon submission of your order to the court.

Thank you for choosing One Legal LLC. If you have any questions about this order, please contact our Customer Support team.

Phone: 800-938-8815
Email: support@onelegal.com

## Order Detail

| | |
|---|---|
| Order Type: | eFiling |
| Date/Time Submitted: | 09/14/2011 1:36 PM |
| Client Billing Code: | 024778.1351 |
| Contact Name: | Jonna Carter |
| Attorney Name: | Alecia Winfield |
| Email Notification: | Contact |

## Case Information

| | |
|---|---|
| Court Branch: | Civil Complex Center Santa Ana |
| Court Name: | Superior Court of California, Orange County |
| Case Title: | Mojica vs. Compass Group USA, Inc. |
| Case Category: | Civil - Unlimited |
| Case Type: | Other employment |
| Jurisdictional Amount: | |
| Case No.: | 30-2010-00417438-CU-OE-CXC |
| Hearing Date: | 01/18/2012 |
| Hearing Time: | 10:00 AM |

## Documents

| Document Type | Document Name | Total Pages Uploaded |
|---|---|---|
| Notice of Hearing | Notice of Further Status Conference | 3 |

## Message to the Clerk:

## Parties to Case or Attorney(s) Added

| Name | Role |
|---|---|
| Compass Group USA, Inc. | Defendant |
| Bon Appetit Management, Co. | Defendant |
| Bon Appetit Management Company Foundation | Defendant |

# EXHIBIT L

1 | James R. Hawkins, Esq. SBN 192925
james@jameshawkinsaplc.com
2 | Gregory E. Mauro, Esq. SBN 222239
greg@jameshawkinsaplc.com
3 | Alvin B. Lindsay, Esq. SBN220236
al@jameshawkinsaplc.com
4 | JAMES HAWKINS, APLC
9880 Research Drive, Suite 200
5 | Irvine, CA 92618
TEL:   (949) 387-7200
6 | FAX:  (949) 387-6676

7 | Attorneys for Gerardo Mojica, on behalf of
himself and all others similarly situated
8

9 | CRAIG G. STAUB, Bar No. 172857
ALECIA W. WINFIELD, Bar No. 209661
10 | MICHELLE M. HOLMES, Bar No. 251386
LITTLER MENDELSON
11 | A Professional Corporation
2049 Century Park East
12 | 5th Floor
Los Angeles, CA  90067.3107
13 | Telephone;   310.553.0308
Fax No.:      310.553.5583

14 | Attorneys for Defendants

15

16                    SUPERIOR COURT OF CALIFORNIA

17                           COUNTY OF ORANGE

18 | GERARDO MOJICA, on behalf of       | Case No.  30-2010-00417438-CU-OE-CXC
himself and all others similarly situated
19                                      | ASSIGNED FOR ALL PURPOSES TO:
20          Plaintiffs,                 | JUDGE: KIM G. DUNNING
                                        | DEPT: CX-104
21
vs.
22                                      | JOINT STIPULATION AND REQUEST
23 | COMPASS GROUP USA, INC., a Delaware | TO CONTINUE STATUS CONFERENCE
Corporation; BON APPETIT MANAGEMENT,
24 | CO., a California Corporation; BON APPETIT
MANAGEMENT COMPANY FOUNDATION,
25 | a California Corporation and DOES 1 through | DATE:  January 18, 2012
100, inclusive,                          | TIME:  10:00 a.m.
26                                        | DEPT:  CX104
27          Defendants.

28

- 1 -

JOINT STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE
Case No. 30-2010-00417438-CU-OE-CXC

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
01/11/2012 at 11:10:50 AM
Clerk of the Superior Court
By Enrique Velez,Deputy Clerk

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER
JAN 18 2012
ALAN CARLSON, Clerk of the Court
BY G. RAMOS

1       Plaintiff Gerardo Mojica, on behalf of himself and all others similarly situated

2   ("Plaintiff"), and Defendants Compass Group USA, Inc., Bon Appetit Management Co., and Bon

3   Appetit Management Company Foundation ("Defendants") hereby jointly submit this stipulation

4   respectfully requesting the Court continue the status conference set in this matter for January 18,

5   2012 to March 27, 2012, or to another date thereafter based upon the Court's calendar, so that the

6   parties can complete initial informal discovery and participate in a mediation session, which is

7   presently scheduled for March 22, 2012.

8       WHEREAS, this is a putative wage and hour class action which has progressed through

9   initial pleadings and the parties have been engaging in discovery, both formal and informal;

10       WHEREAS, Defendant has produced certain documents in response to Plaintiff's

11   discovery requests, but the parties have some disagreement as to the proper scope of discovery

12   Plaintiff should be permitted to pursue through formal discovery means;

13       WHEREAS, the parties have agreed and informed the Court of their willingness to work

14   together to amicably resolve this matter if possible through informal discovery and mediation

15   prior to engaging in discovery motion practice and class opt-out notices and other certification

16   related matters;

17       WHEREAS, the parties' counsel have met and conferred regarding informal discovery

18   measures and Plaintiff's counsel has provided Defendant's counsel with a listing of requested

19   informal discovery items deemed necessary to conduct a constructive mediation session, which

20   Defendants have been working to address and will address further in the coming weeks;

21       WHEREAS, the parties' counsel have worked together to identify and agree upon a

22   mutually acceptable mediator, and have agreed upon Gig Kyriacou, Esq., who is an experienced

23   wage and hour and class action mediator based out of Los Angeles, California;

24       WHEREAS, the parties' counsels contacted Mr. Kyriacou and his offices and were

25   informed of his limited available dates in the early part of 2012, and the parties' counsels then

26   worked together to set a mediation date that would work for their schedules, their clients'

27

28

- 2 -

JOINT STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE
Case No. 30-2010-00417438-CU-OE-CXC

1   schedules, and the schedule of Mr. Kyriacou;

2       WHEREAS, the parties have agreed upon a mediation date of March 22, 2012 to conduct

3   their mediation with Mr. Kyriacou, and have reserved this date with his office for their session;

4       WHEREAS, March 22, 2012 was the earliest practicable date the parties could schedule

5   their mediation with Mr. Kyriacou and the parties continue to work together on informal

6   discovery, and therefore desire to continue the presently scheduled status conference date of

7   January 18, 2012 to a date sufficiently after the scheduled March 22, 2012 mediation date so the

8   parties can attempt to amicably resolve this matter and continue to conduct informal discovery;

9   and

10      WHEREAS, March 27, 2012 is a Tuesday and is the earliest of the Court's scheduled

11  status conference dates after the mediation date that will permit the parties to complete mediation

12  and submit a report to the Court regarding its results, and the parties' would thus like to continue

13  the January 18, 2012 status conference until March 27, 2012.

14      **NOW THEREFORE,** the parties, by and through their undersigned counsel of record,

15  hereby stipulate and respectfully request that the Court continue the status conference in this

16  matter scheduled on January 18, 2012 at 10:00 a.m. in Department CX-104 to March 27, 2012 at

17  10:00 a.m. in Department CX-104, or to another date thereafter based upon the Court's calendar.

18      **IT IS SO STIPULATED.**

19

20

21      *So ordered*

22

23

24

25      *Jan. 13, 2012*

26

27

28

-3-

JOINT STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE
Case No. 30-2010-00417438-CU-OE-CXC

1    Dated:   January 11, 2012          Respectfully submitted,
                                        JAMES HAWKINS, APLC
2
                                        /s/ Alvin B. Lindsay
3                                       James R. Hawkins, Esq.
                                        Gregory E. Mauro, Esq.
4                                       Alvin B. Lindsay, Esq.
                                        Attorneys for Plaintiff Gerardo Mojica, on behalf of
5                                       himself and all others similarly situated

6

7    Dated:   January 11, 2012          Respectfully submitted,
                                        LITTLER MENDELSON, P.C.
8
                                        /s/ Craig G. Staub
9                                       Craig G. Staub, Esq.
                                        Alecia W. Winfield, Esq.
10                                      Michelle M. Holmes, Esq.
                                        Attorneys for Defendants Compass Group USA,
11                                      Inc., Bon Appetit Management Co., and Bon Appetit
                                        Management Company Foundation
12

13

14

15

16          *Status Conference*

17          *Continued to March 27, 2012*

18          *at 10am   ROD*

19

20

21

22

23

24

25

26

27

28
                                        - 4 -

## ORDER ON STIPULATION

This Court for good cause shown, and based upon the parties' stipulation and request, hereby continues the status conference scheduled in this matter on January 18, 2012 at 10:00 a.m. in Dept. CX-104 to March 27, 2012 at 10:00 a.m. in Dept. CX-104.

**IT IS SO ORDERED.**

Dated: January _____, 2012

_____
Hon. Kim G. Dunning
Judge of the Superior Court

Firmwide:106758903.2 024778.1351

- 5 -

JOINT STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE
Case No. 30-2010-00417438-CU-OE-CXC

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. On January 11, 2012, I served the within document(s):

**JOINT STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE**

☐ This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 310.553.5583. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

James R. Hawkins
Gregory E. Mauro
Alvin B. Lindsay
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
*T: (949) 387-7200 / F: (949) 387-6676*
***Attorney for Plaintiff***

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

Firmwide:99301539.1 024778.1351

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

1       I declare under penalty of perjury under the laws of the State of California that the

2  above is true and correct. Executed on January 11, 2012, at Los Angeles, California.

3

4                                         CAROLYN DAVIS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:99301539.1 02477E.1351

2.

PROOF OF SERVICE

# EXHIBIT M

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
03/21/2012 at 04:42:17 PM
Clerk of the Superior Court
By Maarit H Nordman,Deputy Clerk

1
2
3
4
5
6
7

James R. Hawkins, Esq. SBN 192925
james@jameshawkinsaplc.com
Gregory E. Mauro, Esq. SBN 222239
greg@jameshawkinsaplc.com
Alvin B. Lindsay, Esq. SBN220236
al@jameshawkinsaplc.com
JAMES HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676
Attorneys for Gerardo Mojica, on behalf of
himself and all others similarly situated

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

MAR 22 2012

ALAN CARLSON, Clerk of the Court
C. Henderson
BY  C. HENDERSON

8
9
10
11
12
13
14
15

CRAIG G. STAUB, Bar No. 172857
ALECIA W. WINFIELD, Bar No. 209661
MICHELLE M. HOLMES, Bar No. 251386
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone:   310.553.0308
Fax No.:       310.553.5583
Attorneys for Defendants
COMPASS GROUP USA, INC.,
BON APPETIT MANAGEMENT, CO.,
BON APPETIT MANAGEMENT COMPANY FOUNDATION

16
17

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

18
19
20
21
22
23
24
25
26
27
28

GERARDO MOJICA, on behalf of
himself and all others similarly situated

    Plaintiffs,

vs.

COMPASS GROUP USA, INC., a Delaware
Corporation; BON APPETIT MANAGEMENT,
CO., a California Corporation; BON APPETIT
MANAGEMENT COMPANY FOUNDATION,
a California Corporation and DOES 1 through
100, inclusive,

    Defendants.

Case No.  30-2010-00417438-CU-OE-CXC

ASSIGNED FOR ALL PURPOSES TO:
JUDGE: KIM G. DUNNING
DEPT: CX-104

JOINT STIPULATION AND REQUEST
TO CONTINUE STATUS CONFERENCE

DATE:  January 18, 2012
TIME:   10:00 a.m.
DEPT:  CX104

- 1 -

JOINT STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE
Case No.  30-2010-00417438-CU-OE-CXC

1    Plaintiff Gerardo Mojica, on behalf of himself and all others similarly situated
2  ("Plaintiff"), and Defendants Compass Group USA, Inc., Bon Appetit Management Co., and Bon
3  Appetit Management Company Foundation ("Defendants") hereby jointly submit this stipulation
4  respectfully requesting the Court continue the status conference set in this matter for March 27,
5  2012 to June 29, 2012, or to another date thereafter based upon the Court's calendar, so that the
6  parties can continue in their informal discovery process and complete a private mediation
7  session, which is presently scheduled for June 26, 2012.
8    WHEREAS, this is a putative wage and hour class action which has progressed through
9  initial pleadings and the parties have been engaging in discovery, both formal and informal;
10   WHEREAS, Defendant has produced certain documents in response to Plaintiff's
11  discovery requests, but the parties have some disagreement as to the proper scope of discovery
12  Plaintiff should be permitted to pursue through formal discovery means;
13   WHEREAS, the parties have agreed and informed the Court of their willingness to work
14  together to amicably resolve this matter if possible through informal discovery and mediation
15  prior to engaging in discovery motion practice and class opt-out notices and other certification
16  related matters;
17   WHEREAS, the parties' counsel have met and conferred regarding informal discovery
18  measures and Plaintiff's counsel has provided Defendant's counsel with a listing of requested
19  informal discovery items deemed necessary to conduct a constructive mediation session, which
20  Defendants have been working to address and will address further in the coming weeks;
21   WHEREAS, the parties' counsel have worked together to identify and initially agreed
22  upon a mutually acceptable mediator, Gig Kyriacou, Esq.;
23   WHEREAS, the parties' counsel continued to work together to agree upon a more
24  experienced wage and hour and class action mediator based on the nature of the claims in
25  Plaintiff's complaint, and have agreed on Mark Rudy, who is an experienced wage and hour and
26  class action mediator based out of Los Angeles and San Francisco, California;
27
28

-2-

1  WHEREAS, the parties' counsels contacted Mr. Rudy and his offices and were informed

2  of his limited available until June 2012, and the parties' counsels then worked together to set a

3  mediation date that would work for their schedules, their clients' schedules, and the schedule of

4  Mr. Rudy;

5  WHEREAS, the parties have agreed upon a mediation date of June 26, 2012 to conduct

6  their mediation with Mr. Rudy in San Francisco, and have reserved this date with his office for

7  their session;

8  WHEREAS, June 2012 was the earliest practicable date the parties could schedule their

9  mediation with Mr. Rudy and the parties continue to work together on informal discovery, and

10  therefore desire to continue the presently scheduled status conference date of March 27, 2012 to a

11  date sufficiently after the scheduled June 26, 2012 mediation date so the parties can attempt to

12  amicably resolve this matter and continue to conduct informal discovery; and

13  WHEREAS, June 29, 2012 is a Friday  and is the earliest of the Court's scheduled status

14  conference dates after the mediation date that will permit the parties to complete mediation and

15  submit a report to the Court regarding its results, and the parties' would thus like to continue the

16  March 27, 2012 status conference until June 5, 2012.

17  **NOW THEREFORE,** the parties, by and through their undersigned counsel of record,

18  hereby stipulate and respectfully request that the Court continue the status conference in this

19  matter scheduled on March 27, 2012 at 10:00 a.m. in Department CX-104 to June 5, 2012 at

20  10:00 a.m. in Department CX-104, or to another date thereafter based upon the Court's calendar.

21  **IT IS SO STIPULATED.**

22

23  Dated:   March 21, 2012

24  Respectfully submitted,
   JAMES HAWKINS, APLC

25  /s/ Alvin B. Lindsay
   James R. Hawkins, Esq.
26  Gregory E. Mauro, Esq.
   Alvin B. Lindsay, Esq.
27  Attorneys for Plaintiff Gerardo Mojica, on behalf of
   himself and all others similarly situated

28

- 3 -

JOINT STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE
Case No.  30-2010-00417438-CU-OE-CXC

## ORDER ON STIPULATION

This Court for good cause shown, and based upon the parties' stipulation and request, hereby continues the status conference scheduled in this matter on March 27, 2012 at 10:00 a.m. in Dept. CX-104 to June X, 2012 at 10:00 a.m. in Dept. CX-104.

IT IS SO ORDERED.

Dated: March 22, 2012

_____
Hon. Kim G. Dunning
Judge of the Superior Court

Firmwide:109880678.1 024778.1373

ANY WEDS IS FINE

-5-

JOINT STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE
Case No. 30-2010-00417438-CU-OE-CXC

1

2   Dated: March 21, 2012

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,
LITTLER MENDELSON, P.C.

*/s/ Craig G. Staub*
Craig G. Staub, Esq.
Alecia W. Winfield, Esq.
Michelle M. Holmes, Esq.
Attorneys for Defendants Compass Group USA,
Inc., Bon Appetit Management Co., and Bon Appetit
Management Company Foundation

- 4 -

# EXHIBIT N

1   James R. Hawkins, Esq. SBN 192925
    james@jameshawkinsaplc.com
2   Gregory E. Mauro, Esq. SBN 222239
    greg@jameshawkinsaplc.com
3   Alvin B. Lindsay, Esq. SBN220236
    al@jameshawkinsaplc.com
4   JAMES HAWKINS, APLC
    9880 Research Drive, Suite 200
5   Irvine, CA 92618
    TEL:   (949) 387-7200
6   FAX:   (949) 387-6676
7   Attorneys for Gerardo Mojica, on behalf of
    himself and all others similarly situated

8   CRAIG G. STAUB, Bar No. 172857
    DOUGLAS A. WICKHAM, Bar No. 127268
9   MICHELLE M. HOLMES, Bar No. 251386
    LITTLER MENDELSON
10  A Professional Corporation
    2049 Century Park East
11  5th Floor
    Los Angeles, CA  90067.3107
12  Telephone:   310.553.0308
    Fax No.:   310.553.5583
13  Attorneys for Defendants
    COMPASS GROUP USA, INC.,
14  BON APPETIT MANAGEMENT, CO.,
15  BON APPETIT MANAGEMENT COMPANY FOUNDATION

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

05/29/2012 at 03:52:00 PM

Clerk of the Superior Court
By Maari H Nordman,Deputy Clerk

16                  SUPERIOR COURT OF CALIFORNIA
17                       COUNTY OF ORANGE

18  GERARDO MOJICA, on behalf of            Case No. 30-2010-00417438-CU-OE-CXC
19  himself and all others similarly situated
                                            ASSIGNED FOR ALL PURPOSES TO:
20          Plaintiffs,                      JUDGE:  KIM G. DUNNING
                                            DEPT: CX-104
21
22  vs.
                                            **JOINT STATUS REPORT AND
23  COMPASS GROUP USA, INC., a Delaware     STIPULATION AND REQUEST TO
    Corporation; BON APPETIT MANAGEMENT,    CONTINUE STATUS CONFERENCE**
24  CO., a California Corporation; BON APPETIT
    MANAGEMENT COMPANY
25  FOUNDATION, a California Corporation and
26  DOES 1 through 100, inclusive,          DATE:  June 6, 2012
                                            TIME:   10:00 a.m.
27          Defendants.                      DEPT:  CX104
28

JOINT STATUS REPORT AND STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE
Case No. 30-2010-00417438-CU-OE-CXC

1    Plaintiff Gerardo Mojica, on behalf of himself and all others similarly situated

2 ("Plaintiff"), and Defendants Compass Group USA, Inc., Bon Appetit Management Co., and Bon

3 Appetit Management Company Foundation ("Defendants") hereby jointly submit this stipulation

4 respectfully requesting the Court continue the status conference set in this matter for June 6,

5 2012 to July 11, 2012, or to another date thereafter based upon the Court's calendar, so that the

6 parties can continue in their informal discovery and resolution process and complete a private

7 mediation session, which is presently scheduled for June 26, 2012.

8    WHEREAS, this is a putative wage and hour class action which has progressed through

9 initial pleadings and the parties have been engaging in discovery, both formal and informal;

10    WHEREAS, Defendant has produced certain documents and information regarding

11 potential class members in response to Plaintiff's discovery requests, but the parties have some

12 disagreement as to the proper scope of discovery Plaintiff should be permitted to pursue through

13 formal discovery means;

14

15    WHEREAS, the parties have agreed and informed the Court of their willingness to work

16 together to amicably resolve this matter if possible through informal discovery and mediation

17 prior to engaging in discovery motion practice and class opt-out notices and other certification

18 related matters;

19    WHEREAS, the parties' counsel have met and conferred regarding informal discovery

20 measures and Plaintiff's counsel has provided Defendant's counsel with a listing of requested

21 informal discovery items deemed necessary to conduct a constructive mediation session, which

22 Defendants have been working to address and will address further in the coming weeks;

23    WHEREAS, the parties' counsel have worked together to identify and initially agreed

24 upon a mutually acceptable mediator, Gig Kyriacou, Esq.;

25    WHEREAS, the parties' counsel continued to work together to agree upon a more

26 experienced wage and hour and class action mediator based on the nature of the claims in

27 Plaintiff's complaint, and have agreed on Mark Rudy, who is an experienced wage and hour and

28

- 1 -

1   class action mediator based out of San Francisco, California;

2        WHEREAS, the parties' counsels contacted Mr. Rudy and his offices and were informed

3   of his limited availability until June 2012, and the parties' counsels then worked together to set a

4   mediation date that would work for their schedules, their clients' schedules, and the schedule of

5   Mr. Rudy;

6        WHEREAS, the parties have agreed upon a mediation date of June 26, 2012 to conduct

7   their mediation with Mr. Rudy in San Francisco, and have reserved this date with his office for

8   their session;

9        WHEREAS, the parties requested that the Court continue the previously scheduled status

10   conference on March 22nd and the Court continued it to the presently set June 6th date to allow

11   the parteis to complete their mediation session, but the parties' mediation is not scheduled until

12   June 26, 2012;

13        WHEREAS, June 2012 was the earliest practicable date the parties could schedule their

14   mediation with Mr. Rudy and the parties continue to work together on informal discovery and to

15   confer regarding the scope of the claims and parties, and therefore desire to continue the

16   presently scheduled status conference date of June 6, 2012 to a date sufficiently after the

17   scheduled June 26, 2012 mediation date so the parties can attempt to amicably resolve this

18   matter and can continue to conduct informal and formal discovery as may be required; and

19

20        WHEREAS, July 11, 2012 is a Wednesday and is the earliest of the Court's scheduled

21   status conference dates after the mediation date that will provide the parties with sufficient time

22   to complete mediation and submit a report to the Court regarding its results, and the parties'

23   would thus like to continue the June 6, 2012 status conference until July 11, 2012.

24

25

26

27

28

- 2 -

JOINT STATUS REPORT AND STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE
Case No. 30-2010-00417438-CU-OE-CXC

1      **NOW THEREFORE**, the parties, by and through their undersigned counsel of record,

2   hereby stipulate and respectfully request that the Court continue the status conference in this

3   matter scheduled on June 6, 2012 at 10:00 a.m. in Department CX-104 to July 11, 2012 at 10:00

4   a.m. in Department CX-104, or to another date thereafter based upon the Court's calendar.

5      **IT IS SO STIPULATED.**

6

7   Dated:   May 29, 2012                  Respectfully submitted,
                                           JAMES HAWKINS, APLC

8                                          /s/ Alvin B. Lindsay
9                                          James R. Hawkins, Esq.
                                           Gregory E. Mauro, Esq.
10                                         Alvin B. Lindsay, Esq.
                                           Attorneys for Plaintiff Gerardo Mojica, on behalf of
11                                         himself and all others similarly situated

12

13  Dated:   May 29, 2012                  Respectfully submitted,
                                           LITTLER MENDELSON, P.C.
14
                                           /s/ Craig G. Staub
15                                         Craig G. Staub, Esq.
                                           Douglas A. Wickham, Esq.
16                                         Michelle M. Holmes, Esq.
17                                         Attorneys for Defendants Compass Group USA ,
                                           Inc., Bon Appetit Management Co., and Bon Appetit
18                                         Management Company Foundation

19

20

21

22

23

24

25

26

27

28

JOINT STATUS REPORT AND STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE
Case No.  30-2010-00417438-CU-OE-CXC

# EXHIBIT O

1  James R. Hawkins, Esq. SBN 192925
   james@jameshawkinsaplc.com
2  Gregory E. Mauro, Esq. SBN 222239
   greg@jameshawkinsaplc.com
3  Alvin B. Lindsay, Esq. SBN220236
   al@jameshawkinsaplc.com
4  JAMES HAWKINS, APLC
   9880 Research Drive, Suite 200
5  Irvine, CA 92618
   TEL:   (949) 387-7200
6  FAX:   (949) 387-6676
   Attorneys for Gerardo Mojica, on behalf of
7  himself and all others similarly situated

8  CRAIG G. STAUB, Bar No. 172857
   ALECIA W. WINFIELD, Bar No. 209661
9  MICHELLE M. HOLMES, Bar No. 251386
   LITTLER MENDELSON
10 A Professional Corporation
   2049 Century Park East
11 5th Floor
   Los Angeles, CA  90067.3107
12 Telephone:   310.553.0308
   Fax No.:     310.553.5583
13 Attorneys for Defendants
   COMPASS GROUP USA, INC.,
14 BON APPETIT MANAGEMENT, CO.,
15 BON APPETIT MANAGEMENT COMPANY FOUNDATION

16          SUPERIOR COURT OF CALIFORNIA
17                 COUNTY OF ORANGE

18 GERARDO MOJICA, on behalf of          Case No.  30-2010-00417438-CU-OE-CXC
   himself and all others similarly situated
19                                        ASSIGNED FOR ALL PURPOSES TO:
                                          JUDGE:  KIM G. DUNNING
20         Plaintiffs,                     DEPT: CX-104
21
   vs.
22                                        [PROPOSED] ORDER GRANTING
23 COMPASS GROUP USA, INC., a Delaware   JOINT STIPULATION AND REQUEST
   Corporation; BON APPETIT MANAGEMENT,  TO CONTINUE STATUS CONFERENCE
24 CO., a California Corporation; BON APPETIT
   MANAGEMENT COMPANY
25 FOUNDATION, a California Corporation and
   DOES 1 through 100, inclusive,         DATE:  June 6, 2012
26                                        TIME:   10:00 a.m.
27         Defendants.                     DEPT:  CX104

28

   _____
   [PROPOSED] ORDER GRANTING JOINT STIPULATION AND REQUEST TO CONTINUE STATUS
   CONFERENCE                           Case No.  30-2010-00417438-CU-OE-CXC

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

JUN - 5 2012

ALAN CARLSON, Clerk of the Court

C. Henderson
BY  C. HENDERSON

## ORDER ON STIPULATION

1

2    This Court for good cause shown, and based upon the parties' stipulation and request,

3  hereby continues the status conference scheduled in this matter on June 6, 2012 at 10:00 a.m. in

4  Dept. CX-104 to _August 1_,                   , 2012 at 10:00 a.m. in Dept. CX-104.

5  **IT IS SO ORDERED.**

6

7  Dated: _June 5_, 2012                _____

8                                        Hon. Kim G. Dunning
                                         Judge of the Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

[PROPOSED] ORDER GRANTING JOINT STIPULATION AND REQUEST TO CONTINUE STATUS
CONFERENCE                                    Case No.  30-2010-00417438-CU-OE-CXC

# EXHIBIT P

COPY

1  DOUGLAS A. WICKHAM, Bar No. 127268
   dwickham@littler.com
2  MICHELLE M. HOLMES, Bar No. 251386
   mmholmes@littler.com
3  LITTLER MENDELSON, P.C.
   2049 Century Park East
4  5th Floor
   Los Angeles, CA  90067.3107
5  Telephone:  310.553.0308
   Facsimile:  310.553.5583
6
   NANCY E. PRITIKIN, Bar No. 102392
7  npritikin@littler.com
   Littler Mendelson, P.C.
8  650 California Street
   20th Floor
9  San Francisco, California  94108.2693
   Telephone:  415.433.1940
10 Facsimile:  415.399.8490

11

12 Attorneys for Defendants
   COMPASS GROUP USA, INC., BON APPETIT
13 MANAGEMENT CO., BON APPETIT
   MANAGEMENT COMPANY FOUNDATION

14

15               UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17 Gerardo Mojica, on behalf of himself      Case No.
   and all others similarly situated
18                                            SACV12 1233 CJC (MDx)
              Plaintiffs,
19                                            DEFENDANTS' NOTICE TO
   v.                                         FEDERAL COURT OF REMOVAL
20                                            OF CIVIL ACTION FROM STATE
   Compass Group USA, Inc., a Delaware       COURT PURSUANT TO 28 U.S.C. §§
21 Corporation; Bon Appetit Management       1331, 1332, 1441, AND 1446
   Co., a California Corporation; Bon
22 Appetit Management Company               Complaint Filed:  October 19, 2010
   Foundation, a California Corporation;
23 and DOES 1 through 100, inclusive,       First Amended Complaint Filed:
                                            December 8, 2010
24            Defendants.

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

JUL 3 1 2012

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

TO THE CLERK OF THE COURT OF THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Compass Group USA, Inc., Bon Appetit Management Co., and Bon Appetit Management Company Foundation (hereinafter collectively referred to as "Defendants") hereby remove the above-captioned action to the United States District Court for the Central District of California, based on the following facts:

## I.
## JURISDICTION

1.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. sections 1441(b) and 1446.  This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. §§ 1331 and 1132 based upon the existence of a federal question and diversity of citizenship.

2.      As set forth below, this case meets all of section 1331's requirements for removal.  In addition, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States District Courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d).

3.      This removal is timely and this case is properly removed by the filing of this Notice.

## II.
## VENUE

4.      The action was filed in Orange County Superior Court.  Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 84(a), 1391(a), and 1441(a). Plaintiff Gerardo Mojica ("Plaintiff") is and was a resident of California.  Also, Plaintiff alleges that the

LER MENDELSON, P.C.
349 Century Park East
5th Floor
Angeles, CA  90067.3107
310.553.0308

liability giving rise to his claims against Defendants arose in the County of Orange and at least some, if not all, of the transactions that are the subject matter of the Complaint occurred in this same county. *See* Complaint at ¶4, 28 U.S.C. §1391(a).

## III.
## PROCEDURAL HISTORY

5.     On October 18, 2010, Plaintiff filed a Complaint in the Superior Court of California, County of Orange.  The Complaint alleges six causes of action for: (1) Failure to Pay Hourly Wages and Overtime Wages; (2) Failure to Provide Rest Periods and Meal Periods or Compensation in Lieu Thereof; (3) Failure to Timely Pay Wages; (4) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions; (5) Illegal Uniform Polices and Failure to Reimburse for Work Expenses; and (6) Violations of the Unfair Competition Law.  A true and correct copy of the Complaint is attached to this Notice of Removal as Exhibit A.

6.     On December 8, 2010, Plaintiff filed a First Amended Complaint in the Superior Court of California, County of Orange.  The Complaint alleges seven causes of action for: (1) Failure to Pay Hourly Wages and Overtime Wages; (2) Failure to Provide Rest Periods and Meal Periods or Compensation in Lieu Thereof; (3) Failure to Timely Pay Wages; (4) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions; (5) Illegal Uniform Polices and Failure to Reimburse for Work Expenses; (6) Violations of the Unfair Competition Law; and (7) Private Attorneys General Act of 2004 Labor Code § 2698, *et. seq.*  A true and correct copy of the First Amended Complaint is attached to this Notice of Removal as Exhibit B.

7.     Defendants were first served with copies of the Summons, Complaint and First Amended Complaint on December 17, 2010.  Copies of the Summons served on Defendants are attached as Exhibit C to this Notice of Removal.

8.     On December 7, 2010, the instant case was reassigned to the Honorable Kim Dunning of Department CX104 of the Complex Civil Panel in Orange County

Superior Court.   A true and correct copy of the Notice of Case Designation and Reassignment is attached as Exhibit D.

9.     On December 29, 2010, the court entered a Minute Order setting the initial Status Conference.   A true and correct copy of the December 29, 2010 Minute Order is attached as Exhibit E.

10.     On January 14, 2011, Defendants filed an Answer to Plaintiff's Complaint, generally denying Plaintiff's allegations and asserting affirmative defenses.   True and correct copies of Defendants' Answers are attached collectively as Exhibit F.

11.     On January 21, 2011, Defendants filed an Answer to Plaintiff's First Amended Complaint, generally denying Plaintiff's allegations and asserting affirmative defenses.   True and correct copies of Defendants' Answers to Plaintiff's First Amended Complaint are attached collectively as Exhibit G.

12.     On February 25, 2011, the parties filed a joint initial Case Management Statement.   A true and correct copy of the parties' joint Case Management Statement is attached as Exhibit H.

13.     On August 17, 2011, the parties filed a Stipulated Protective Order.   A true and correct copy of the parties' August 17, 2011 Stipulated Protective Order is attached as Exhibit I.

14.     On September 14, 2011, the parties attended at Status Conference and the Court scheduled a further Status Conference for January 18, 2012.   A true and correct of the September 14, 2011 Notice of Further Status Conference is attached as Exhibit J.

15.     On September 14, 2011, Defendants filed a Notice of Further Status Conference.   A true and correct copy of the September 14, 2011 Notice of Further Status Conference is attached as Exhibit K.

16.     On January 13, 2012, the parties filed a joint stipulation and request to continue the January 18, 2012 Status Conference, which the Court granted.   A true

1    and correct copy of the January 13, 2012 joint stipulation is attached as Exhibit L.

2         17.    On March 22, 2012, the parties filed a joint stipulation and request to
3    continue the April 27, 2012 Status Conference, which the Court granted.  A true and
4    correct copy of the March 22, 2012 joint stipulation is attached as Exhibit M.

5         18.    On May 29, 2012, the parties filed a joint stipulation and request to
6    continue the June 6, 2012 Status Conference, which the Court granted.  A true and
7    correct copy of the May 29, 2012 joint stipulation is attached as Exhibit N.

8         19.    Plaintiff has not amended his Complaint to name Doe defendants 1
9    through 100, nor has he filed or served any documents identifying the Doe defendants
10   or giving notice that the Doe defendants have been served.

11        20.    Since the Doe defendants have not yet been served, they are not required
12   to join or consent to Defendants' Notice of Removal.  *Salveson v. Western States*
13   *Bankcard Assoc.*, 731 F.2d 1426, 1429 (9th Cir. 1984) (named defendants not yet
14   served in state court action need not join the Notice of Removal).

15        21.    All named Defendants consent to this removal.

16        22.    To Defendants' knowledge, no further process, pleadings, or orders
17   related to this case have been filed in Orange County Superior Court.

18        23.    A copy of this Notice of Removal will be filed with the Clerk of the
19   Superior Court of California, County of Orange, and served upon all parties, as
20   required by 28 U.S.C. § 1446(d).

21                                      **IV.**

22          **DIVERSITY JURISDICTION PURSUANT TO CAFA**

23        24.    CAFA grants federal district courts original jurisdiction over civil class
24   action lawsuits filed under federal or state law in which any member of a class of
25   plaintiffs is a citizen of a state different from any defendant, and where the matter in
26   controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. §
27   1332(d).

28        25.    This Court has jurisdiction over this case under CAFA, and this case may

1  be removed pursuant to 28 U.S.C. section 1441(a), in that it is a civil class action

2  wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not

3  states, state officials or other governmental entities; (3) there is diversity between at

4  least one class member and the named Defendants; and (4) the total amount in

5  controversy for all class members exceeds $5 million.[1]

6  **A.   The Putative Class Contains More Than 100 Members.**

7      26.    CAFA does not apply to any class action where "the number of

8  members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C.

9  section 1332(d)(5)(B).  This requirement is easily met in the case at bar.

10     27.    Plaintiff seeks to represent a class consisting that includes all current

11  and former persons employed in California by Defendants as non-exempt food service

12  employees employed by Defendants in California during the alleged class period.

13  Complaint at ¶¶ 27 – 30.

14     28.    Defendant Compass Group USA, Inc. has employed approximately

15  20,000 non-exempt food service employees in California, and Defendant Bon Appetit

16  Management Company has employed approximately 10,000 non-exempt food service

17  employees in California, who potentially fall within one or more Plaintiff's putative

18  classes or subclasses.  Declaration of Christine Soberon, ¶¶ 5 – 6.

19  **B.   None Of The Defendants Are Governmental Entities.**

20     29.    CAFA also does not apply to class actions where the "primary defendants

21  are States, State officials, or other governmental entities against whom the district

22  court may be foreclosed from ordering relief." 28 U.S.C. section 1332(d)(5)(B).

23  ---

[1] This is not an action over which the Court should decline jurisdiction under 28
24  U.S.C. § 1332 (d)(4).  Among other things, at least two other class actions have been
   filed against Defendant Compass Group USA, Inc. and/or its related entities during
25  the three-year period prior to filing the Complaint in this case which assert the same or
   similar claims and factual allegations.  *See* Declaration of Douglas A. Wickham
26  ("Wickham Decl."), ¶ 9.  Moreover, one of the two principal defendants in this case
   (Defendant Compass Group USA) is <u>not</u> a citizen of California.  Therefore, this is <u>not</u>
27  a case where the court is required to decline to exercise jurisdiction under CAFA.  *See*
28  28 U.S.C. § 1332 (d)(4).

TLER MENDELSON, P.C.
1049 Century Park East
5th Floor
Angeles, CA 90067-3107
310.553.0308

30.   Defendant Compass Group USA, Inc. is a licensed Delaware Corporation. *See* Declaration of Lori Morrow ("Morrow Decl."), ¶ 6.  It is not a state, state official or other government entity exempt from the CAFA. *Id.* at ¶ 5.

31.   Defendants Bon Appetit Management Co. and Bon Appetit Management Company Foundation are not state, state officials or other government entities exempt from the CAFA.  *Id.* at ¶ 5.

**C.   There Is Diversity of Citizenship Between Plaintiff and One of the Primary Defendants.**

32.   Under 28 U.S.C. section 1332(d)(5), diversity is shown for purposes of a removal where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

33.   At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a resident of the State of California.  Complaint at ¶ 9. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

34.   Conversely, primary Defendant Compass Group USA, Inc. is <u>not</u> a citizen of California.  For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

35.   Defendant Compass Group USA, Inc. is incorporated in the State of Delaware. Morrow Decl. at ¶ 6.

36.   Defendant Compass Group USA, Inc.'s principal place of business is

1    located in Charlotte, North Carolina.  Morrow Decl. at ¶ 7.

2        37.    Defendant Compass Group USA, Inc. maintains its corporate

3    headquarters in Charlotte, North Carolina.  Morrow Decl. at ¶ 8.  Key executives of

4    Defendant are domiciled near the Company's Charlotte, North Carolina headquarters.

5    *Id.*  The Company's strategies and operational goals and initiatives are developed and

6    adopted in the Company's Charlotte, North Carolina headquarters. *Id.*  Charlotte,

7    North Carolina is also where the Company's centralized administrative functions and

8    operations are based. *Id.*  Charlotte, North Carolina is the actual center of direction,

9    control and coordination for Defendant's operations. *Id.*  Under the applicable

10   standard, Defendant's principal place of business is indisputably located in the State

11   of North Carolina.

12       38.    Defendants Does 1 through 100 are fictitious.  The Complaint does not

13   set forth the identity or status of any said fictitious defendants, nor does it set forth any

14   charging allegation against any fictitious defendants.  Pursuant to Section 1441(a), the

15   citizenship of defendants sued under fictitious names must be disregarded for the

16   purposes of determining diversity jurisdiction and cannot destroy the diversity of

17   citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d

18   686, 690-91 (9th Cir. 1998).

19       39.    Accordingly, the named Plaintiff is a citizen of a State different from one

20   of the two primary defendants, which is sufficient for the court to exercise jurisdiction

21   under CAFA.  *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

22   **D.    The Total Amount In Controversy Exceeds $5,000,000.00.**

23                **Applicable Standard.**

24       40.  This Court has jurisdiction under the CAFA, which authorizes the removal

25   of class action in which, in addition to the other factors mentioned above, the amount

26   in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

27       41. Defendants deny the validity and merits of Plaintiff's claims, the legal

28   theories upon which they are purportedly based, the claims for monetary and other

1   relief that flow from them, and the allegations regarding the appropriateness of class

2   action status.  While an analysis of the merits and defenses to the claims asserted by a

3   plaintiff in his complaint is technically irrelevant to a determination of the amount in

4   controversy, the unfair charges that Defendants are now forced to defend themselves

5   against illustrate that the case before the Court represents precisely the sort of abuse of

6   the class action mechanism that CAFA was enacted to address.

7        42.  Congress enacted CAFA based on its findings that "[o]ver the past decade,

8   there have been abuses of the class action device that have ... harmed ... defendants

9   that have acted responsibly... [and] undermined public respect for our judicial

10  system." Class Action Fairness Act of 2005, S.5, 109d Cong., 1st Sess. (2005). Senate

11  Bill S.5 also finds that, "Abuses in class actions undermine the national judicial

12  system, the free flow of interstate commerce, and the concept of diversity jurisdiction

13  as intended by the framers of the United States Constitution, in that State and local

14  courts are − (A) keeping cases of national importance out of Federal court; (B)

15  sometimes acting in ways that demonstrate bias against out-of-State defendants; and

16  (C) making judgments and impose their view of the law on other States and bind the

17  rights of the residents of those States." *Id.*

18       43.  The policy concerns that compelled Congress to enact CAFA resound in

19  this case.  This case is a textbook abuse of the class action mechanism.  Utilizing a

20  pleading strategy that has become distressingly common in California, Plaintiff's

21  counsel has combined California's heavy-handed labor code penalty provisions with

22  the class action mechanism to create a perfect storm of baseless litigation.

23       44.  This litigation threatens to deal Defendants a crushing economic blow.

24  Defendants have implemented lawful employment practices which have been fairly

25  administered. This case threatens a "responsible" defendant in a manner that impacts

26  inter-state commerce and violates Defendants' due process rights.  The CAFA was

27  enacted to give defendants a federal forum to combat these sorts of abuses.

28       45.  As stated previously, Defendants deny that they have implemented

ILER MENDELSON, P.C.
1049 Century Park East
5th Floor
Angeles, CA 90067-3107
310.553.0308

1    unlawful policies and practices. However, for purposes of removal only, and without

2    conceding that Plaintiff or the putative class are entitled to any damages or penalties,

3    it is readily apparent that the aggregated claims of the putative class establish an

4    amount "in controversy" well in excess of the jurisdictional minimum of $5,000,000.

5         46. Plaintiff's Complaint and First Amended Complaint do not make any

6    factual allegations regarding the anticipated size of the putative class, nor does he

7    commit to an estimated amount in controversy for each class member. *See* Exhibits A

8    and B. Nor does Plaintiff allege that he is seeking less than $5 million in

9    damages/restitution, nor does he voluntarily limit his recovery to an amount less than

10    $5 million. *Id.*

11         47. Defendants can establish the amount in controversy by the allegations in

12    the Complaint or by setting forth facts in the Notice of Removal that demonstrate that

13    the amount in controversy exceeds the jurisdictional minimum. *Sanchez v.*

14    *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Rippee v. Boston Mkt.*

15    *Corp.*, 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("[T]he requirement under CAFA

16    that the amount in controversy exceed $ 5,000,000 in the aggregate may be

17    established either from the viewpoint of the plaintiff or the viewpoint of the

18    defendant.").

19         48. Where grounds for removal do not appear on the face of the initial

20    pleading, a defendant can look to "an amended pleading, motion, order or other paper

21    from which it may first be ascertained that the case is one which is or has become

22    removable." 28 U.S.C. § 1446(b)(3); *see also Lovern v. General Motors Corp.* 121 F.

23    3d 160, 161 (4th Cir. 1997) (courts may look to "documents exchanged in the case by

24    the parties to determine when the defendant had notice of the grounds for removal.").

25         49. A written settlement demand can constitute "other paper" within the

26    meaning of 28 U.S.C. § 1446(b) if it appears to reflect a reasonable estimate of the

27    plaintiff's claim. *See Cohn v. Petsmart, Inc.* 281 F.3d 837, 840 (9th Cir. 2002) (court

28    noted that the settlement demand letter was sufficient to establish the amount in

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

controversy); *see also Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be de-terminative, it counts for something"); *Wilson v. Belin*, 20 F.3d 644, 651 fn. 8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000 [under the prior $50,000 jurisdictional limit], it is 'apparent' that removal was proper.").

50. Courts have also held that a written statement regarding the plaintiff's belief regarding the amount in controversy made in a mediation context puts a defendant on notice that the case is removable and does not violate confidentiality privileges. *See Babasa v. Lenscrafters, Inc.* 498 F.3d 972, 975 (9th Cir. 2007) (Court held that the mediation demand letter constituted notice for purposes of removal to federal court and that "even if the California mediation privilege applied to the [plaintiff's counsel's] letter . . . it would not preclude a determination that the [letter] constituted 1446(b) notice for purposes of removal to federal court."); *see also Molina v. Lexmark Intl., Inc.*, 2008 U.S. Dist. LEXIS 83014; 77 Fed. R. Evid. Serv. 905 (C.D. Cal. 2008) (statements made during settlement discussions to establish the amount in controversy do not undermine the policy goals of the duty of confidentiality under Rule 408).

51. Likewise, an electronic written communication in the form of an e-mail message constitutes an "other paper" within the meaning of 28 U.S.C. § 1446(b). *State Farm Fire & Cas. Co. v. Valspar Corp.*, 824 F. Supp. 2d 923, 959 (D. S.D. 2010); *see also Simpson v. AWC 1997 Corp.*, 2008 U.S. Dist. LEXIS 56739 (N.D. NY 2008) (e-mail notification qualifies as a sufficient writing regardless of the fact that it was unverified and/or unsigned for purposes of placing defendant on notice of removal); *see also Callahan v. Countrywide Home Loans, Inc.*, 2006 U.S. Dist. LEXIS 42860 (N.D. Fla. 2006) (email confirmation estimating the plaintiff's potential

TLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Angeles, CA 90067.3107
310.553.0308

1    damages constituted "other paper" under Section 1446(b)).

2    **The Amount In Controversy Exceeds The Jurisdictional Minimum**

3    **Under CAFA.**

4    52. In this case, the parties participated in a voluntary mediation session

5    conducted by Mark Rudy on June 26, 2012. *See* Wickham Decl., ¶ 2. Attorneys

6    James Hawkins and Alvin Lindsey attended the mediation on behalf of Plaintiff. *Id.*

7    Attorneys Douglas A. Wickham and Michelle Holmes attended the mediation on

8    behalf of Defendants. *Id.*

9    53. Plaintiff's initial settlement demand to Defendants communicated orally

10   through Mark Rudy was well in excess of $5 million.  Wickham Decl. at ¶ 3.

11   Throughout the mediation, Plaintiff's settlement demands continued to be in excess of

12   $5 million. *Id.* Plaintiff's final settlement demand during the June 26 mediation

13   session (also communicated orally to Defendants through Mark Rudy) was in excess

14   of $5 million. *Id.* During the mediation, however, Defendants did not receive any

15   written paper setting forth Plaintiff's claimed damages or settlement demand. *Id.*

16   54. But, after the June 26th mediation session was unsuccessful, the parties

17   continued to engage in settlement discussions facilitated by mediator Mark Rudy.

18   Wickham Decl. at ¶ 4.

19   55. On July 3, 2012, Defense counsel (Mr. Wickham) received an e-mail

20   correspondence from Mark Rudy, stating that Plaintiff's counsel had no interest in

21   engaging in further settlement discussions unless Defendants were prepared to resolve

22   the case for an amount in the "high seven figures." Wickham Decl. at ¶ 5, Exhibit 1.

23   This statement regarding the amount in controversy in this case did not represent Mr.

24   Rudy's opinion; rather, Mr. Rudy attributed this statement to Plaintiff's counsel, e.g.,

25   Messrs. Hawkins and Lindsay. *Id.* Taken together, Plaintiff's counsel's assertion that

26   this case was a "high seven figure" case and their seven figure (or higher) settlement

27   demands at the June 26th mediation session make clear that the amount in controversy

28   in this case exceeds the $5 million jurisdictional threshold.

FTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067-3107
310.553.0308

12.

## TIMELINESS OF REMOVAL

56.    This Notice of Removal is timely.   Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30 day removal period runs from the service of the summons and complaint; receipt of summons and complaint is insufficient to trigger removal period).

57.    Plaintiff's Complaint and First Amended Complaint do not make any factual allegations regarding the anticipated size of the putative class, nor does he commit to an estimated amount in controversy for each class member.  *See* Exhibits A and B.

58.    Under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

59.    Generally, a case may not be removed on the basis of diversity jurisdiction more than one year after the commencement of the action.  28 U.S.C. §1446(c).  However, CAFA eliminates the one-year time limit and allows removal under CAFA more than one year after the commencement of the action.  28 U.S.C. § 1453 (b); *see also Amoche v. Guar. Trust Life Ins. Co.*, 556 F. 3d 41, 53 (1st Dist. 2009) (class actions under CAFA are exempt from the removal statute's one-year time limit).

60.    Prior to the parties' June 26, 2012 mediation with Mark Rudy, Defendants were unaware about the potential amount in controversy.  Wickham Decl. at ¶ 7.  Prior to that date, Plaintiff did not provide Defendants with any financial figures regarding their alleged damages.  Wickham Decl. at ¶ 8.

61.    Defendants did not learn that the amount in controversy was in excess of

ER MENDELSON, P.C.
#9 Century Park East
5th Floor
Angeles, CA 90067.3107
310.553.0308

13.

1   $5 million until they attended the June 26, 2012 mediation.  Wickham Decl. at ¶¶ 7 –

2   8.   However, Defendants did not receive an "other paper" illustrating the amount of

3   controversy until Defense counsel received the July 3, 2012 email from Mark Rudy.

4   Wickham Decl. at ¶¶ 3 – 8.  The July 3, 20120 email set forth Plaintiff's settlement

5   position communicated to Mr. Rudy, which stated that Plaintiff's counsel believed the

6   amount in controversy in this case exceeded $5 million.   Wickham Decl. at ¶ 5,

7   Exhibit 1.

8        62.     As such, because this matter is being removed within 30 days of receipt

9   of the July 3, 2012 email message received from Mark Rudy, this Notice of Removal

10   is timely as a matter of law.   See 28 U.S.C. § 1446(b)(3).

11                    **NOTICE TO PLAINTIFF AND STATE COURT**

12        63.     Contemporaneously with the filing of this Notice of Removal in the

13   United States District Court for the Central District of California, written notice of

14   such filing will be given by the undersigned to Plaintiff's Counsel of Record, James

15   Hawkins and Alvin Lindsay of James Hawkins APLC and a copy of the Notice of

16   Removal will be filed with the Clerk of the Orange County Superior Court.

17   Dated:   July 30, 2012

18

19                                              DOUGLAS A. WICKHAM
                                                LITTLER MENDELSON, P.C.
20                                              Attorneys for Defendants

21

22   Firmwide:113355932.3 024778.1351

23

24

25

26

27

28

LER MENDELSON, P.C.
049 Century Park East
5th Floor
Angeles, CA 90067.3107
310.553.0308

# EXHIBIT Q

1  James R. Hawkins, Esq. SBN 192925
   james@jameshawkinsaplc.com
2  Alvin B. Lindsay, Esq. SBN220236
   al@jameshawkinsaplc.com
3  Gregory E. Mauro, Esq. SBN 222239
   greg@jameshawkinsaplc.com
4  JAMES HAWKINS, APLC
   9880 Research Drive, Suite 200
5  Irvine, CA 92618
   TEL:   (949) 387-7200
6  FAX:   (949) 387-6676
   Attorneys for Gerardo Mojica, on behalf of
7  himself and all others similarly situated

8  DOUGLAS A. WICKHAM, Bar No. 127268
   MICHELLE M. HOLMES, Bar No. 251386
9  LITTLER MENDELSON
   A Professional Corporation
10 2049 Century Park East 5th Floor
   Los Angeles, CA  90067.3107
11 Telephone:    310.553.0308
   Fax No.:       310.553.5583
12 Attorneys for Defendants
   COMPASS GROUP USA, INC.,
13 BON APPETIT MANAGEMENT, CO.,
14 BON APPETIT MANAGEMENT COMPANY FOUNDATION

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
01/11/2013 at 01:39:00 PM
Clerk of the Superior Court
By Margaret M Demaria, Deputy Clerk

15          SUPERIOR COURT OF CALIFORNIA
16               COUNTY OF ORANGE

17 GERARDO MOJICA, on behalf of        Case No.  30-2010-00417438-CU-OE-CXC
   himself and all others similarly situated
18                                      ASSIGNED FOR ALL PURPOSES TO:
                                        JUDGE:  KIM G. DUNNING
19          Plaintiffs,                 DEPT: CX-104

20
   vs.                                  JOINT STIPULATION AND REQUEST
21                                      TO CONTINUE STATUS CONFERENCE

22 COMPASS GROUP USA, INC., a Delaware
   Corporation; BON APPETIT MANAGEMENT,
23 CO., a California Corporation; BON APPETIT    DATE:   January 16, 2013
   MANAGEMENT COMPANY                           TIME:   10:00 a.m.
24 FOUNDATION, a California Corporation and      DEPT:   CX104
   DOES 1 through 100, inclusive,
25
26          Defendants.                 Original Complaint Filed:  October 18, 2010
                                        First Amended Complaint: December 8, 2010
27

28

---

1    Plaintiff Gerardo Mojica, on behalf of himself and all others similarly situated

2    ("Plaintiff"), and Defendants Compass Group USA, Inc., Bon Appetit Management Co., and Bon

3    Appetit Management Company Foundation ("Defendants") hereby respectfully submit this Joint

4    Stipulation and Request asking the Court to continue the status conference set in this matter for

5    January 16, 2013 to April 12, 2013, or to another date thereafter based upon the Court's

6    calendar, so that the parties can continue in their formal and informal discovery for certification

7    and continue to work together before engaging in discovery motion practice and certification

8    motion filing scheduling.

9    WHEREAS, this is a putative wage and hour class action filed on October 18, 2010

10   which has progressed through initial pleadings and the parties have been engaging in discovery,

11   both formal and informal, directed towards class certification issues, and the parties' counsels

12   have conducted ongoing conferences regarding the parties' positions and possible measures for

13   amicable resolution;

14   WHEREAS, this action was removed to Federal District Court by Defendants on August

15   1, 2012, Plaintiff opposed removal and filed a Motion for Remand on August 30, 2012, and the

16   Central District – Southern Division federal court granted Plaintiff's motion and ordered this

17   action be remanded back to this original state forum on September 27, 2012;

18   WHEREAS, this action was remanded and assigned to the omnibus calendar and then

19   was restored to the case inventory of this honorable Court on October 22, 2012, and the Court

20   then set the present Status Conference for January 16, 2013;

21   WHEREAS, prior to removal to federal court, the parties conducted a full day mediation

22   session with Mr. Mark Rudy on June 26, 2012, and parties made excellent progress towards

23   understanding each other's positions and intentions at mediation, yet were unable to arrive at a

24   settlement by the end of their session;

25   WHEREAS, after the June 2012 mediation, the parties continued with settlement

26   discussions and informally exchanged additional information during July, August, September

27   and October 2012;

28   WHEREAS, on November 15, 2012, the parties participated in a second, full day

- 1 -

1  mediation session conducted by Joel Grossman of JAMS.  Moreover, from the time of the

2  second mediation to the present, the parties have continued to engage in settlement discussions

3  facilitated by Mr. Grossman;

4        WHEREAS, the parties anticipate that the settlement discussions should be concluded in

5  the relatively near further (either with a settlement in principle or a determination to proceed

6  with litigation) and the parties wish to continue those discussions without the immediate pressure

7  of additional court deadlines.  In addition, if the parties are unable to reach agreement, there are a

8  number of outstanding discovery issues that they will seek to informally resolve.  Accordingly,

9  the parties seek such additional time necessary to address those issues to prior to attending the

10  next status conference in this court;

11        **NOW THEREFORE,** subject to the approval of the Court, the parties, by and through

12  their undersigned counsel of record, hereby stipulate and respectfully request that the Court

13  continue the status conference in this matter scheduled on January 16, 2013 at 10:00 a.m. in

14  Department CX-104 to April 12, 2013 at 10:00 a.m. in Department CX-104, or to another date

15  thereafter based upon the Court's calendar and preference.

16        **IT IS SO STIPULATED.**

17  Dated:   January 11, 2013          Respectfully submitted,
18                                JAMES HAWKINS, APLC

19                                */s/ Alvin B. Lindsay___*
20                                James R. Hawkins, Esq.
                              Gregory E. Mauro, Esq.
21                                Alvin B. Lindsay, Esq.
                              Attorneys for Plaintiff Gerardo Mojica, on behalf of
22                                himself and all others similarly situated

23  Dated:   January 11, 2013          Respectfully submitted,
24                                LITTLER MENDELSON, P.C.

25                                */s/ Douglas A. Wickham__*
                              Douglas A. Wickham, Esq.
26                                Michelle M. Holmes, Esq.
                              Attorneys for Defendants Compass Group USA ,
27                                Inc., Bon Appetit Management Co., and Bon Appetit
28                                Management Company Foundation

JOINT STIPULATION AND REQUEST TO CONTINUE STATUS CONFERENCE
Case No.  30-2010-00417438-CU-OE-CXC

# EXHIBIT R

1   JAMES R. HAWKINS, Bar No. 192925
ALVIN B. LINDSAY, Bar No. 220236
2   JAMES HAWKINS, APLC
9880 Research Drive, Suite 200
3   Irvine, CA 92618
Telephone:   949.387.7200
4   Facsimile:   949.387.6676

5   Attorneys for Plaintiff GERARDO MOJICA, on behalf of
himself and all others similarly situated

6
DOUGLAS A. WICKHAM, Bar No. 127268
7   ANTHONY G. LY, Bar No. 228883
MICHELLE M. HOLMES, Bar No. 251386
8   LITTLER MENDELSON, P.C.
2049 Century Park East 5th Floor
9   Los Angeles, CA  90067.3107
Telephone:   310.553.0308
10  Facsimile No.:310.553.5583
E-mail:      dwickham@littler.com;
11  aly@littler.com; mholmes@littler.com

12  NANCY E. PRITIKIN, Bar No. 102392
LITTLER MENDELSON, P.C.
13  650 California Street, 20th Floor
San Francisco, California 94108.2693
14  Telephone:   415.433.1940
Facsimile No.:415.399.8490
15  E-mail:      nepritikin@littler.com

16  Attorneys for Defendants COMPASS GROUP USA, INC.,
BON APPETIT MANAGEMENT, CO. AND
17  BON APPETIT MANAGEMENT COMPANY FOUNDATION

18              SUPERIOR COURT OF THE STATE OF CALIFORNIA

19                        COUNTY OF ORANGE

20  GERARDO MOJICA, on behalf of         Case No. 30-2010-00417438-CU-OE-CXC
    himself and all others similarly situated
21                                       ASSIGNED FOR ALL PURPOSES TO:
22       Plaintiffs,                     JUDGE:  KIM G. DUNNING
                                         DEPT: CX-104
    vs.
23
                                         **JOINT STIPULATION AND REQUEST**
24  COMPASS GROUP USA, INC., a Delaware  **TO TRANSFER ACTION**
    Corporation; BON APPETIT MANAGEMENT,
25  CO., a California Corporation; BON APPETIT  *[Filed concurrently with [Proposed] Order*
    MANAGEMENT COMPANY FOUNDATION,       *Transferring Action]*
26  a California Corporation and DOES 1 through
    100, inclusive,                      Original Complaint Filed:  October 18, 2010
27                                       First Amended Complaint: December 8, 2011
         Defendants.
28

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

03/04/2013 at 03:25:00 PM
Clerk of the Superior Court
By Irma Cook, Deputy Clerk

1    Plaintiff Gerardo Mojica, on behalf of himself and all others similarly situated

2    ("Plaintiff"), and Defendants Compass Group USA, Inc., Bon Appetit Management Co., and Bon

3    Appetit Management Company Foundation ("Defendants") hereby respectfully submit this Joint

4    Stipulation requesting that the Court enter the concurrently filed [Proposed] Order Transferring

5    this Action from the present Court to the Superior Court of California, County of San Bernardino

6    pursuant to sections 398 and 399 of the California Code of Civil Procedure.

7    **WHEREAS**, Plaintiff and Defendants, jointly and through their undersigned counsels,

8    hereby respectfully stipulate that this action now pending in this honorable Court shall be

9    transferred for all purposes to the Superior Court of California, County of San Bernardino, and

10   the San Bernardino District Civil Division located at 303 W. Third St., San Bernardino,

11   California 92415-0210;

12   **WHEREAS**, the parties further stipulate and request pursuant to section 399 of the

13   California Code of Civil Procedure that the Court order Defendant to bear the costs and fees

14   associated with the transfer of the court file for this action, including all pleadings and papers

15   therein, to the clerk of the Superior Court, County of San Bernardino; and

16   **WHEREAS**, the parties respectfully request that the Court sign the concurrently filed

17   [Proposed] Order Transferring this Action from the Superior Court of California, Orange County

18   to the Superior Court of California, County of San Bernardino.

19   **NOW THEREFORE**, Plaintiff and Defendants, by and through their counsel of record

20   herein, hereby stipulate and agree that this action shall be transferred from the Superior Court of

21   the State of California, County of Orange to the Superior Court of the State of California, County

22   of San Bernardino, that Defendants shall be required to bear the costs and fees, of up to $1,000,

23   associated with the transfer, Plaintiff shall be required to bear the costs and fees associated with

24   the transfer that exceed $1,000, and the parties request that the Court sign the concurrently filed

25   [Proposed] Order to that end.

26   ///

27   ///

28   ///

1   **IT IS SO STIPULATED.**

2
    Dated:   March 4, 2013                Respectfully submitted,
3                                         JAMES HAWKINS, APLC

4                                         */s/ James R. Hawkins*
                                          James R. Hawkins, Esq.
5                                         Alvin B. Lindsay, Esq.

6                                         Attorneys for Plaintiff
7                                         Gerardo Mojica, on behalf of
                                          himself and all others similarly situated
8

9   Dated:   March 4, 2013                Respectfully submitted,
                                          LITTLER MENDELSON, P.C.
10
                                          */s/ Douglas A. Wickham*
11                                        Nancy E. Pritikin, Esq.
                                          Douglas A. Wickham, Esq.
12                                        Michelle M. Holmes, Esq.

13
                                          Attorneys for Defendants
14                                        Compass Group USA , Inc., Bon Appetit Management
                                          Co., and Bon Appetit Management Company
15                                        Foundation

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# EXHIBIT S

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

MAR 1 2 2013

**MINUTE ORDER**

DATE: 03/07/2013                TIME: 01:55:00 PM        DEPT:  CX104
JUDICIAL OFFICER PRESIDING: Kim G. Dunning
CLERK:  Cheryl Henderson
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2010-00417438-CU-OE-CXC** CASE INIT.DATE: 10/18/2010
CASE TITLE: **Mojica vs. Compass Group USA, Inc.**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 71672284
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

No appearances. The court has reviewed the parties' stipulation to transfer this matter to the Superior Court of California, County of San Bernardino. (Code Civ. Proc., § § 398, 399.) Counsel are requested to re-submit the stipulation to include the statutory basis for the transfer. (Code Civ. Proc., § 397.)

The clerk is directed to serve a copy of this minute order on all counsel

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** Mojica vs. Compass Group USA, Inc.

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>30-2010-00417438-CU-OE-CXC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the Minute Order was mailed following standard court practices in a sealed envelope with postage fully prepaid as indicated below. The mailing and this certification occurred at Santa Ana, California on 03/08/2013

Clerk of the Court, by: _Cheryl Henderson_ , Deputy

LITTLER MENDELSON
650  CALIFORNIA STREET, 20TH FLOOR
SAN FRANCISCO, CA 94108 .

LITTLER MENDELSON
2049  CENTURY PARK EAST 5TH FLOOR
LOS ANGELES, CA 90067-3107

JAMES HAWKINS, APLC
9880  RESEARCH DRIVE, SUITE 200 DRIVE
IRVINE, CA 92618

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

# EXHIBIT T

1   JAMES R. HAWKINS, Bar No. 192925
    ALVIN B. LINDSAY, Bar No. 220236
2   JAMES HAWKINS, APLC
    9880 Research Drive, Suite 200
3   Irvine, CA 92618
    Telephone:   949.387.7200
4   Facsimile:   949.387.6676

5   Attorneys for Plaintiff GERARDO MOJICA, on behalf of
    himself and all others similarly situated

6
    DOUGLAS A. WICKHAM, Bar No. 127268
7   ANTHONY G. LY, Bar No. 228883
    MICHELLE M. HOLMES, Bar No. 251386
8   LITTLER MENDELSON, P.C.
    2049 Century Park East 5th Floor
9   Los Angeles, CA  90067.3107
    Telephone:   310.553.0308
10  Facsimile No.:310.553.5583
    E-mail:   dwickham@litter.com;
11  aly@litter.com; mholmes@litter.com

12  NANCY E. PRITIKIN, Bar No. 102392
    LITTLER MENDELSON, P.C.
13  650 California Street, 20th Floor
    San Francisco, California 94108.2693
14  Telephone:   415.433.1940
    Facsimile No.:415.399.8490
15  E-mail:   nepritikin@litter.com

16  Attorneys for Defendants COMPASS GROUP USA, INC.,
    BON APPETIT MANAGEMENT, CO. AND
17  BON APPETIT MANAGEMENT COMPANY FOUNDATION

18              SUPERIOR COURT OF THE STATE OF CALIFORNIA

19                        COUNTY OF ORANGE

20  GERARDO MOJICA, on behalf of          Case No. 30-2010-00417438-CU-OE-CXC
    himself and all others similarly situated
21                                        ASSIGNED FOR ALL PURPOSES TO:
                                          JUDGE:  KIM G. DUNNING
22        Plaintiffs,                     DEPT: CX-104
    vs.
23
    COMPASS GROUP USA, INC., a Delaware   **JOINT STIPULATION AND REQUEST**
24  Corporation; BON APPETIT MANAGEMENT,  **TO TRANSFER ACTION**
    CO., a California Corporation; BON APPETIT
25  MANAGEMENT COMPANY FOUNDATION,        *[Filed concurrently with [Proposed] Order*
    a California Corporation and DOES 1 through  *Transferring Action; Hawkins Declaration]*
26  100, inclusive,
27                                        Original Complaint Filed:  October 18, 2010
          Defendants.                     First Amended Complaint: December 8, 2011
28

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

03/22/2013 at 12:07:00 PM
Clerk of the Superior Court
By Olga Lopez,Deputy Clerk

1    Plaintiff Gerardo Mojica, on behalf of himself and all others similarly situated

2   ("Plaintiff"), and Defendants Compass Group USA, Inc., Bon Appetit Management Co., and Bon

3   Appetit Management Company Foundation ("Defendants") hereby respectfully submit this Joint

4   Stipulation requesting that the Court enter the concurrently filed [Proposed] Order Transferring

5   this Action from the present Court to the Superior Court of California, County of San

6   Bernardino.   This Stipulation and Request is also filed concurrently with the Declaration of

7   James Hawkins in support of the Stipulation.

8    **WHEREAS**, Plaintiff and Defendants, jointly and through their undersigned counsels,

9   hereby respectfully stipulate that this action now pending in this honorable Court shall be

10   transferred for all purposes to the Superior Court of California, County of San Bernardino, and

11   the San Bernardino District Civil Division located at 303 W. Third St., San Bernardino,

12   California 92415-0210;

13    **WHEREAS**, the parties further stipulate and request that the Court order Defendant to

14   bear the costs and fees associated with the transfer of the court file for this action, including all

15   pleadings and papers therein, to the clerk of the Superior Court, County of San Bernardino; and

16    **WHEREAS**, the parties respectfully request that the Court sign the concurrently filed

17   [Proposed] Order Transferring this Action from the Superior Court of California, Orange County

18   to the Superior Court of California, County of San Bernardino.

19    **NOW THEREFORE**, Plaintiff and Defendants, by and through their counsel of record

20   herein, hereby stipulate and agree that this action shall be transferred from the Superior Court of

21   the State of California, County of Orange to the Superior Court of the State of California, County

22   of San Bernardino, that Defendants shall be required to bear the costs and fees, of up to $1,000,

23   associated with the transfer, Plaintiff shall be required to bear the costs and fees associated with

24   the transfer that exceed $1,000, and the parties request that the Court sign the concurrently filed

25   [Proposed] Order to that end.

26   / / /

27   / / /

28   / / /

1

JOINT STIPULATION AND REQUEST TO TRANSFER ACTION   Case No. 30-2010-00417438-CU-OE-CXC

**IT IS SO STIPULATED.**

Dated:   March 22, 2013          Respectfully submitted,
                                 JAMES HAWKINS, APLC

                                 */s/ James R. Hawkins*
                                 James R. Hawkins, Esq.
                                 Alvin B. Lindsay, Esq.

                                 Attorneys for Plaintiff
                                 Gerardo Mojica, on behalf of
                                 himself and all others similarly situated

Dated:   March 22, 2013          Respectfully submitted,
                                 LITTLER MENDELSON, P.C.

                                 */s/ Douglas A. Wickham*
                                 Nancy E. Pritikin, Esq.
                                 Douglas A. Wickham, Esq.
                                 Michelle M. Holmes, Esq.

                                 Attorneys for Defendants
                                 Compass Group USA , Inc., Bon Appetit Management
                                 Co., and Bon Appetit Management Company
                                 Foundation

# EXHIBIT U

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE
### CIVIL COMPLEX CENTER

**MINUTE ORDER**

DATE: 04/02/2013             TIME: 12:43:00 PM      DEPT: CX104

JUDICIAL OFFICER PRESIDING: Kim G. Dunning
CLERK:  Cheryl Henderson
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2010-00417438-CU-OE-CXC** CASE INIT.DATE: 10/18/2010
CASE TITLE: **Mojica vs. Compass Group USA, Inc.**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 71688016
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

The court has reviewed the parties' stipulation and request to transfer this action to the Superior Court of California, County of San Bernardino, accompanied by the declaration of attorney James R. Hawkins. Counsel may stipulate to transfer an action to another **proper** venue. The court renews its request: please advise why San Bernardino is a proper venue for this lawsuit.

Court orders clerk to give notice.

# EXHIBIT V

1   JAMES R. HAWKINS, Bar No. 192925
    ALVIN B. LINDSAY, Bar No. 220236
2   JAMES HAWKINS, APLC
    9880 Research Drive, Suite 200
3   Irvine, CA 92618
    Telephone:   949.387.7200
4   Facsimile:   949.387.6676

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

04/08/2013 at 02:18:00 PM

Clerk of the Superior Court
By Olga Lopez,Deputy Clerk

5   Attorneys for Plaintiff GERARDO MOJICA, on behalf of himself and others similarly situated

6   DOUGLAS A. WICKHAM, Bar No. 127268
    ANTHONY G. LY, Bar No. 228883
7   MICHELLE M. HOLMES, Bar No. 251386
    LITTLER MENDELSON, P.C.
8   2049 Century Park East 5th Floor
    Los Angeles, CA  90067.3107
9   Telephone:    310.553.0308
    Facsimile No.:310.553.5583
10  E-mail:        dwickham@litter.com;
    aly@littler.com; mholmes@littler.com
11
    NANCY E. PRITIKIN, Bar No. 102392
12  LITTLER MENDELSON, P.C.
    650 California Street, 20th Floor
13  San Francisco, California 94108.2693
    Telephone:    415.433.1940
14  Facsimile No.:415.399.8490
    E-mail:        nepritikin@littler.com
15
    Attorneys for Defendants COMPASS GROUP USA, INC.,
16  BON APPETIT MANAGEMENT, CO. AND
    BON APPETIT MANAGEMENT COMPANY FOUNDATION
17

18              SUPERIOR COURT OF THE STATE OF CALIFORNIA

19                           COUNTY OF ORANGE

20  | GERARDO MOJICA, on behalf of himself and all others similarly situated | Case No.  30-2010-00417438-CU-OE-CXC |
    |---|---|
21  | | ASSIGNED FOR ALL PURPOSES TO: |
    | Plaintiffs, | JUDGE:  KIM G. DUNNING |
22  | vs. | DEPT: CX-104 |
23  | COMPASS GROUP USA, INC., a Delaware' Corporation; BON APPETIT MANAGEMENT, CO., a California Corporation; BON APPETIT MANAGEMENT COMPANY FOUNDATION, a California Corporation and DOES 1 through 100, inclusive, | **JOINT STATUS CONFERENCE REPORT** |
24  | | Date:    April 10, 2013 |
25  | | Time:   10:00 a.m. |
26  | | Dept.:   CX104 |
27  | | |
28  | Defendants. | Original Complaint Filed: October 18, 2010 |
    | | First Amended Complaint: December 8, 2011 |

JOINT STATUS CONFERENCE REPORT – APRIL 10, 2013        Case No. 30-2010-00417438-CU-OE-CXC

1      Plaintiff Gerardo Mojica, on behalf of himself and all others similarly situated

2   ("Plaintiff"), and Defendants Compass Group USA, Inc., Bon Appetit Management Co., and Bon

3   Appetit Management Company Foundation ("Defendants") hereby respectfully submit this Joint

4   Status Conference Report in advance of their Status Conference with the Court on April 10,

5   2013.  This Joint Status Conference Report is intended to inform the Court of the status of

6   pleadings, discovery and informal resolution efforts, and to again request that the Court transfer

7   this action to San Bernardino County or otherwise set a further status conference in 90 days

8   where the parties will address discovery completion and certification deadlines as necessary.

9   **I.      Case Summary and Initial Pleadings**

10      Compass Group USA, Inc. provides catering and dining services throughout California to

11   corporate clients, educational and healthcare facilities, and sports and entertainment venues

12   through a number of subsidiaries.  Its operating units encompass various cost centers in

13   California under Compass Group USA, Inc.'s corporate umbrella, and include (1) Bon Appétit

14   Management Company, (2) H&H (a limited subset of Wolfgang Puck Catering & Events, LLC);

15   (3) Eurest Dining Services; (4) Morrison Management Specialists; (5) FLIK; (6) Canteen

16   Correctional Services; (7) Canteen; and (8) Chartwells (collectively, "the Compass Group

17   sectors").   Plaintiff Mojica worked as a baker for Bon Appetit Management Company

18   (BAMCO) at one of its cafeteria services locations in Orange County.

19      On October 18, 2010, Plaintiffs filed a purported wage and hour class action against

20   Defendants alleging the following six causes of action:   1) Failure to pay Hourly Wages and

21   Overtime Wages; 2) Failure to Provide Rest Periods and Meal Periods or Compensation in Lieu

22   Thereof; 3) Failure to Timely Pay Wages; 4) Knowing and Intentional Failure to Comply With

23   Itemized Employee Wage Statement Provisions; 5) Illegal Uniform Policies and Failure to

24   Reimburse for Work Expenses; and 6) Violations of the Unfair Competition Laws.

25   On December 8, 2010, Plaintiffs filed a First Amended Complaint adding a seventh cause of

26   action for violations of the Private Attorneys General Act of 2004 Labor Code § 2698, *et. seq.*

27      On January 14, 2011, Defendants filed their Answers to the original Complaint, and on

28   January 21, 2011, Defendants filed their Answers to Plaintiff's First Amended Complaint,

1

1   wherein Defendants denied Plaintiff's allegations and asserted multiple affirmative defenses.

2   The initial pleadings have been completed and the parties have been set.

3   **II.   Status of Discovery**

4       The parties have been engaging in discovery, both formal and informal, directed towards

5   class certification issues, and counsel for the parties have conducted ongoing conferences

6   regarding their positions and possible measures for amicable resolution of both this matter and

7   any discovery disputes.  The parties have exchanged and responded to initial formal discovery

8   requests, and have provided initial production of documents directed to certification issues.

9   Initial written discovery and document production have been completed as to Plaintiff and

10  BAMCO, and the counsel for the parties have conferred regarding the appropriate scope and

11  extent of that production and the production as to the other  presently named Defendants.

12      With the intent of avoiding unnecessary motions to compel or other discovery motion

13  practice, counsel for the parties have conferred as to the production of contact information and a

14  listing of all potential class members employed by BAMCO.  Counsel for the parties have also

15  worked together to agree upon informal discovery items they would provide and exchange in

16  advance of mediation, and Defendants have produced a large number of documents informally

17  for both BAMCO and the other Compass Group sectors, including large timekeeping records

18  samplings.   Counsel for the parties continue to work together to agree upon a sufficiently

19  representative timekeeping records sampling for certification purposes, to narrow and define any

20  disputes which remain outstanding as to certification discovery, and to agree upon the scope of

21  the Class for which discovery is appropriate.

22  **III.   Mediation and Informal Resolution**

23      Counsel for the parties worked together to agree upon an experienced wage and hour and

24  class action mediator based on the nature of the claims in Plaintiff's complaint, and agreed upon

25  Mark Rudy, Esq.   The parties conducted a full day mediation session with Mr. Rudy in San

26  Francisco on June 26, 2012, yet were unable to arrive at a settlement by the end of their session.

27      After removal and remand as addressed below, the parties agreed to work together to

28  schedule a second mediation in an attempt to resolve this matter amicably in advance of charging

2

down the certification discovery motion path.  The parties agreed to mediate with another well-respected wage and hour mediator, Joel Grossman, Esq., and on November 15, 2012, conducted a full day mediation session with Mr. Grossman.  The parties were unable to arrive at a settlement after this second day of mediation, but remained open to continuing to work with Mr. Grossman to arrive at a settlement and have done so.

**IV.    Removal and Remand and Status Conferences**

This action was removed to Federal District Court by Defendants on August 1, 2012.  Plaintiff opposed removal and filed a Motion for Remand on August 30, 2012.  The Central District – Southern Division federal court granted Plaintiff's motion and ordered this action be remanded back to this original state forum on September 27, 2012.   This action was remanded and assigned to the omnibus calendar and then was restored to the case inventory of this honorable Court on October 22, 2012, and the Court then set a Status Conference for January 16, 2013.  The parties requested the Court continue that status conference to the present April 10, 2013 date so they could work to complete certification discovery, find common ground to avoid all possible discovery disputes or narrow those they disagree upon, and continue their informal resolution efforts.  The parties now request an additional 90 days continuance of the Status Conference so they can continue their efforts in these regards in the event the Court does not grant the parties' joint stipulation and request to transfer this action.

**V.    Motions to Transfer**

On March 4, 2013, the parties filed a Joint Stipulation and Request to Transfer this action from this Court to San Bernardino County Superior Court.   On March 7, 2013, the Court issued a minute order requesting that the parties resubmit the stipulation specifying a statutory basis for the requested transfer.  The parties did not intend to rely upon any particular statutory basis for transferring this action because the statutory grounds for venue transfer all pertain to a contested motion context.  (*See e.g.,* California Code of Civil Procedure, Sections 397-399).  The parties accordingly filed a second Joint Stipulation and Request to Transfer this action on March 22, 2013, without reference to any statutory basis for a contested transfer of venue.

In the second transfer stipulation, the parties clarified their intention was to stipulate to

3

1  transfer voluntarily by agreement of the parties, not under a statutory basis, and cited to the

2  Court authority for the parties' request from the Rutter Group practice guide in a supporting

3  Declaration of James Hawkins.   After reviewing the parties' second stipulation to transfer and

4  supporting declaration, the Court issued a second minute order on April 2, 2013 renewing its

5  request that the parties advise the Court as to "why San Bernardino is a proper venue for this

6  lawsuit."  The parties now do so.

7  **VI.    San Bernardino Is a Proper Venue for This Action**

8       The parties respectfully submit that San Bernardino County Superior Court is a proper

9  venue for this action given the corporate status and state-wide operational reach of Defendant

10  Compass Group USA, Inc.

11       Compass Group USA, Inc. operates across the United States, and is authorized to

12  conduct business in California and conducts operations and business in counties throughout

13  California, including San Bernardino.  Compass Group USA, Inc. is not a California corporation,

14  and is instead a Delaware company.  Compass Group USA's headquarters is in North Carolina,

15  not California. (See Attachment 1 – California Secretary of State Business Entity Detail Report

16  for Compass Group USA).  Accordingly, Compass Group USA, Inc., a foreign corporation, may

17  be sued in any county in the state, including San Bernardino County. (*See, e.g., Easton v.*

18  *Superior Court* (1970) 12 Cal.App.3d 243, 246–247, 90 Cal.Rptr. 642).  Compass also operates

19  several facilities in San Bernardino County and employs employees in said County.  For these

20  reasons, the parties submit that venue as to Compass Group, and in turn its sectors, is proper in

21  any county in the State of California, including San Bernardino County.

22  **VII.   Conclusion**

23       In view of the foregoing, the parties respectfully request that the Court grant their Joint

24  Stipulation and Request to transfer this action to the San Bernardino County Superior Court.

25       In the event the Court is not inclined to do so, the parties request that the Court set a

26  further status conference in this action in 90 days to give the parties time to complete

27  certification discovery, to narrow the scope of any discovery disputes that remain outstanding,

28  and continue in their efforts to informally resolve Plaintiff's claims against Defendants.

4

JOINT STATUS CONFERENCE REPORT – APRIL 10, 2013      Case No. 30-2010-00417438-CU-OE-CXC

1

2   Dated:   April 8, 2013                    Respectfully submitted,
                                             JAMES HAWKINS, APLC

3                                            */s/ James R. Hawkins*
                                             James R. Hawkins, Esq.
4                                            Alvin B. Lindsay, Esq.

5
                                             Attorneys for Plaintiff
6                                            Gerardo Mojica, on behalf of
                                             himself and all others similarly situated
7

8   Dated:   April 8, 2013                    Respectfully submitted,
                                             LITTLER MENDELSON, P.C.

9
                                             */s/ Douglas A. Wickham*
10                                           Nancy E. Pritikin, Esq.
                                             Douglas A. Wickham, Esq.
11                                           Michelle M. Holmes, Esq.

12
                                             Attorneys for Defendants
13                                           Compass Group USA , Inc., Bon Appetit Management
                                             Co., and Bon Appetit Management Company
14                                           Foundation

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STATUS CONFERENCE REPORT – APRIL 10, 2013        Case No. 30-2010-00417438-CU-OE-CXC

JAMES R. HAWKINS, Bar No. 192925
ALVIN B. LINDSAY, Bar No. 220236
JAMES HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
Telephone:    949.387.7200
Facsimile:    949.387.6676

Attorneys for Plaintiff GERARDO MOJICA, on behalf of himself and others similarly situated

DOUGLAS A. WICKHAM, Bar No. 127268
ANTHONY G. LY, Bar No. 228883
MICHELLE M. HOLMES, Bar No. 251386
LITTLER MENDELSON, P.C.
2049 Century Park East 5th Floor
Los Angeles, CA  90067.3107
Telephone:    310.553.0308
Facsimile No.:310.553.5583
E-mail:        dwickham@litter.com;
aly@littler.com; mholmes@littler.com

NANCY E. PRITIKIN, Bar No. 102392
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, California 94108.2693
Telephone:    415.433.1940
Facsimile No.:415.399.8490
E-mail:        nepritikin@littler.com

Attorneys for Defendants COMPASS GROUP USA, INC.,
BON APPETIT MANAGEMENT, CO. AND
BON APPETIT MANAGEMENT COMPANY FOUNDATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| GERARDO MOJICA, on behalf of himself and all others similarly situated<br><br>     Plaintiffs,<br><br>vs.<br><br>COMPASS GROUP USA, INC., a Delaware Corporation; BON APPETIT MANAGEMENT, CO., a California Corporation; BON APPETIT MANAGEMENT COMPANY FOUNDATION, a California Corporation and DOES 1 through 100, inclusive,<br><br>     Defendants. | Case No.  30-2010-00417438-CU-OE-CXC<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE:  KIM G. DUNNING<br>DEPT: CX-104<br><br>**ATTACHMENT 1 TO JOINT STATUS CONFERENCE REPORT**<br><br>Date:   April 10, 2013<br>Time:  10:00 a.m.<br>Dept.:  CX104<br><br>Original Complaint Filed:  October 18, 2010<br>First Amended Complaint: December 8, 2011 |

ATTACHMENT 1 TO JOINT STATUS CONFERENCE REPORT    Case No. 30-2010-00417438-CU-OE-CXC

# Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, April 05, 2013. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | COMPASS GROUP USA, INC. |
| Entity Number: | C1967263 |
| Date Filed: | 04/25/1996 |
| Status: | ACTIVE |
| Jurisdiction: | DELAWARE |
| Entity Address: | 2400 YORKMONT RD |
| Entity City, State, Zip: | CHARLOTTE NC 28217 |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| Agent Address: | 818 W SEVENTH ST |
| Agent City, State, Zip: | LOS ANGELES CA 90017 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Privacy Statement | Free Document Readers
Copyright © 2013   California Secretary of State

# EXHIBIT W

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
06/11/2013 at 02:03:03 PM
Clerk of the Superior Court
By Rachelle Forhane, Deputy Clerk

JAMES R. HAWKINS, Bar No. 192925
ALVIN B. LINDSAY, Bar No. 220236
JAMES HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
Telephone:    949.387.7200
Facsimile:    949.387.6676
Email:        james@jameshawkinsaplc.com
              al@jameshawkinsaplc.com

Attorneys for Plaintiff
GERARDO MOJICA, on behalf of
himself and all others similarly situated

DOUGLAS A. WICKHAM, Bar No. 127268
MICHELLE M. HOLMES, Bar No. 251386
ANTHONY G. LY, Bar No. 228883
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
Telephone:    310.553.0308
Facsimile:    310.553.5583
Email:        dwickham@littler.com
              mholmes@littler.com
              aly@littler.com

Attorneys for Defendants
COMPASS GROUP USA, INC., BON APPETIT
MANAGEMENT, CO., and BON APPETIT
MANAGEMENT COMPANY FOUNDATION

[**CONTINUED ON NEXT PAGE**]

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| GERARDO MOJICA, on behalf of himself and all others similarly situated, | Case No. 30-2010-00417438-CU-OE-CXC |
| | ASSIGNED FOR ALL PURPOSES TO THE HON. KIM G. DUNNING, DEPT. CX-104 |
| Plaintiffs, | |
| v. | **JOINT STIPULATION RE DISMISSAL WITHOUT PREJUDICE** |
| COMPASS GROUP USA, INC., a Delaware Corporation; BON APPETIT MANAGEMENT, CO., a California Corporation; BON APPETIT MANAGEMENT COMPANY FOUNDATION, a California Corporation and DOES 1 through 100, inclusive, | [FILED CONCURRENTLY WITH A MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JAMES R. HAWKINS; AND [PROPOSED] ORDER] |
| Defendants. | DATE ACTION FILED: OCTOBER 18, 2010 |

1    NANCY E. PRITIKIN, Bar No. 102392
2    LITTLER MENDELSON, P.C.
     650 California Street, 20th Floor
3    San Francisco, California 94108.2693
     Telephone:    415.433.1940
4    Facsimile No.:415.399.8490
     E-mail:       nepritikin@littler.com
5
     Attorneys for Defendants
6    COMPASS GROUP USA, INC., BON APPETIT
     MANAGEMENT, CO., and BON APPETIT
7    MANAGEMENT COMPANY FOUNDATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.

JOINT STIPULATION RE DISMISSAL WITHOUT PREJUDICE

Plaintiff Gerardo Mojica, on behalf of himself and all others similarly situated ("Plaintiff"), and Defendants Compass Group USA, Inc., Bon Appetit Management Co., and Bon Appetit Management Company Foundation (collectively, "Defendants"), by and through their counsel of record herein, subject to approval of the Court, stipulate and agreed to dismiss this action without prejudice (subject to the tolling and relation back agreement memorialized in this Joint Stipulation) as follows:

WHEREAS, on October 18, 2010, Plaintiff filed a purported wage and hour class action against Defendants, alleging causes of action for (1) Failure to pay Hourly Wages and Overtime Wages; (2) Failure to Provide Rest Periods and Meal Periods or Compensation in Lieu Thereof; (3) Failure to Timely Pay Wages; (4) Knowing and Intentional Failure to Comply With Itemized Employee Wage Statement Provisions; (5) Illegal Uniform Policies and Failure to Reimburse for Work Expenses; and (6) Violations of the Unfair Competition Laws;

WHEREAS, on December 8, 2010, Plaintiff filed a First Amended Complaint, which added a seventh cause of action for alleged violations of California's Private Attorneys General Act of 2004 Labor Code § 2698, *et. seq.*;

WHEREAS, on January 14, 2011, Defendants filed their Answer to the original Complaint, and, on January 21, 2011, Defendants filed their Answer to Plaintiff's First Amended Complaint. In the Answers, Defendants generally and specifically denied Plaintiff's claims and allegations of wrongdoing and asserted various defenses. Defendants also denied that this case is appropriate for class action treatment;

WHEREAS, from January 2011 to the present, the parties have engaged in fact-gathering and written discovery, formal and informal, directed toward class certification and liability issues. Counsel for the parties have participated in ongoing conferences regarding their positions and possible measures for amicable resolution of this matter and all discovery disputes. Among other things, the parties have exchanged and responded to initial formal written discovery requests, and have provided initial production of documents directed to class certification issues. In addition, with the intent of avoiding unnecessary motions to compel or other discovery motion practice, counsel for

3.

1    the parties have conferred as to the production of contact information and a listing of all potential

2    class members employed by Bon Appetit Management Co. ("BAMCO").   Counsel for the parties

3    have also worked together and agreed upon informal discovery items they would provide and

4    exchange in advance of mediation, and Defendants have produced a large number of documents

5    informally for both BAMCO and the other Compass Group sectors, including large samples of

6    timekeeping records.   Counsel for the parties continue to work together to explore the existence of a

7    sufficiently representative sampling of timekeeping records, to attempt to narrow and define any

8    discovery disputes which remain outstanding as to certification issues, and to discuss the scope of

9    the potential class for which discovery is appropriate;

10       **WHEREAS**, counsel for the parties worked together and mutually agreed upon the selection

11   of an experienced wage and hour and class action mediator to assist with the mediation of this case.

12   Ultimately, the parties selected Mark Rudy to facilitate the first mediation in this case and,

13   thereafter, the parties participated in a full day mediation session with Mr. Rudy in San Francisco on

14   June 26, 2012 but they were unable to arrive at a settlement at that time;

15       **WHEREAS**, after this action was removed to Federal District Court by Defendants on

16   August 1, 2012, Plaintiff filed a motion to remand this case back to state court.   After further

17   briefing, the federal court granted Plaintiff's motion and remanded this case back to this court on or

18   about September 2012.   Upon remand, this case was assigned to the omnibus calendar and was later

19   restored to the case inventory of this Court on October 22, 2012;

20       **WHEREAS**, after the removal and remand, the parties participated in a second mediation

21   session with another well-respected wage and hour mediator, Joel Grossman, on November 15,

22   2012.   However, after participating in a full day mediation session with Mr. Grossman, the parties

23   were still unable to reach an agreement but the parties remained open to continuing to explore

24   potential resolution;

25       **WHEREAS**, the parties subsequently attended a status conference in this case on April 10,

26   2013 and another status conference is scheduled in this case for July 10, 2013;

27

28

4.

1   **WHEREAS**, in March 2013, the parties filed a joint stipulation requesting a voluntary

2   transfer of this action but the Court denied the transfer request at the April 10, 2013 status

3   conference.  However, at the April 10 status conference, the Court suggested the parties were

4   entitled to stipulate to the dismissal of this action without prejudice and that Plaintiff was then free to

5   file (or refile) the present action in another court;

6   **WHEREAS**, with this Joint Stipulation Re Dismissal, the parties seek the Court's approval

7   of the voluntarily dismissal of this action without prejudice.  In so doing, however, the parties agree

8   that (1) the statute of limitations is and shall be tolled from the time immediately before the Court

9   approves any such dismissal to the date immediately following the filing or refiling of Plaintiff's

10  and the putative class's claims in another court; and (2) if and when such an action is filed or re-filed

11  by Plaintiff and the putative class, the claims of Plaintiff and the putative class that were not time-

12  barred as of the date this action was originally filed (on October 18, 2010) shall relate back to and be

13  deemed timely filed as of the original filing date;

14  **WHEREAS**, California Rule of Court ("CRC"), Rule 3.770 governs the dismissal of

15  putative class actions and provides as follows:

16  
17  A dismissal of an entire class action, or of any party or cause of action in a class action, requires
    court approval. The court may not grant a request to dismiss a class action if the court has
    entered judgment following final approval of a settlement. Requests for dismissal must be
18  accompanied by a declaration setting forth the facts on which the party relies. The declaration
    must clearly state whether consideration, direct or indirect, is being given for the dismissal and
19  must describe the consideration in detail.

20  
21  *See* Cal. R. Ct. 3.770(a).  As set forth in the concurrently filed Declaration of James R. Hawkins

22  ("Hawkins Decl."), a dismissal of this action is proper because (1) the Court has not ruled upon any

23  motion for class certification in this case, (2) the Court has not issued any class action related

24  discovery orders and no notices have been sent to the putative class in this case, (3) the Court has not

25  "entered judgment following final approval of a settlement" in this case, and (4) no "consideration,

26  direct or indirect, is being given for the dismissal." Hawkins Decl. ¶¶ 9-12.

27  **WHEREAS**, on the subject of whether notice should be given to the putative class regarding

28  this Joint Stipulation re Dismissal, CRC 3.770(c) provides as follows:

5.

**JOINT STIPULATION RE DISMISSAL WITHOUT PREJUDICE**

If the court has certified the class, and notice of the pendency of the action has been provided to class members, notice of the dismissal must be given to the class in the manner specified by the court. *If the court has not ruled on class certification, or if notice of the pendency of the action has not been provided to class members in a case in which such notice was required, notice of the proposed dismissal may be given in the manner and to those class members specified by the court, or the action may be dismissed without notice to the class members if the court finds that the dismissal will not prejudice them.*

*See* Cal. R. Ct. 3.770(c) (emphasis added).

WHEREAS, as set forth in the Hawkins Decl. and above, this action should be dismissed *without notice* to putative class members because the dismissal will not prejudice any members of the putative class. To the contrary, the claims of all putative class members are preserved as of the *status quo ante* from any adverse effects of the dismissal and any subsequent refilling of such claims because (1) the tolling agreement, and (2) the agreement confirming the relation back of all timely claims back to and as of the date this action was originally filed. Hawkins Decl. ¶ 11;

WHEREAS, for these reasons, the parties respectfully submit that this Joint Stipulation re Dismissal without prejudice complies fully with California Rules of Court 3.770 and California Code of Civil Procedure section 581;

NOW THEREFORE, subject to the approval of this Court, the parties, by and through their undersigned counsel of record, stipulate and agree that this entire action should be, and hereby is,

//

//

//

//

//

//

//

//

//

JOINT STIPULATION RE DISMISSAL WITHOUT PREJUDICE

1   dismissed without prejudice (subject to the parties' tolling and relation back agreements), without a

2   hearing and without notice to the putative class.

3       **IT IS SO STIPULATED.**

4

5   Dated: June ⧸⧸, 2013

              JAMES R. HAWKINS

6                 ALVIN B. LINDSAY

                JAMES HAWKINS, APLC

7                 Attorneys for Plaintiff

                GERARDO MOJICA on behalf of himself and

8                 all others similarly situated

9   Dated: June ____, 2013

10                DOUGLAS A. WICKHAM

                MICHELLE M. HOLMES

11               ANTHONY G. LY

                LITTLER MENDELSON, P.C.

12              Attorneys for Defendants

                COMPASS GROUP USA , INC., BON

13             APPETIT MANAGEMENT CO., AND BON

                APPETIT MANAGEMENT COMPANY

14             FOUNDATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT STIPULATION RE DISMISSAL WITHOUT PREJUDICE**

1   dismissed without prejudice (subject to the parties' tolling and relation back agreements), without a

2   hearing and without notice to the putative class.

3   **IT IS SO STIPULATED.**

4

5   Dated: June _____, 2013                           _____
                                                      JAMES R. HAWKINS
6                                                     ALVIN B. LINDSAY
                                                      JAMES HAWKINS, APLC
7                                                     Attorneys for Plaintiff
                                                      GERARDO MOJICA on behalf of himself and
8                                                     all others similarly situated

9   Dated: June _11_, 2013                            _____
                                                      DOUGLAS A. WICKHAM
10                                                    MICHELLE M. HOLMES
                                                      ANTHONY G. LY
11                                                    LITTLER MENDELSON, P.C.
                                                      Attorneys for Defendants
12                                                    COMPASS GROUP USA , INC., BON
                                                      APPETIT MANAGEMENT CO., AND BON
13                                                    APPETIT MANAGEMENT COMPANY
                                                      FOUNDATION
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.

**JOINT STIPULATION RE DISMISSAL WITHOUT PREJUDICE**

## PROOF OF SERVICE BY MAIL

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 9880 Research Center Drive, Suite 200, Irvine, CA 92618.

On June 11, 2013, I served the foregoing document described as,

- **JOINT STIPULATION RE DISMISSAL WITHOUT PREJUDICE**
- **MEMORANDUM IN SUPPORT OF JOINT STIPULATION RE DISMISSAL WITHOUT PREJUDICE; AND DECLARATION OF JAMES R. HAWKINS**
- **[PROPOSED] ORDER RE DISMISSAL WITHOUT PREJUDICE**

on *Interested Parties* in this action via

[XX] BY MAIL

(**XX**) I deposited such envelope in the mail at Irvine, California.  The envelope was mailed with postage thereon fully prepaid.

(**XX**) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| DOUGLAS A. WICKHAM, ESQ.<br>MICHELLE M. HOLMES, ESQ.<br>ANTHONY G. LY, ESQ.<br>LITTLER MENDELSON, P.C.<br>2049 Century Park East, 5th Floor<br>Los Angeles, CA  90067.3107 | NANCY E. PRITIKIN, ESQ.<br>LITTLER MENDELSON, P.C.<br>650 California Street, 20th Floor<br>San Francisco, California<br>94108.2693 |

Executed on June 11, 2013, at Irvine, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/ *Victor Barajas*
Victor Barajas

JAMES HAWKINS APLC
ATTORNEYS AT LAW

8.

JOINT STIPULATION RE DISMISSAL WITHOUT PREJUDICE

# EXHIBIT X

1   JAMES R. HAWKINS, Bar No. 192925
    ALVIN B. LINDSAY, Bar No. 220236
2   JAMES HAWKINS, APLC
    9880 Research Drive, Suite 200
3   Irvine, CA 92618
    Telephone:   949.387.7200
4   Facsimile:   949.387.6676
    Email:       james@jameshawkinsaplc.com
5                al@jameshawkinsaplc.com

6   Attorneys for Plaintiff GERARDO MOJICA, on behalf of
    himself and all others similarly situated
7
    DOUGLAS A. WICKHAM, Bar No. 127268
8   MICHELLE M. HOLMES, Bar No. 251386
    ANTHONY G. LY, Bar No. 228883
9   LITTLER MENDELSON, P.C.
    2049 Century Park East, 5th Floor
10  Los Angeles, CA  90067.3107
    Telephone:   310.553.0308
11  Facsimile:   310.553.5583
    Email:       dwickham@littler.com
12               mholmes@littler.com
                 aly@littler.com
13
14  Attorneys for Defendants
    COMPASS GROUP USA, INC., BON APPETIT MANAGEMENT, CO., and BON APPETIT
15  MANAGEMENT COMPANY FOUNDATION

16  [CONTINUED ON NEXT PAGE]

17              SUPERIOR COURT OF CALIFORNIA
                    COUNTY OF ORANGE
18

| 19 | GERARDO MOJICA, on behalf of himself and all others similarly situated | Case No.  30-2010-00417438-CU-OE-CXC |
|---|---|---|
| 20 | | ASSIGNED FOR ALL PURPOSES TO: |
| 21 | Plaintiffs, | JUDGE:  KIM G. DUNNING DEPT: CX-104 |
| 22 | | |
| 23 | vs. | **JOINT STIPULATION AND REQUEST TO CONTINUE OR VACATE STATUS CONFERENCE** |
| 24 | COMPASS GROUP USA, INC., a Delaware Corporation; BON APPETIT MANAGEMENT, CO., a California Corporation; BON APPETIT | |
| 25 | MANAGEMENT COMPANY FOUNDATION, a California Corporation and | DATE:  July 10, 2013 TIME:  10:00 a.m. |
| 26 | DOES 1 through 100, inclusive, | DEPT:  CX104 |
| 27 | | Original Complaint Filed: October 18, 2010 |
| 28 | Defendants. | First Amended Complaint: December 8, 2010 |

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

07/01/2013 at 11:19:00 AM
Clerk of the Superior Court
By Margaret M Demaria, Deputy Clerk

1  NANCY E. PRITIKIN, Bar No. 102392
   LITTLER MENDELSON, P.C.
2  650 California Street, 20th Floor
   San Francisco, California 94108.2693
3  Telephone:    415.433.1940
   Facsimile No.: 415.399.8490
4  E-mail:    nepritikin@littler.com

5  Attorneys for Defendants

6  COMPASS GROUP USA, INC., BON APPETIT
   MANAGEMENT, CO., and BON APPETIT
7
   MANAGEMENT COMPANY FOUNDATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

1   Plaintiff Gerardo Mojica, on behalf of himself and all others similarly situated

2   ("Plaintiff"), and Defendants Compass Group USA, Inc., Bon Appetit Management Co., and Bon

3   Appetit Management Company Foundation ("Defendants") hereby respectfully submit this Joint

4   Stipulation and Request asking the Court to either vacate or continue the Status Conference set

5   in this action on July 10, 2013 at 10:00 a.m. in Department CX104.   The parties respectfully ask

6   the Court to either vacate the Status Conference in connection with granting the parties'

7   requested dismissal of this action without prejudice, or in the alternative, continue the status

8   conference for 30 days.

9                          **JOINT STIPULATION AND REQUEST**

10          WHEREAS, this is a putative wage and hour class action filed on October 18, 2010

11   which has progressed through initial pleadings and the parties have been engaging in discovery,

12   both formal and informal, directed towards class certification issues, and the parties' counsels

13   have conducted ongoing conferences regarding the parties' positions and possible measures for

14   amicable resolution;

15          WHEREAS, this action was removed to Federal District Court by Defendants on August

16   1, 2012, Plaintiff opposed removal and filed a Motion for Remand on August 30, 2012, and the

17   Central District -- Southern Division federal court granted Plaintiff's motion and ordered this

18   action be remanded back to this original state forum on September 27, 2012;

19          WHEREAS, this action was remanded and assigned to the omnibus calendar and then

20   was restored to the case inventory of this honorable Court on October 22, 2012, and the Court

21   then set a Status Conference for January 16, 2013, which was continued, and the parties then

22   conducted a further status conference with the Court on April 10, 2013;

23          WHEREAS, the Court has denied the parties' requests to transfer this action, and then on

24   June 11, 2013, the parties submitted a Joint Stipulation re: Dismissal Without Prejudice

25   ("Stipulated Dismissal") and [Proposed] Order dismissing the action without prejudice, which is

26   still under submission for the Court's consideration;

27          WHEREAS, pursuant to the parties' pending Stipulated Dismissal, they respectfully

28

- 2 -

1   request that the Court sign and enter the [Proposed] Order on the Stipulated Dismissal thereby

2   dismissing this action without prejudice subject to the relation back and tolling provisions

3   detailed in the Stipulated Dismissal documents;

4        WHEREAS, if the Court does not reach the Stipulated Dismissal or otherwise requires

5   additional information before ruling on it before the July 10, 2013 Status Conference and does

6   not otherwise vacate the Status Conference, the parties respectfully request that the Court

7   continue the Status Conference for approximately 30 days to allow additional time for resolution

8   of the Stipulated Dismissal;

9        **NOW THEREFORE**, subject to the approval of the Court, the parties, by and through

10  their undersigned counsel of record, hereby stipulate and respectfully request that the Court

11  dismiss this action without prejudice pursuant to the Stipulated Dismissal and sign and enter the

12  [Proposed] Order of Dismissal to that end, or in the alternative, that the Court sign the

13  [Proposed] Order filed concurrently herewith continuing the Status Conference scheduled on

14  July 10, 2013 at 10:00 a.m. in Department CX-104 to August 14, 2013 at 10:00 a.m. in

15  Department CX-104, or to another date thereafter based upon the Court's calendar and

16  preference.

17       **IT IS SO STIPULATED.**

18  Dated:   June 28, 2013          Respectfully submitted,

19                                  JAMES HAWKINS, APLC

20                                  */s/ Alvin B. Lindsay*

21                                  James R. Hawkins, Esq.
                                Alvin B. Lindsay, Esq.

22                                  Attorneys for Plaintiff Gerardo Mojica, on behalf of
                                himself and all others similarly situated

23

24  Dated:   June 28, 2013          Respectfully submitted,
                                LITTLER MENDELSON, P.C.

25                                  */s/ Douglas A. Wickham*

26                                  Douglas A. Wickham, Esq.
                                Michelle M. Holmes, Esq.

27                                  Attorneys for Defendants Compass Group USA ,
                                Inc., Bon Appetit Management Co., and Bon Appetit

28                                  Management Company Foundation

- 3 -

# EXHIBIT Y

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CIVIL COMPLEX CENTER

### MINUTE ORDER

DATE: 07/02/2013                    TIME: 11:36:00 AM        DEPT: CX104
JUDICIAL OFFICER PRESIDING: Kim G. Dunning
CLERK: Antero Pagunsan
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: Nestor Peraza

CASE NO: **30-2010-00417438-CU-OE-CXC** CASE INIT.DATE: 10/18/2010
CASE TITLE: **Mojica vs. Compass Group USA, Inc.**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 71747810
**EVENT TYPE:** Chambers Work

**APPEARANCES**

There are no appearances by any party.

The court has received and reviewed the parties' "Joint Stipulation re Dismissal Without Prejudice" and the accompanying documents, including the declaration of plaintiff's counsel James Hawkins. The declaration appears to be incomplete and insufficient to support the request for dismissal. The court has not been provided with a basis to incorporate the parties' tolling agreement into any order for dismissal.

The matter is set for a status conference on July 10, 2013 at 10 a.m. The court orders counsel for both parties to be present in the courtroom on that date. Counsel may stipulate to another Wednesday at 10 am if necessary to ensure their physical appearance in the courtroom.

The clerk is directed to serve a copy of this minute order on all counsel.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

**SHORT TITLE:** Mojica vs. Compass Group USA, Inc.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:**<br>**30-2010-00417438-CU-OE-CXC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the Minute Order was mailed following standard court practices in a sealed envelope with postage fully prepaid as indicated below.
The mailing and this certification occurred at Santa Ana, California on 07/03/2013

Clerk of the Court, by: _~Agunsar FF.~_ _____, Deputy

LITTLER MENDELSON
650  CALIFORNIA STREET, 20TH FLOOR
SAN FRANCISCO, CA 94108

LITTLER MENDELSON
2049  CENTURY PARK EAST 5TH FLOOR
LOS ANGELES, CA 90067-3107

JAMES HAWKINS, APLC
9880  RESEARCH DRIVE, SUITE 200 DRIVE
IRVINE, CA 92618

---

CLERK'S CERTIFICATE OF SERVICE BY MAIL

Page: 1

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

# EXHIBIT Z

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CIVIL COMPLEX CENTER

## MINUTE ORDER

DATE: 07/10/2013      TIME: 10:00:00 AM     DEPT: CX104

JUDICIAL OFFICER PRESIDING: Kim G. Dunning
CLERK: Cheryl Henderson
REPORTER/ERM: Lisa Suzanne Rouly CSR# 9524
BAILIFF/COURT ATTENDANT: Heide Mahnke

CASE NO: **30-2010-00417438-CU-OE-CXC** CASE INIT.DATE: 10/18/2010
CASE TITLE: **Mojica vs. Compass Group USA, Inc.**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 71693731
**EVENT TYPE:** Status Conference

**APPEARANCES**
James B. Lindsay, from James Hawkins, APLC, present for Plaintiff(s) telephonically.
Douglas A. Wickham, from Littler Mendelson, present for Defendant(s).
Alvin B. Lindsay, Attorney At Law, present for the plaintiff

Status Conference held.

The Court inquired of counsel regarding the minute order the Court issued on 07/02/13.

Discussion between Court and counsel.

The request for dismissal is denied.

The Court set a Further Status Conference November 6, 2013.

Status Conference continued to 11/06/2013 at 10:00 AM in this department.

Court orders Douglas A. Wickham, counsel for the defendant, to give notice.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Josephine L. Staton _____ and the assigned Magistrate Judge is _____ Jean P. Rosenbluth _____ .

The case number on all documents filed with the Court should read as follows:

## SACV13-1754-JLS (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____ November 5, 2013 _____
Date

By  MDAVIS _____
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☒ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

COPY

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| GERARDO MOJICA | COMPASS GROUP USA, INC., BON APPETIT MANAGEMENT COMPANY, AND BON APPETIT MANAGEMENT COMPANY FOUNDATION |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| James R Hawkins, Gregory E. Mauro, Alvin B. Linday | Douglas A. Wickham    dwickham@littler.com |
| james@jameshawkinsaplc.com; al@jameshawkinsaplc.com | Michelle M. Holmes    mmholmes@littler.com |
| 9880 Research Drive, Suite 200, Irvine CA 92618 | LITTLER MENDELSON, P.C. |
| Telephone:  (949)387-7200 / Fax:  (949)387-6676 | 2049 Century Park East, Fifth Floor |
| | Los Angeles, CA  90067 |
| | Telephone:  (310) 553-0308 / Fax:  (310) 553-5583 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1331, 1332, 1441, AND 1446

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☒ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:  SACV13-1754

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☒ Yes

If yes, list case number(s): SACV12-1233 CJC (FMOx)

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes

If yes, list case number(s): CV13-00011DSF(AGRx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County - Gerardo Mojica | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware and North Carolina |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): DOUGLAS A. WICKHAM      Date November 5 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

Key to Statistical Codes Relating to Social Security Cases

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com