UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO MOJICA, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COMPASS GROUP USA, INC., a Delaware Corporation; BON APPETIT MANAGEMENT, CO., a California Corporation; BON APPETIT MANAGEMENT COMPANY FOUNDATION, a California Corporation and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 8:13-cv-01754 DSF (AGR)<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE** |

0

# ORDER

Plaintiff Gerardo Mojica ("Plaintiff"), on behalf of himself and all other similarly situated employees of Defendants Compass Group USA, Inc., Bon Appetit Management Co., and Bon Appetit Management Company Foundation ("Defendants") (collectively "the parties"), has filed an unopposed motion asking the Court to grant preliminary approval of the parties' Joint Stipulation of Class Action Settlement and Release ("Settlement" or "Settlement Agreement"), and also requesting the Court set a final approval hearing to determine the fairness of the Settlement.  The Court heard the preliminary approval motion on March 10, 2014, and lead counsel for the parties were present at the hearing and presented arguments.  The Court has considered the parties' Settlement Agreement, along with Plaintiff's Unopposed Motion for Preliminary Approval of the Settlement and the Memorandum of Points and Authorities, Declaration of James R. Hawkins, Declaration of Plaintiff Gerardo Mojica and the parties' Supplemental Memorandum and proposed revised Notice Packet documents, and the other documents filed in this Action, and finds good cause for issuing an Order preliminarily approving the parties' Settlement.

**THEREFORE, IT IS ORDERED:**

1. All defined terms contained herein shall have the same meanings as set forth in the Settlement;

2. The Class Representative and Defendants, through their counsel of record, have reached an agreement to settle all claims pending in this action on behalf of the Class as a whole;

3. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court conditionally certifies the following Class for settlement purposes only:

> All present and former persons employed by Compass and/or the Released Persons in a non-exempt position in food service locations/costs centers in California at any time from October 18, 2006 to the date of the Court's order granting preliminary approval of the settlement.

The Class excludes any former employees of Defendants who were members of the settlement classes in *Carreon v. Wolfgang Puck Catering and Events, LLC, et al.*, Los Angeles Superior Court Case No. BC398569, and/or *Calabro v. Wolfgang Puck Catering and Events, LLC, et al.*, Los Angeles Superior Court Case No. BC445269 during the relevant time periods of the releases, and/or who otherwise signed a general release in connection with their separation. Should the Settlement not become Final for any reason, the fact that the parties were willing to stipulate to certification of a class as part of the Settlement shall have no bearing on, and shall be inadmissible in connection with, the issue of whether a class should be certified in a non-settlement context.

    4. The Court appoints and designates: (a) Plaintiff Gerardo Mojica as the Class Representative; and (b) the firm of James Hawkins APLC as Class Counsel for the Class. Class Counsel is authorized to act on behalf of the Class with respect to all acts or consents required by, or which may be given, pursuant to the Settlement, and such other acts necessary to finalize the Settlement Agreement and its terms. Any Class Member may enter an appearance through his or his own counsel at such Class Member's own expense. Any Class Member who does not enter an appearance or appear on his or his own behalf will be represented by Class Counsel.

    5. The Court preliminarily approves the terms provided for in the Settlement, finding them to be fair, adequate, and reasonable and in the best interests of both the parties and the Class Members.

6. The Court preliminarily approves the Settlement and the Maximum Settlement Amount of $5,000,000, with the Net Settlement Amount being calculated by subtracting the following from the Maximum Settlement Amount: (1) Class Counsel's attorneys' fees -- subject to approval by the Court (not to exceed 33.33% of the Maximum Settlement Amount or $1,666,666); (2) Class Counsel's costs – subject to approval by the Court (not to exceed $50,000); (3) an Enhancement to be paid to Representative Gerardo Mojica – subject to approval by the Court (not to exceed $20,000); (4) $10,000 to be allocated to PAGA penalties with 75% ($7,500) to be paid to the LWDA – subject to approval by the Court; and (5) the Claims Administrator fees to ILYM Group – subject to approval by the Court (not to exceed $80,000). The Court further preliminarily approves the Minimum Class Member Payment Amount (or Floor) requiring Defendant to pay no less than twenty-five percent (25%) of the Net Settlement Amount to participating Class Members who submit valid Claim Forms ("Valid Claimants") without regard to the claims rate. The Court further preliminarily approves the formulas provided in the Settlement Agreement for calculating individual Settlement Payments, and the term requiring submission of valid Claim Forms by 60 days after the mailing of notice to the Class Members. Additionally, Defendants' employer share of payroll taxes (e.g. UI, ETT, Social Security and Medicare taxes) on individual Settlement Payments paid to the Valid Claimants are not a part of the $5,000,000 Maximum Settlement Amount, and Defendants' employer's share of payroll taxes shall be paid in the manner described in the Settlement Agreement.

7. The Court finds on a preliminary basis that the Settlement, including the Class Representative enhancement award, Class Counsel fees and costs, the claims administration fees and the allocation of payments to Valid Claimants, appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court. It appears to the Court on a

preliminary basis that the Settlement is fair, adequate and reasonable as to all potential Class Members when balanced against the probable outcome of further litigation relating to liability and damages issues.  It also appears that extensive and costly investigation, research and court proceedings have been conducted so that counsel for the parties are able to reasonably evaluate their respective positions.  It appears to the Court that settlement at this time will avoid substantial additional costs by all parties, as well as avoid the delay and risks that would be presented by the further prosecution of this class action.  It also appears that Settlement has been reached as a result of intensive, serious and non-collusive, arms-length negotiations.

8. A final approval hearing shall be held before this Court on _____, 2014 [July 28, 2014 is the Proposed Hearing Date] at Courtroom 840 of the United States District Court, Central District of California, Western Division, at 1:30 p.m. to determine all necessary matters concerning the Settlement, including whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement are fair, adequate and reasonable and should be finally approved by the Court and whether a Judgment should be entered herein.  At that time, a hearing on Class Counsel's motion for attorneys' fees and reimbursement of litigation costs and the Class Representative's enhancement award shall also be held.

9. The Court approves, as to form and content, the Class Notice and Claim Form and Request for Exclusion Form documents ("Notice Packet") to be sent to Class Members, which are attached as exhibits to the Settlement as Exhibits A, B, and C (as revised in accordance with the Court's instructions at the March 10 hearing).  The Court finds that distribution of the Class Notice and Claim Form to the Class Members substantially in the manner and form set forth in the Settlement and this Order is the best notice practicable under the circumstances and meets the requirements of due process, and shall constitute due

and sufficient notice to all parties entitled to notice.  The documents to be sent to all Class Members in the Notice Packet are deemed sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to or comment on the settlement, their right to receive an individual Settlement Payment, their right to opt out and not participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing, and the Notice Packet documents are therefore approved.

      10.    The Court appoints and designates ILYM Group as the Claims Administrator.  The Court directs the Claims Administrator to provide the approved Notice Packet documents to Class Members and administer the Settlement in accordance with the procedures set forth in the Settlement and this Order, including in conformance with the administration and final approval hearing schedule set forth below.

      11.    Any Class Member may choose to opt out of and be excluded from the Settlement as provided in the Settlement Agreement and Class Notice and by following the instructions for requesting exclusion.  Any person who timely and properly excludes himself/herself from the Settlement will not be bound by it or have any right to object to, appeal from, or comment on it.  Any request for exclusion must be signed by each such Class Member opting out.  Class Members who have not timely requested exclusion shall be bound by all determinations of the Court, the Settlement and the Judgment.  If a Class Member completes and submits both a valid Claim Form and an Exclusion Form, the Claim Form shall be accepted, the Exclusion Form shall be disregarded, and the claim will be paid to the Class Member, who will then become bound by the Judgment.

      12.    Any Class Member who does not submit an Exclusion Form may object to the Settlement or express his or her views regarding the fairness of the Settlement, and may present evidence and file briefs or other papers that may be proper and relevant to the issues to be heard and determined by the Court as

provided in the Class Notice. No Class Member, however, shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless on or before the Objection Deadline the Class Member or Person or his or her counsel submits a written notice of intention to appear at the final approval hearing to the Claims Administrator, and serves objections and notice on Class Counsel and Defense Counsel as provided in the Settlement and Class Notice. Any Class Member who does not make his or her objection in the manner provided for in the Settlement Agreement and Class Notice, including by the Objection Deadline of 60 days after the mailing of the Notice Packets, shall be deemed to have waived such objection and shall be foreclosed from making any objection to the Settlement.

13. Defendants must exercise any right to void the Settlement by no later than fourteen (14) calendar days after the Claims Administrator informs the parties of the number of valid Exclusion Forms and that number exceeds five (5) percent of the total Class Members, or if the Class Members' claims who submit Exclusion Forms cumulatively total more than 5% of the total claims.

14. The motion for final approval of the Settlement Agreement and awarding administration expenses shall be filed by Class Representative through Class Counsel no later than 28 days before the Final Fairness and Approval Hearing. Class Counsel will also file by no later than 10 days before the objection deadline its motion for attorneys' fees and costs and representative enhancement, to be heard concurrently with the final approval hearing.

15. On final approval and completion of administration, all Class Members who have not submitted requests for exclusion and the Class Representative will be deemed to have forever released and discharged the Released Claims applicable to them and waived their rights under California Civil Code § 1542 for the applicable Released Claims, as set forth and defined in the preliminarily approved Settlement Agreement.

16. The Court reserves the right to change or otherwise continue or advance the date of the Final Fairness and Approval Hearing and all dates provided for in the Settlement without further notice to the Class, and retains jurisdiction to consider further applications concerning the Stipulation.

17. The Court orders the following schedule of dates and administration milestones for the specified actions and further proceedings in this matter as agreed under the terms of the Settlement (proposed scheduled date for each event provided based upon a March 17, 2014 preliminary approval date):

| **Event** | **Timing** | **Proposed Date** |
| --- | --- | --- |
| Last day for Defendant to provide to Settlement Administrator a database of all Class Members, including names, last known addresses, and their individual work weeks | Within 15 days after entry of Court's Order granting preliminary approval of Settlement | April 1, 2014 |
| Notice Mailing Deadline - last day for Settlement Administrator to mail the Notice Packet (Notice and Claim Form and Exclusion Form) to Class Members | Within 10 days after Administrator receives Class Member information | April 11, 2014 |
| Reminder postcard mailing date – last day for the Administrator to send a reminder postcard to all Class Members who have not returned a claim form or exclusion form | Within 25 days after notice mailing deadline | May 6, 2014 |

7

| Event | Timing | Proposed Date |
|---|---|---|
| Deadline for Class Counsel to file its Motion for Attorneys' Fees, Costs, and Representative Enhancement (to be heard concurrent with hearing on motion for final approval) | Within 50 days after notice mailing deadline (10 days before objection deadline) | May 31, 2014 |
| Claim Deadline - last day for Class Members to postmark Claims Forms to be eligible to receive individual Settlement Payments | Within 60 days after notice mailing deadline | June 10, 2014 |
| Last day for Settlement Class Members to postmark a signed request for exclusion to exclude themselves from the Class and Settlement | Within 60 days after notice mailing deadline | June 10, 2014 |
| Last day of Notice Period for Settlement Class Members to postmark, file, and serve objections to the proposed Settlement to the Court and the parties' counsels | Within 60 days after notice mailing deadline | June 10, 2014 |
| Deadline for Claims Administrator to calculate the final individual Settlement Payments to be paid to each Valid Claimant in the Class and to provide the parties' counsels with a declaration regarding compliance with the notice | No later than 35 days before the Final Fairness and Approval Hearing | June 23, 2014 |

| Event | Timing | Proposed Date |
|---|---|---|
| procedures and administration numbers | | |
| Last day to file motion for final approval of Settlement, and motion for approval of Class Counsel's attorneys' fees and costs, and Class Representative service payment | 28 days before Final Fairness and Approval Hearing | June 30, 2014 |
| Final Settlement Fairness and Approval hearing | Approximately 130 days after Court grants preliminary approval | July 28, 2014 at 1:30 p.m. in Courtroom 840 |

**IT IS SO ORDERED.**

DATED:  March 14, 2014

_____
DALE S. FISCHER
United States District Judge

9